E-FILED
Tuesday, 14 December, 2004  03:10:02 PM
Clerk, U.S. District Court, ILCD

In the United States District Court
For the Central District of Illinois

Fabian Santiago
v.
Roger B. Walker Jr. et al.
Official and individual capacity

Civil No. 04-1429
Judge,

RECEIVED
DEC 13 2004
U.S. CLERK'S OFFICE
URBANA, IL

## Plaintiff's Complaint Under 42 U.S.C. Subsection 1983

Now comes Plaintiff Fabian Santiago, pro se and brings his complaint against the defendants named herein, and states as follows:

1. This is a civil action for monetary damages by Plaintiff, Fabian Santiago. Plaintiff seeks relief from defendants for subjecting him to retaliatory treatment in violation of his rights to due process and equal protection of the laws under the 1st, 5th, 8th, 9th, and 14th Amendments to the Constitution of the United States and Title 42 U.S.C. Subsection 1983, wherein Plaintiff claims that rights secured to him were violated by the above named defendants acting in their individual capacities under color of state law.

### Jurisdiction and Venue

2. Jurisdiction of this court is invoked pursuant to Art. IV, Subsection 2, Art. VI, Art. VII, 1st, 4th, 5th, 8th, 14th Amendment to the Constitution of the United States and in accordance with provisions of Title 28 U.S.C. Subsection 1343. This action arises under Title 42 U.S.C. Subsection 1983. Venue is proper in the Central District of Illinois since all actions happened this district.

3. Previous litigation regarding plaintiff's incarceration:

Fabian Santiago vs. Christopher Hughes, et. al.,
Civil Number: 99-CV-0237
Judge Ruben Castillo
Northern District of Illinois
Status: Settled on Nov. 17, 2000
This litigation involved prison guards allowing a brutal assault against plaintiff by another inmate.

---

Fabian Santiago vs. Jonathon Walls, et. al.,
Civil Number: 02-784-JPG
Judge J. Phil Gilbert
Southern District of Illinois
Status: Currently pending before the district court.
This litigation involves prison employee's carry out of using other inmates to assault plaintiff.

---

Fabian Santiago vs. Stephen Mote, et. al.,
Civil Number: 03-MR-135
Judge, Harold Frobish
Livingston County Court, Eleventh Circuit
Status: Currently pending before the Illinois Supreme Court.
This litigation involves seeking injunctive relief and an order of restraint to prevent any further assaults and acts of retribution against plaintiff. (Mandamus)

---

Fabian Santiago vs. Roger E. Walker, Jr. et. al.,
Civil Number: 04-MR-135
Judge, Charles Frank
Livingston County Court, Eleventh Circuit
Status: Currently pending before Livingston County Court.
This litigation involves seeking relief to invalidate an unlawful disciplinary conviction. (Mandamus)

2 of 17

A. EXHAUSTION OF GRIEVANCE PROCEDURE:

Plaintiff has exhausted all of his administrative remedies by filing all of his grievances to the Counselor, Grievance Officer, Warden, Administrative Review Board and Director, who in turn rubber stamped plaintiffs grievances denied.

Plaintiffs grievances of August 13, 2003, Sept. 21, 2003, Oct. 1, 2003, Oct. 3, 2003, Oct. 9, 2003, Nov. Jan. 30, 2004, March 3, 2004, March 15, 2004 were never addressed by the defendants who either claimed never to have received such grievances or that they (grievances) didn't exist. These actions were taken to prevent and thwart plaintiffs efforts to exhaust his administrative remedies.

<u>STATEMENT OF CLAIM</u>

5. On July 18, 2003 plaintiff was brutally assaulted by prison guards at the Hoard C.C. Brought up on completely false and disciplinary charges to justify the heinous assault and immediately transferred to the Pontiac C.C. Months later this incident would become the focus of an investigation by state and federal law enforcement to criminally indict the prison guards who assaulted and concealed the altercation.

