In the United States District Court
for the Central District of Illinois

FABIAN SANTIAGO

vs.

Roger E. Walker, Jr. et al.

Civil No. 04-1429

RECEIVED
DEC 13 2004
CLERK'S OFFICE
URBANA, ILL

Plaintiff's Memorandum of Law in Support of
Plaintiff's Complaint Under 42 U.S.C. Subsection 1983

Now comes Plaintiff, Fabian Santiago, Pro Se and Files this Honorable Court of Law Plaintiff's Memorandum of Law and Submit this Pleading into the Court Record. In Support thereof, Plaintiff States as follows:

Accounts of Misconduct by Defendants

1. Plaintiff is seeking damages from the Defendants for unreasonably delaying the delivery of or destroying the grievances, letters to relatives and media, legal documents to the Court, books and publications of Plaintiff out of retribution for Plaintiff reporting Staff Misconduct.

2. Plaintiff's grievances of Aug. 13, 2003 – Sept. 21, 2003 – Oct. 1, 2003 – Oct. 3, 2003 – Oct. 9, 2003 – Jan. 30, 2004 – March 3, 2004 never were answered by the Defendants and more than likely destroyed. Plaintiff's submission of case law regarding the impeding of retribution of prison

1 of 5

officials against inmates who attempt to exhaust there administrative remedies.

3. The Seventh 7th Circuit held that when prison officials fail to respond to administrative remedies those remedies are rendered unavailable and deemed exhausted under P.L.R.A. The Reached this conclusion because it refused to interpret the P.L.R.A. so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances. Gibson V. West, 201 F.3d 990, 994 (7th Cir. 2000)

4. Dewalt V. Carter 224 F.3d 607 (2000)(7th Cir. Ill.) No. 98-2415 [16] Constitutional Law Key 328 92K328 Most Case Cited Prisoner has a constitutional right to access to the court that By Necessity, Includes the Right to Pursue the Administrative Remedies which must be exhausted before prisoner can seek relief in court. [17] Prison Key 4(5) 310K4(5) Most Cited Cases Prison officials may not retaliate against prisoner because that prisoner filed a grievance, this is so even if the adverse action does not independently violate the constitution.

5. Koch V. Lewis 96 F. Supp. 2d 949 (D. Ariz. 2000) Prison Key 4 (10.1) Retaliation against prisoner for exercising his legal right to file grievances may interfere with prisoners right to meaningful access to the court. Valander V. Boeteher, 866 F.2d 1135 1137-38 (9th Cir. 1989) Barrett V. Centoni, 31 F.3d 813 (9th Cir. 1994) Lewis V. Cook County Department of Corrections F. Supp. 2d 1073 (N.d. Ill 1998) Floyd V. Nelson, 2002 WL 1483896, 7th (N.d. Ill. Jul 11, 2002) (No. 00 C ▓▓▓▓ 1079)" HN: 23, 24, Fillmore V. Page, 358 F.3d 496, 504 + (7th Cir.(Ill.) Feb 18, 2004)(No. 02-3268) HN: 23, 24, 25 (F.3d)

2 of 5

6. Plaintiff's 1st and 2nd petitions to the Livingston County Court, petition to the U.S. Supreme Court and Attorney General's office (criminal case), letters to relatives and media, books and adult magazines were either unreasonably withheld or prevented from leaving the facility out of retribution towards plaintiff for reporting staff misconduct and attempting to deny litigation against officials at the Pontiac C.C.

7. Some courts have held that there is a constitutional right to have mail promptly delivered or forwarded. Nicholson v. Choctaw County, Ala. 498 F. Supp. 295, 311 (S.D. Ala. 1980); Taylor v. Leidig, 484 F. Supp. 1330, 1332 (D. Colo. 1980); Sherman v. McDougall 656 F.2d 527, 528 (9th Cir. 1981) approving a rule requiring delivery within 24 hours.

8. Procunier v. Martinez, 416 U.S. 396, 413 (1974) the Supreme Court established that prison officials may not censor inmate correspondences simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements. Thornburgh v. Abbott, 490 U.S. 401 (1989), limited Martinez to outgoing mail and explained that it did not require a "least restrictive means" test. But the court also made the telling point that what a prisoner sends to the outside world, aside from escape plans or contraband of the likes does not impact prison security: We do not believe Martinez ... subjects the decisions of prison officials to a strict least restrict means test. Martinez required no more than that a challenged regulation be generally necessary to a legitimate contentual interest. 416 U.S. at 414 94 S.ct. at 1812 ... Our rejection of the regulation resulted not from a least restrictive means but from our recognition that the regulated activity central at issue in that case - outside mail from prisoners did not pose a serious threat to prison security. Moore v. Miller 1997 WL 269595 (N.D. Ill.) Case No. 96 C 1347

3 of 5

9. A person whose civil litigation has been thwarted need only show that he had a non-frivolous claim, since arguable civil claims are bought and sold in litigation all the time. Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998). Plaintiff did not seek damages in his Mandamus Petition to the Livingston County Court, simply injunctive relief and an order of protection to prevent any further assaults, retribution and destruction of mail, but these are clearly arguable claims.

10. Plaintiff re-wrote a second petition to the U.S. Supreme Court which was served on the Attorney General's Office. Although plaintiff did not succeed in his criminal case litigation he may still recover damages under Dewalt v. Carter, 224 F.3d 607 (7th Cir. 2000) considering that plaintiff's 1st and 2nd petition to the Livingston County Court and initial petition to the U.S. Supreme Court were distroyed out of retribution for reporting staff misconduct and attempting to seek litigation against official at the Pontiac C.C. Plaintiff may surely recover damages for the retrisal itself.

11. Dewalt v. Carter 224 F.3d 607 (7th Cir. 2000) [18] Civil Rights Key 1395(7).

28k 1395(7) Most cited cases (formerly 78k235). To state of cause of action for retaliation treatment for prisoners exercise of constitutional right, a complaint need only allege a chronology of events from which retaliation may be inferred. Also See: Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)

4 or 5

12. A plaintiff need not plead particular legal theories or particular facts in order to state a claim. Bennett v. Schmitt, 153 F.3d 516, 518-19 (7th Cir. 1998) All that is required is a short plain statement of the plaintiff's claim that will give the defendants fair notice of what the plaintiff claims is and the grounds upon which it rest. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)

13. The allegations of pro se complaints are to be liberally construed, Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996) and a motion to dismiss may be granted only if the court concludes that no relief could be granted under any set of facts that could prove consistent with the allegations. Hishon v. King and Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)

Wherefore plaintiff prays that this Honorable Court grant plaintiff memorandum of law and submit this pleading into the court record.

Respectfully submitted,

/s/ _____

Fabian Santiago
#B-79716
Box 99
Pontiac, IL 61764

Executed on Oct. 17, 2004

5 of 5