6. On Aug. 7, 2003 plaintiff forwarded a nine (9) page emergency grievance regarding the incident of July 18, 2003, as well as various other incidents of assault and retribution at the Pontiac C.C. to the law library. Plaintiff requested four (4) copies of his grievance to forward such documentation to: U.S. Attorney, County Prosecutor, Attorney General. Plaintiffs request for additional copies was denied and only provided with one copies.

3 of 17

7. On Aug. 8, 2003, Plaintiff forwarded his emergency grievance to Warden Hobbs. On Aug. 9, 2003, Plaintiff received a stamped filed grievance indicating the matter would not be reviewed on an emergency basis.

8. On Aug. 10, 2003, Plaintiff forwarded his stamped filed grievance to the law library, requesting three (3) additional copies, because such copies were critical for Plaintiff's communication with law enforcement. Plaintiff also requested that law library staff provide Plaintiff with a mandamus form if law library staff continued to deny additional copies, so Plaintiff might file a petition with the Livingston County Court mandating a prison official to provide Plaintiff with such copies. On Aug. 13, 2003, Plaintiff was advised by law library staff that his mandamus face sheet grievance was returned, but Plaintiff never received such documentation back.

9. On Aug. 13, 2003, Plaintiff filed an emergency grievance dated Aug. 13, 2003 to Warden Hobbs stipulating that Plaintiff's nine (9) face grievance of July 26, 2003 was likely destroyed by law library staff and action needed to be taken to place an end to the practice of whether forwarding their legal material through the institutional mail and law library staff needed to be directed to Plaintiff with assistance. Plaintiff's grievance of Aug. 13, 2003 was never addressed by Warden Hobbs and no action was ever taken to place an end to such abuses, because Warden Hobbs was well aware of law library staff destroying such documentation and chose to condone such practices. These actions clearly demonstrate Warden Hobbs violation of Plaintiff's 1st, 4th, 9th, 14th amendment rights and equal protection of the laws.

4 of 17

10. Law library supervisor Mr. Mark G. Stencer, Ms. Tavia Rich, and Ms. Shalton Edem were known to engage in the practice of destroying the grievances and legal documentation of inmates. Plaintiff's grievance of July 30, 2003 was destroyed in order to prevent communication with law enforcement and out of retribution for plaintiff requesting a mandamus form to bring these matters to the attention of the Livingston County Court. Warden Mote was fully aware of such practices yet refused to take any corrective action, in order to conceal the misconduct of staff, the documentation of such abuses and to prevent inmates from seeking litigation against the I.D.O.C. These actions clearly demonstrate a violation of 1st, 4th, 5th, 9th, 14th Amendment right and equal protection of the laws, which plaintiff was entitled to, by all of the above mentioned defendants.

11. On Sept. 3, 2003 plaintiff attempted to forward to his relatives a petition of mandamus seeking various injunctive relief against Harrison officials at the Pont.A.C.C.C. Plaintiff's petition of mandamus to the Livingston County Court never was forwarded out of the institution. C/O McBrinny who worked the cellhouse cage and was known to boast about the destruction of inmate mail, openly destroyed plaintiff's pleadings. Warden Mote was fully aware of C/O McBrinny's acts of misconduct, yet refused to place an end to such abuse in order to conceal such misconduct, prevent the documentation of such incidents and litigation against the I.D.O.C. These actions clearly demonstrate denial of access to the court, equal protection of the laws, and a violation of plaintiff's 5th, 1st, 4th, 9th, and 14th Amendment rights by the above mentioned defendants. (Plaintiff had forwarded his petition of mandamus to relatives, so relatives might forward the petition before filing fee payment and petition to the Livingston County Court.)

12. Plaintiff filed a grievance dated Oct. 21, 2003 regarding the mishandling and destruction of plaintiff's mailing and being denied his right to petition the Livingston County Court seeking injunctive relief against various officials and employees at the Pontiac C.C. to prevent the withholding of destruction of mail and an order of restraint. Counselor Wobiga was Grievance Officer S. Tenorla, Warden Mote, Ms. Sherry Hill of the Administrative Review Board and Director Roger E. Walker, Jr. reviewed plaintiff's grievance, refused to take corrective action to insure plaintiff's grievances, legal documentation, etc. were no longer destroyed or withheld and set out to conceal such abuses because of the liabilities involved and because plaintiff had sought litigation in the past against the I.D.O.C. These factors clearly demonstrate the intention of all of the above mentioned defendants to deliberately set out to deny plaintiff access to the court, equal protection of the laws and in violating plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

13. On Sept. 21, 2003 plaintiff filed an emergency grievance directly to Warden Stephen Mote praffling the fact that plaintiff's grievances, legal documents, etc and mailings in general were being destroyed, that plaintiff had (re-written) a second petition and mandamus to be filed with the Livingston County Court and Warden Mote needed to take the necessary steps to insure plaintiff's petition was forwarded out of the facility. Considering that plaintiff initial petition was never forwarded out of the facility, plaintiff's grievance of Sept. 21, 2003 was never responded to by Warden Stephen Mote and more than likely destroyed in order to prevent the documentation of such abuse and to conceal such ongoing misconduct. These factors clearly demonstrate the defendants' intent to deny plaintiff equal protection of the laws and in violation of plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

14. On Sept. 24, 2003 Plaintiff attempted to forward his second re-written Mandamus petition to the Livingston County Court seeking injunctive against Warden Mote and various other employees at the Pontiac C.C. Plaintiff's petition to the Livingston County Court never left the facility and was more than likely destroyed by C/O McBerney who worked the cellhouse cage where all mail was stored. Plaintiff had just filed an emergency grievance to Warden Mote dated Sept. 21, 2003 informing Warden Mote Plaintiff was attempting to forward such a petition out of the facility, which clearly demonstrates that Warden Mote was condoning by allowing or sanctioning the destruction of Plaintiff's mailings. These factors obviously support all of the above mentioned defendants deliberate intentions of denying Plaintiff access to the court, denial of equal protection of the laws and in violation of Plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

15. On Sept. 28, 2003 Plaintiff attempted to forward a certified letter to the Livingston County Prosecutor's office outlining incidents of assault and retribution against Plaintiff by prison guards. Plaintiff's letter to the County Prosecutor's office never was forwarded out of the facility and was more than likely destroyed by C/O McBerney who worked the cellhouse cage where all mail was stored. Warden Mote, M.S. Hite of the Administrative Review Board and director Roger B. Walker Jr. were fully aware of the wide spread practice of the destruction of grievances, legal documents, etc. by prison staff, yet refused to take corrective action and allowed such misconduct to continue in order to conceal and prevent the documentation of such abuse. These factors clearly demonstrate the intentions of all of the above mentioned defendants to deliberately deny Plaintiff equal protections of the laws and in violation of Plaintiff 1st, 4th, 5th, 9th, and 14th Amendment rights.

16. On Oct. 1, 2003 Plaintiff forwarded an emergency grievance directly to the grievance officer outlining ongoing incidents of the destruction of mail and that Plaintiff had attempted to forward out of the facility two (2) petitions to the Livingston County Court which never left the facility. Plaintiff never received a response to his grievance of Oct. 1, 2003 because the grievance officer Warden Mote, M.S. Shelly Hill of the Administrative Review Board and Director Roger B. Walker II were already well aware of the practice and were refusing to take corrective action in order to conceal and prevent the documentation of such widespread abuse. These factors clearly demonstrate the deliberate intentions of all of the above mentioned defendants to deny Plaintiff equal protection of the laws and in violation of Plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

17. Plaintiff filed a grievance dated Oct. 3, 2003 to his counselor Mr. Wesley Wiles regarding Warden Mote concealing of Sanctioning staff (% McDermitt) intercepting and destroying Plaintiff's mailings. That on or about Oct. 24, 2003 Plaintiff attempted to forward a second re-written petition to the Livingston County Court seeking injunctive relief as well as two (2) packages to: the U.S. Supreme Court and Attorney Generals Office which never left the facility. And ongoing mishandling of mail etc. Plaintiff never received his grievance back from Counselor Wiles because the Counselors, grievance officers, Warden Mote, M.S. Shelly Hill of the Administrative Review Board and Director Roger B. Walker II were all aware of the widespread practices yet were refusing to place an end to such abuse in order to conceal and prevent the documentation of such misconduct. These factors clearly demonstrate the deliberate intentions of all of the above defendants to deny Plaintiff equal protection of the laws and in violation of Plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

18. Plaintiff filed a grievance dated Oct. 9, 2003 stipulating that Plaintiff filed an emergency grievance directly to Warden Hosey's office dated Sept. 2, 2003 regarding C/O's Mitchell's acts of retaliation against Plaintiff. Yet Plaintiff never received a response to his grievance of Sept. 2, 2003. Plaintiff outlined in his grievance of Oct. 9, 2003 that he had also attempted to forward out of the facility an initial then a re-written petition to the Livingston County Court, a petition to the U.S. Supreme Court, a package to the Attorney General and a letter to Plaintiff relatives which never left the facility. Plaintiff personally brought these matter to the attention of Major Feurey and Counselor Wiles. Plaintiff never received a response to his grievances of Sept. 2, 2003, of Oct. 9, 2003. So it was obvious Major Feurey, Counselor Wiles and Warden Hose were concealing and setting out to prevent the documentation of such abuse. Plaintiff had already brought such misconduct to the attention of Ms. Sherry Hite of the A.P.J. and director Roger B. Walker, Jr. through grievance of Oct. 21, 2003 and a letter to the director. Yet these officials were refusing to take corrective action and working in collaboration to conceal and prevent the documentation of such misconduct, which clearly demonstrates the deliberate intent of all of the above mentioned defendants to deny Plaintiff access to the court, equal protection of the laws, and in violation of Plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

19. Plaintiff filed a grievance dated Oct. 10, 2003 stipulating that Plaintiff had not received his grievance of Oct. 3, 2003 from Counselor Wiles. That Plaintiff's mailings in general, grievances, letters to relatives, petition to Livingston County Court, legal documents to U.S. Supreme Court and Attorney General were being intercepted and prevented from leaving the facility. Ect. Plaintiff's grievance of Oct. 10, 2003 was responded to by Counselor Emil Puskin, grievance officer T. Hastings, Warden Hose, Ms. Sherry Hite of A.P.J. and director Roger B. Walker, Jr. These officials were refusing to take corrective action and working in collaboration to conceal such practices, which resulted in even further incidents in the obstruction of grievances

and mailings in general, which clearly demonstrates the deliberate intent of all of the above defendants deliberate intent to deny plaintiff access to the court, equal protection of the laws and in violation of plaintiffs 1st, 4th, 5th, 9th, and 14th Amendment rights.

20. Plaintiff filed a grievance dated Dec. 29, 2003 regarding a legal package from the U.S. Supreme Court being opened, read and inspected outside of plaintiffs presence, plaintiff receiving a package and 50.00 dollar money order from relatives that was not delivered to plaintiff for a month because the mail room supervisor (Ms. Mateo Hec.) and her staff were refusing to deliver such mail within a reasonable time period, library staff demanding plaintiff forward his legal documents through the institutional mail then destroying and claiming not to have received such documentation and of counselor Wiles intreading of preventing plaintiffs efforts to exhaust his administrative remedies. Grievance officer Ms. Dennison Melvin reviewed plaintiffs grievance of Dec. 29, 2003 and indicated plaintiffs grievance of Oct. 3, 2003 had been received by the grievance office, yet plaintiff never received a response to his grievance of Oct. 3, 2003. Plaintiffs grievance of Dec. 29, 2003 was reviewed by counselor W. Wiles, grievance officer Ms. Dennison Melvin, warden Hulk, Ms. Sherry HUB director Roger E. Walker Jr. yet these officials refused to take corrective action and simply rubber stamped plaintiffs grievance denied because of the liabilities involved, which resulted in even further instances of the destruction or withholding of plaintiffs grievances and mail. These factors clearly demonstrate the deliberate intent of all of the above mentioned defendants to deny plaintiff equal protection of the laws and in violation of plaintiffs 1st, 4th, 5th, 9th, and 14th Amendment rights.

21. Plaintiff filed a grievance directly to warden Hulk regarding plaintiffs suspicion that internal affairs may of been reviewing the mailings of plaintiff because plaintiff was cooperating with state and federal law enforcement to indict prison guards

who brutally assaulted plaintiff. Adding to the delay of the delivery of plaintiffs mailings, the mishandling of plaintiffs legal documents and filing fee payment to the court, and of publications from Edward R. Hamilton Bookseller being delivered to plaintiff over a month from the post mark date because the mail room supervisor (Ms. March HCS) (Mr. Ies AHCUF) of the Publication Review Committee, and (Mr. Pots) of personal property were refusing to perform their duties and deliver plaintiffs publications and mail in general in a reasonable period of time. Plaintiff would also forward various letters to the head of Internal Affairs (Coffey Wilson) informing Mr. Wilson that there was an exploitation of the grievance procedure and the forward out and delivery of mail. Mr. Coffey Wilson, Counselor Wesley Wiley, Grievance Officer Jennifer McGinn, Warden Hulk, Ms. Sherry Hile of A.R.B. and Director Roger E. Walker Jr. were all well aware of plaintiffs grievances, mail in general, legal documentation, etc. being destroyed or unreasonably withheld, yet refused to take corrective action and sought out to conceal such abuses. Plaintiffs grievance of Jan. 30, 2004 was never ever responded to by Warden Hulk. These factor clearly demonstrate the deliberate intent of all of the above mentioned defendants to deny plaintiff equal protection of the laws and in violation of plaintiffs 1st, 4th, 5th, 9th, and 14th Amendment Rights.

22. Plaintiff filed a grievance dated March 3, 2004 to Warden Hulk stipulating that plaintiff had forwarded four (4) letters to his relatives requesting that plaintiffs relatives attempt to obtain counselor/attorney for plaintiff, in order to seek redress for for abuses committed by prison officials. Plaintiffs letters to his relatives never left the facility, because plaintiff was attempting to seek litigation against prison officials and plaintiff was cooperating with state and federal law enforcement to indict prison guards who brutally assaulted plaintiff. Plaintiffs letters to his relatives were more than likely destroyed by C/O McBerman who was known to destroy the mailings of inmates and who work the cellhouse C/H/S where all mail was

stated. Plaintiff forwarded several letters to Warden Hulick complaining about his mailings being prevented from leaving the facility. Warden Hulick then directed Asst. Warden Mitchell Aguinis to have Plaintiff's cell completely stripped of all property which was carried out by C/O Dodds (C/O Dodds would also carry out other acts of retribution against Plaintiff later). Plaintiff never received a response to his letters of grievance or March 3, 2004. These factors clearly demonstrate that these actions were out of retribution towards Plaintiff for continually reporting staff misconduct and seeking litigation against the I.D.O.C. Counselor Wesley Wiles, Grievance Officer Jennifer Hewitt, Warden Hulick, Mr. Coppel Wilson of I.A. Ms. Sherry Hile of A.R.B., and Director Roger E. Walker, Jr. were all well aware of Plaintiff being systematically targeted for retribution and having his mailing and legal documents destroyed or witheld, yet refused to take corrective action and sought to conceal such abuses. This obviously supports the deliberate intent of all of the above mentioned defendants intent to deny Plaintiff access to the court, equal protection of the laws, and in violation of Plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

23. Plaintiff filed a grievance date March 15, 2004 regarding a pervasive exploitation of the grievance procedure and institutional mailing system and of Plaintiff's mailings continually being mishandled. This grievance of March 15, 2004 was reviewed by Counselor McNabb, Grievance Officer Katina Levingston, Warden Hulick and Ms. Sherry Hile of A.R.B. yet Ms. Hile refused to conduct a formal review of the matter and simply issuing a memo claiming Plaintiff could not grieve an issue effecting numerous inmates. Plaintiff clearly stipulated in his grievance of March 15, 2004 that he had not received a response to his grievances of Oct. 9, 2003 - Dec. 29, 2003 - Jan. 30, 2004 - March 3, 2004 yet none of the above mentioned official took any action to insure such grievances were addressed. This factors clearly demonstrate the deliberate intentions of all of the above

mentioned defendants to conceal, disregard and thwart plaintiff's efforts to exhaust his administrative remedies. Which clearly constitute denial of access to the court, equal protection of the laws and is violation of plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

24. Plaintiff filed a grievance dated May 7, 2004 stipulating that plaintiff attempted to forward a letter to his relatives which was returned back to plaintiff by mail room staff indicating that there was no letter in the envelope. Plaintiff's letter to his relatives was more than likely destroyed by C/O McBerney who was known to destroy the mailings of inmates and who worked the cellhouse cage where all mail was stored. Plaintiff would also also obtain a trust fund account audit which indicated plaintiff's relatives had forwarded him $50.00 yet plaintiff never received notification of the package and letter which plaintiff's relatives sent the funds in. Plaintiff later learned his relatives sent him a package containing magazines, a letter and the funds. Such publications, etc. are processed by the mail room supervisor (Ms. Harge, ABC.) and her staff and JSP Andor of the publication review committee who more than likely destroyed publications and letter from relatives. Plaintiff's grievance of May 7, 2004 was reviewed by counselor Acuff, grievance officer B. Walker Jr. and Warden Moti, Ms. Sherry Hile of A.R.B. direct- or Roger E. Walker Jr. and Cortez Wilson of I.A. who were all aware of plaintiff being targeted for retribution for reporting staff misconduct and seeking litigation against the I.D.O.C. yet these officials refused to take corrective action and sought to conceal such abuse. These clearly demonstrate the deliberate intention of all of the above mentioned defendants to deny plaintiff equal protection of the laws and is violation of plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

25. Plaintiff filed a grievance dated June 6, 2004 in which C/O Paul returned a letter back to plaintiff, because C/O McBerney who

13 of 17

wanted the cellhouse cage were all mail was stored refused to forward plaintiff's letter out of the facility. Plaintiff's letter was to his relatives requesting that his relatives attempt to obtain legal counsel to initiate litigation against officals at the Pontiac C.C. for these abuses and acts of retribution against plaintiff. Plaintiff's grievance of June 4, 2004 was reviewed by counselor McNabb and grievance officer C. Nevin, who claimed they were unable to read plaintiff's handwriting, despite these officals having reviewed various other handwritten grievances by plaintiff in the past. Ms. Shortly Hite of the A.R.B. also refused to review this matter claiming plaintiff needed the grievance officer's response. Counselor McNabb, grievance officer Cattie Nevin, warden Hose, Ms. Shortly Hite of the A.R.B. and director Roger E. Walker, Jr. were all fully aware of plaintiff's grievances, mailings, legal documentation being destroyed or prevented from leaving the facility, yet instead of taking corrective action these officals sought bogus excuses to deny plaintiff's grievances in order to conceal staff misconduct because of the liabilities involved. These factors clearly demonstrate the deliberate intent of all of the above named defendants deliberate intent to deny plaintiff access to the courts, equal protection of the laws and in violation of plaintiff's 1st, 4th, 5th, 9th, and 14th amendment rights. (This grievance would later be given a final response by officals)

26. Plaintiff initially filed a grievance dated June 29, 2004 stipulating that plaintiff had issued payment in the amount of $50.00 for twelve magazines to Taber Wilds publication and that the vendor had notified the plaintiff that his publications had been forwarded to the facility over a month ago, yet plaintiff having yet to receive his publications. On July 10, 2004 plaintiff received notification from Mr. Isby ascot of of the publications review committee that two(2) of publications needed to be forwarded out of the facility and plaintiff complied, which should of prompted Mr. Asdor to forward plaintiff's remaining ten (10) magazines, yet the ten (10) remaining magazines were withheld

14 of 17

And when Mr. Andor was made aware that Plaintiff was persuing his grievance of June 29, 2004 Plaintiff was retaliated against and had the remaining ten (10) magazines confiscated. Plaintiff outlined these actions in his grievance of July 16, 2004 and Ms. Emily Ruskin (Grievance Officer) tried to conceal the matter claiming Plaintiff was not being retaliated against because the remaining ten (10) magazines stemed from a separate order, dispite all twelve (12) publications stemming from one 50.00 order. This matter was reviewed by Counselor McNabb, Grievance Officer Emily Ruskin, Warden Hulick, Ms. Sherry Hile of the A.R.B. and Director Roger E. Walker, Jr. who were all fully aware of Plaintiff being retaliated against for reporting staff misconduct and seeking litigation against the I.D.O.C. yet set out to conceal instead of placing an end to such abuse. These factors clearly demonstrate the deliberate indifference of all of the above named defendants to deny Plaintiff equal protection of the laws and in violation of Plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment Rights.

27. Plaintiff attempted to forward two (2) letters to Chicago Tribune and U.S.A Today News (Media) outlining widespread corruption throughout the I.D.O.C. Plaintiff's mailings were never forwarded out of the facility and were more than likely destroyed by C/O McBerney who was known to destroy inmate mail and who worked the mailhouse cage where all mail was stored. Plaintiff then forwarded one of his letter addressed to the Chicago Tribune to Warden Hulick requesting that Warden to insure Plaintiff's mailings were being destroyed and prevented from leaving the facility. Yet Warden Hulick withheld and refused to send out Plaintiff's letter for a month untill Plaintiff filed a grievance dated July 29, 2004. This matter was reviewed by Counselor McNabb, Grievance Officer Tim Gilly, Warden Hulick, Ms. Sherry Hile of A.R.B., Director Roger E. Walker, Jr. who were all fully aware of Plaintiff being retaliated against and having his mailings etc. destroyed, yet refused to take corrective action and instead,

15 of 17

sought to conceal such misconduct. These factors clearly demonstrate the deliberate intent of all of the above named defendants to deny plaintiff equal protection of the laws and is violation of plaintiff's 1st, 4th, 5th, 9th, and 14th Amendment rights.

28. The accounts outlined in this petition clearly demonstrate that all of the defendants named herein set out to exploit the law library, grievance process, and institutional mailing system to conceal or prevent the plaintiff from establishing his administrative remedies and documenting staff misconduct, bringing such matters to relatives of news organizations, etc., and seeking litigation against the I.D.O.C. Plaintiff's petition to the Livingston County Court had to be re-written for the third (3rd) time and was not filed with the court untill Nov. of 2003.

29. Although many of plaintiff's grievances, documentation letters, etc. were distroyed or left unanswered, plaintiff will be able to obtain by numerous grievances, complaints, incident reports, etc. filed by other inmates threw discovery to further support this was a pervasive practice by the defendants to retaliate and deter inmates from reporting staff misconduct, let alone bringing such matters before the courts, which resulted in plaintiff being continually subjected to numerous such incidents.

30. Plaintiff went above and beyond his requirement to exhaust his administrative remedies with regard to any and all grievances which were not reviewed by defendants and although many of these grievances were distroyed plaintiff maintained copies of some of these grievances such as: Oct. 9, 2003 - Jan. 30, 2004 - March 3, 04 - June 2, 2004. And plaintiff personally spoke of or written letter to his assigned counselors, grievance officers, warden Hale, and director roger B. Walker, Jr., Correy Wilson of Internal Affairs yet these officials refused to insure that such grievances were addressed.

16 of 17

## Relief Being Requested

Because of the retaliatory abuse plaintiff was subjected to by the defendants, plaintiff suffered emotional distress, severe headaches, nausea, sleeplessness, shock that such retribution was so prevalent against him, humiliation and embarrassment of having to inform his relatives of such misconduct, and mental anguish and depression and fear of continual reprisal. Plaintiff is seeking an unspecified amount of damages to be reached by a jury verdict for actual monetary, compensatory, pain and suffering and punitive damages.

---

I, Fabian Santiago, hereby declare under penalty of perjury that the statements contained herein are true and correct in substance and fact, under titles 28 U.S.C. subsection 1746 and 18 U.S.C. subsection 1621.

---

(Plaintiff is requesting trial by jury)

Respectfully submitted,

By/s/ _____

Fabian Santiago
#B-79716
Box 99
Pontiac, IL 61764

Executed on Oct. 15, 2004

17 of 17