**E-FILED**
Thursday, 13 January, 2005  03:06:58 PM
Clerk, U. District Court, ILCD

**FILED**

JAN 1 2 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS


Fabian Santiago                     Civil no. 1:04-CV-1429
        Vs.
Roger E. Walker,Jr.Et.Al;           Judge, Harold A. Baker
Offical and individual capacity


## PLAINTIFFS AMENDED COMPLAINT UNDER 42 U.S.C.SUBSECTION 1983


Now comes plaintiff, Fabian Santiago, pro-se and brings his com-
plaint against the defendants named herein, and states as follows:


1.) This is a civil action for monitary damages by plaintiff,
Fabian Santiago. Plaintiff seeks relief from defendants for sub-
jecting him to retalitory treatment in violation of his rights to
due process and equal protection of the laws under the 1ST, 5TH,
4th, 9th, and 14th amendments to the constitution of the united
states and title 42 U.S.C. subsection 1983, Wherein plaintiff
claims that rights secured to him were violated by the above named
defendants acting in their individual capacities under color of
state laws.


## JURISDICTION AND VENUE


2.) Jurisdiction of this court is invoked persuant to art.IV,
subsection 2;art.VII 1st, 4th, 5th, 9th, and 14th amendments to
the constitution of the united states and in accordence with
provisions of title 28 U.S.C. subsection 1343. This action arises
under title 42 U.S.C. subsection 1983. Venue is proper in the
central district of Illinois since all actions transpired in this
district.

3.) Previous litigation regarding plaintiffs incarceration:

Fabian Santiago Vs. Christophere Hughes
civil no. 1:99-cv-0237
Judge, Ruben Castillo
Northern district of Ill.
Statuce: Settied onNov.17, 2000
This litigation involved prison guards allowing a brutal assualt
against plaintiff by another inmate.

---

Fabian Santiago Vs. Jonathon Walls
Civil no. 02-784-JPG
Judge, J. Phil, Gilbert
Southern district of Ill.
Statuce: Currently pending befor the district court
This litigation involved prison employees carrying out or using
inmates to assualt plaintiff.

---

Fabian Santiago Vs. Stephen Mote
Civil no. 03-MR-135
Judge, Harold frobish
Levingston county court, Eleventh circuit
Statuce: Plaintiffs request for injunctive relief denied
This litigation involved seeking an order of protection,ect.
to prevent any further assualts and acts of retribution against
plaintiff (mandamus)

---

Fabian Santiago Vs. Roger E. Walker,JR.
CIVIL NO. )$_MR-135
Judge, Charles Franks
Levingston county court, Eleventh circuit
Statuce:Currently pending befor the circuit court
This litigation involves plaintiff being brought up on false
disciplinary charges, plaintiff is seeking to invalidate the
unlawful disciplinary conviction (mandamus)

---

4.) Exhaustion of grievance procedure:

Plaintiff has exhausted all of his administrative remeadies by
filing his grievances to the counselors, grievance officer,
warden, administrative review board, and director, who in turn rubber
stamped such grievances denied. Plaintiffa grievances of Aug.13,2003
Sep.21,2003  Oct.1,2003  Oct.3,2003  Oct.9,2003  Jan.30,2004  March-
3,2004  March.15,2004  werenever addressed by the defendants in order
to prevent the plaintiff from exhausting his administrative remeadies
with regard to these issues.

## statement of claim

5.) On july 18,2003 plaintiff was brutally assualted by prison guards at the Menard.C.C., brought up on completely false disciplinary charges to justify the henious assualt and transfered to the pontic.C.C. This incident would later become the focuse of a stste and federal law enforcement investigation to criminally indict the prison guards who asualted the plaintiff and consealed the altercation.

6.) On Aug.7,2003 plaintiff forwarded a nine page emergency grievance regarding the incident of July 18,2003 as well as other incidents of assault and re tribution at the pontiac.C.C. to the law library. plaintiff requested four copies of his grievance to forward such documentation to: U.S. Attornies office, County prosecutors office, and Attorny general. Plaintiffs request for additional copies was denied and only provided with one copy.

7.) On Aug.8,2003 plaintiff forwarded his emergency grievance to warden Stephen Mote. On Aug.9,2003plaintiff received a stamped filed grievance back from the wardens office indicating the matter would not be reveiwed on an emergency basis.

8.) On Aug.10,2003 plaintiff forwarded his stamped filed emergency grievance to the law library requesting three additional copies in order to submit such documentation to law enforcement. Plaintiff also requsted that law library staff provide the plaintiff with a petion of mandamus, So plaintiff might file the neccessary pleadings with th levingston county court requesting an **order** mandating prison offical to provide the plaintiff with the neccessary copies, if law library staff continued to impead plaintiff communication with law enforcement. On Aug.13,2003 plaintiff was advised by law library staff that his nine page emergency grievance had been returned, (But the plaintiff never received his documentation back.

9.)On Aug.15,2003 plaintiff filed an emergency grievance dated Aug.-13,2003 to warden Mote, stipulating that plaintiffs emergency grievance dated July.30,2003 was more than likely distroyed by law library staff and action needed to be taken to place an end to the practice of inmates having to forward their documentation through the institutional mail and that law library staff needed to be directed to come to the ceehouse to assist the plaintiff. Plaintiffs grievance of Aug.-13,2003 was never addressed by the warden and no action was ever taken to place an end to such abuses, Because warden Mote was well aware of the practice. These tactics were being implemented by warden mote and law library staff to prevent the plaintiff from further persuing these matters and communicating with law enforcement. These actions clearly demonstrate all of the above mentioned defendants violation of plaintiff 1st, 4th, 9th, and 14th amendment rights and equal protection of the laws.

10.) Law library superviser Mr.Mark G.Spencer, Ms.Paula Rich, and Ms.Sharon Eden were known to engage in the practice of dis- troying the grievances and legal documents of inmates. Plaintiffs grievance of July.30,2003 was distroyed in order to prevent communication with law enforcement and out of retribution for plaintiff requesting a petition of mandamus for in order to bring these matters to the attention of the levingston county court. war- den Mote was fully aware of such practices, yet refused to take corrective action, In order to conceal the misconduct of staff, to prevent the documentation of such abuses and to impead the eff- orts of inmates from seeking litigation against the I.D.O.C. These actions clearly demonstrate all of the above mentioned defendants violating the plaintiffs 1st, 4th, 5th, 9th, and 14th amendment rights.

11.) On Sep.11,2003 plaintiff attempted to forward to his relatives a petition of mandamus seeking variouse injunctive releif against officals at the pontiac.c.c. Plaintiff petition to the levingston county court never was forwarded out of the institution. c/0- McBernny who worked the cellhouse cage were all mailed was processs- ed was known to have boasted about dostroying the mailing of inmates and more than likely distroyed plaintiffs petition to the levingston county court. Warden Mote was fully aware of c/o McBernny acts of misconduct, yet refused ti place an end to such abuses, in order to conceal such misconduct, prevent the documentation of such inc- idents and litigation against the I.d.O.C. These actions clearly demonstrate all of the above mentioned defendants violating plaint- iffs 1st, 4th, 5th, 9th, and 14th amendment rights, access to the court, and equal protection of the laws. (plaintiff forwarded his petition to relatives so they might pay the full filing fee payment)

12.) Plaintiff filed a grievance dated Oct.21,2003 regarding the mishandling and distruction of mailing and plaintiff being denied his right to petition the levingston county court. Counselor Wesley Wiles, Grievance officer S.penolza, Warden Mote, Ms. Sherry Hile of the administrative reveiw board (A.R.B.), and director Roger E. - Walker,Jr., Reviewed plaintiffs grievance, refused to take corrective action and to in sure plaintiffs grievances, legal documentation, Mailings, ect. were no longer witheldor distroyed and set out to conceal these abuses because of the liabilities involved and because plaintiff had initiated litigation against the I.d.O.C. in the past. These factors clearly demonstrate the intention of all of the above mentioned defendants setting out to conceal these abuses and in violating plaintiffs 1st, 4th, 5th, 9th, and 14th amendment rights, access to the court, and equal protection of the laws.

4 OF 11

13.) On Sep.21,2003 plaintiff filed an emergency grievance directly to warden Mote, reaffirming the fact that plaintiffs grievances, legal documentation and mailings in general were being witheld or distroyed, That plaintiff had rewritten a (second) petition to the ;evingston county court and warden Mote needed to take the neccessary action to insure plaintiffs petition was forwarded to the court espeacially considering that plaintiffs initial petition never was forwarded out of the institution. Plaintiffs grievance of Sept.21,-2003 was never responded to by warden Mote and was more than likely distroyed in order to prevent the documentation of such abuse and to conceal such ongoing misconduct. These factors clearly demonstrate the above mentioned named defendants intent in violating the plaintiffs 1st, 4th, 5th, 9th, and 14th, amendment rights, and equal protection of the laws.

14.) On Sept.24,2003 plaintiff attempted to forward his second petition to the levingston seeking injunctive releif against warden Mote and variouse other employees at the pontiac.c.c Plaintiffs petition to the levingston county courthouse never left the facility and was more than likely intercepted by c/o-McBernny who work the cellhouse cage and was known for dis troying the mailing of inmates. Plaintiff had just filed an emergency grievance to warden Mote dated Sept.21,2003 that the plaintiff was attempting to forward such a petition out of the facility, Which clearly demonstrates that warden Mote was condoning and sactioning plaintiffs mailing being witheld or distroyed. These factors clearly support that the above mentioned defendants deliberately set out to deny plaintiff access to the court, and in violation of plaintiffs 1st, 4th, 5th, 9th,and 14th amendment rights and equal protection of the laws.

15.) On Sept.28,2003 plaintiff attempted to forward a certified letter to the levingston county prosecutors office outlining incidents of assault and retribution against the plaintiff by prison guards. Plaintiffs letter to the prosecutors office was never forwarded out of the facility and was more than likely distroyed by c/o McBernny who worked the cellhouse cage and known for committing such abuses. Warden Mote Ms.Sherry Hile of (A.R.B.) and director Walker were all aware of the wide spread practice of the witholding or distruction of inmate grievances, legal documentation, and mailing in general, yet refused to take corrective action and set out to conceal such misconduct, Because of the liabilities involved. These factors clearly demonstrate all of the above mentioned defendants violating the plaintiffs 1st, 4th, 5th, 9th, and 14th amendment rights.

16.) On Oct.1ʸ,2003 plaintiff forwarded an emergency grievance dir-ectly to the grievance officer outlining ongoing incidents of the distruction of mailing,plaintiffs petition to the levingston court-house not being allowed out of the facility, including packages to the attorney general, U.S. Supreme court, and leters to the prosec-utors office, ect. being intercepted and distroyed. Plaintiff never received a responce to his grievance, Because the counselors, griev-ance officers, Warden Mote, Ms.sherry Hile of (A.R.B.) and director Walker were all working in calaberation to conceal such misconduct. these factors clearly demonstrate the intent of the above mentioned defendants intent to deny the plaintiff access to the court, and in violation of plaintiffs 1st, 4th, 5th, 9th, and 14th, amendment rights and equal protection of the laws.

17.) Plaintiff filed a grievance dated Oct.3,2003 to counselor Mr.-
Wesley Wiles regarding warden Mote sactioning staff (c/o McBernny)
to intercept and distroying plaintiffs mailings. That plaintiffs
two petitions to the levingston courthouse, Packages to the attorny
generals office, U.S. Supreme court, leters to the prosecutors off-
ice, grievances, ect. were being distroyedand prevented from leaving
the facility. The plaintiff never received a responce to his griev-
ance because the counselor (Wiles), the grievance officer, warden
Mote, Ms,Sherry Hile of (A.R.B.) and director Walker were fully
aware of the matter and were working in calaberation with one another
to conceal such abuses. These factors clearly demonstrate the delib-
erate intention of all of the above mentioned defendants to deny
the plaintiff access to the court, Violating plaintiffs 1st, 4th,
5th, 9th, and 14th amendment rights and equal protection of the laws.

18.) Plaintiff filed a grievance dated Oct.9,2003 stipulating that
plaintiff filed an emergency grievance dated Sept.2,2003 regarding
acts of retribution against the plaintiff by c/o smithson. Plaint-
iff also outlined in his grievance of Oct.9,2003 that the plaintiff
had also forwarded numerouse mailings, Petitions to the levingston
county court, Packages to the attorney generals office and U.S. -
Supreme court, leters to the county prosecutors office, grievances,
ect. were being intercepted and prevented from leaving the instit-
ution. Plaintiff brought this matter to the attention of Major Ken-
nedy and counselor Wiles, yet no corrective action was taken because
counselor Wiles, Grievance officers, Warden Mote, Ms. Sherry Hile of
(A.R.B.), and director Walkerwere all working in calaberation with
one another to conceal such abuses and the plaintiff never received
a responce to his grievances of Oct,9,2003 or Sept.2,2003. These
factors clearly demonstrates the deliberate intentions of all of
the above mentioned defendants to deny the plaintiff access to the
court, Violating the plaintiffs 1st, 4th, 5th, 9th, and 14th amend-
ment right and equal protection of the laws.

19.) Plaintiff filed agrievance dated Oct.10,2003 stipulating that
plaintiff had not recieved a responce to his grievance of Oct.3,2003
from counselor Wiles. That plaintiffs mailings ingeneral to his
relatives, Grievances, Legal documents to the court, ect. were being
prevented from leaving the facility and distroyed. Plaintiffs griev-
ance of Oct.10,2003 was responded to by counselor Ms.Emily Ruskin,
grievance officer P.Hastinys, Warden Mote, Ms.Sherry Hile of (A.R.B),
and director Walker. These officals refused to take corrective action
because of the liabilities involved and in order to conceal such
misconduct and were working in calaberation with one another which
resulted and continue to result in such matters transpiring. These
factor clearly demonstrate the deliberate intent of all of the abo-
ve mentioned defendants in setting out to deny the plaintiff his
right to access to the court, Violating plaintiffs 1st, 4th 5th,
9th, and 14th, Amendment rights and equal protection of the laws.

20.) Plaintiff filed a grievance dated Dec.29,2003 regarding a
legal package from the U.S.Supreme court being opened outside of
his presence, of a package and $ 50. money order from relatives
that was not deliverd to the plaintiff for over a month because
the mail room super-visor (Ms.Marge Heg) and her staff refusing to
deliver the mail in a resonable time periode, of library staff dem-
anding the plaintiff to forward his legal documents through the mail
and then distroying such material and claiming not to have received
such pleadings, and of counselor Mr. Wesley Wiles impeading plaint-
iffs attempts to exhaust his administrative remeadies.Grievance
officer Ms. Jennifer Melvin indicated plaintiff grievance of Oct.-
3,2003 had been reviewed by the grievance officer, yet plaintiff
never received such a responce. Plaintiffs grievance of Dec.29,2003
was reviewed by counselor Mr.Wiles, grievance officer Ms.Jennifer
Melvine, Warden Mote, Ms.Sherry Hile of (A.R.B.), and director Walker
yet no corrective action was ever taken because these officals set
out to conceal these incidents because of the liabilities involved
which resulted in even further instances of such altercation and
retribution against the plaintiff. These factors clearly establish
the deliberate intent of all of the above mentioned defendants to
deny the plaintiff access to the court, Violating the plaintiffs
1st, 4th, 5th, 9th, and 14th amendment rights and equal protection
of the laws.

21.) Plaintiff filed a grievance dated Jan.30,2004 directly to war-
den Mote concerning internal affairs having knowledge or being dir-
ectly involved in the interception of plaintiff mailings because
plaintiff was cooperating with state and federal law enforcement to
indict variouse prison guards, Of publications from edward r.hamilton
bookseller being delivered to plaintiff over a month from the post
mark date because the mail room superviser (Ms.Marge Heg),(Mr.Les
Andor) of the publications review comm., And (Mr.Pots) of personal
property were refusing to preform their duties and insure that such
mailing was delivered in a resonable periode of time. Plaintiff also
made Mr.Corry Wilson The head of internal affairs aware that their
was an exploytation of the grievance procedure and of the delivery
and forwarding out of mailing. Mr.Correy Wilson, Counselor Wiles,
Grievance officer Ms.Melvin, Warden Mote, Ms.Hile of (A.R.B.), and
director Walker were all fully aware of plaintiff mailing, grievances
legal documentation, ect. were either being witheld or distroyed
yet these officals refused to take corrective action and sought out
to conceal these abuses because of the liabilities involved, out of
retribution against plaintiff for attempting to document such abuse.
Plaintiffs grievance of Jan.30,2004 was never even responded to by
warden Mote. These factors clearly demonstrate the deliberate intent
of all of the above mentioned defendants intent of violating plaint-
iffs 1st, 4th, 5th, 9th and 14th, amendment rights and equal protection
of the laws.

22.) Plaintiff filed a grievance dated March.3,2004 to warden Mote regarding plaintiff forwarding four letters to his relatives inquiring about obtaining an attorney to seek civil action against prison officals for their abuses against plaintiff. Plaintiffs letters to his relatives never left the facility because the plaintiff was attempting to seek litigation against the I.D.O.C. and cooperating with state and federal law enforcement to criminally indict variouse prison guards who had assaulted and retaliated against the plaintiff. Plaintiff letters to his relatives were more than likely distroyed by c/o mcBernny, who worked the cellhouse cage and who was known for distroying the mailings of inmates. Plaintiff forwarded several letters to warden Mote complaining about his mailing being prevented from leaving  the facility. Warden Mote then directed asst. warden Mr.Melvin to have plaintiffs cell completely striped of all property, which was carried out by c/o Doss. Plaintiff never recieved a responce to his grievance of March.3,2004. These actions clearly support the fact that these actions were out of retribution against the plaintiff for reporting staff misconduct and attempting to seek litigation against the I.D.O.C. Counselor Wesley Wiles, Grievance officer Ms,= Jennifer Melvin, Warden Mote, Ms.Sherry Hile of (A.R.B.), and director Walker were fully aware of plaintiff being targetted for retribution, his mailings and legal documentation being distroyed or witheld,yet refused to take corrective action and sought to conceal these abuses. These factors clearly demonstrate the deliberate intent of all of the above mentioned defendants to violate plaintiffs 1st, 4th, 5th, 9th, and 14th, amendment rights.

23.) Plaintiff filed a grievance dated March.15,2004 regarding a systematic exploytation of the grievance procedure and institutional mailing systume. This grievance was reviewed by counselor Mr.McNabb, Grievance officer Ms.Katina Levingston, Warden Mote. Ms.Sherry Hile of (A.R.B.), yet Ms.Hile refused to conduct a formal review claming that the plaintiff could not griev an issue effecting numerouse inmates. Plaintiff clearly stipulated in his grievance of March.15,2004 that he had not recieved a responce to his grievances of: Oct.9,2003 Dec.29,2003  Jan.30,2004  March.3,2004, yet none of the above named officals took any action to insure plaintiffs grievances were addressed. These factors clearly demonstrate the deliberate intentions of all of the above mentioned defendants to conceal such abuses and impead plaintiff efforts to exhaust his administrative remedies. Which constitutes denyal of access to the court, equal protectionof the laws and a violation of plaintiffs 1st, 4th, 5th, 9th and 14th amendment rights.

24.) Plaintiff filed agrievance dated May 7,2004 stipulating that
plaintiff attempted to forward a letter to his relatives which was
returned back to the plaintiff by mail room staff indicating that
their was no letter in the envelope. Plaintiffs letter was more
than likely distroyed by c/o McBernny who was known to have been
boasting about distroying the mailing of inmates. Plaintiff also
recieved a trust fund account balance which indicated that plaintiffs
relatives had forwarded him $550., yet plaintiff never received
the package in which the funds were sent. Plaintiff would later
learn that his relatives had forwarded him a package containing mag-
azines, aletter, and the $550. Such publications, ect. are precessed
by mail room superviser Ms.Marge Heg, and Mr.Les Andore of the pub-
lications review comm. who more than likely distroyed plaintiffs pub-
lication out of retribution for plaintiff being known to have been
reporting staff misconduct. Plaintiffs grievance of May.7,2004 was
reviewed by counselor Mr.Mcnabb, Grievance officer Mr.N.Osman, War-
den Mote, Ms.Sherry Hile OF (A.R.B.), and director Walker, AN
Mr.Correy Wilson of Internal affairs who were all well aware of pla-
intiff being targetted for retribution yet refused to take corrective
action for the plaintiff being outspoken about staff misconduct and
because of the liabilities involved. These factors clearly demonstrate
the defendants violating the plaintiffs 1st, 4th, 5th, 9th, and
14th amendment rights.

25.)Plaintiff filed a grievance dated June.2,2004 in which c/o-
Paul returned a letter back to plaintiff that tha plaintiff was att-
empting to mail out of the facility, Because c/o McBernny refuse to
allow the letter out of the facility. Plaintiff letter was to his
relatives requesting that they (relatives) attempt to obtain cousel
to initiate civil action against prison guards at the pontiac.c.c
for their abuses against the plaintiff. This grievance was reviewed
by couselor Mr.McNabb, Grievance officer Ms.Carrie Melvin, Warden
Mote, And Ms.Sherry Hile who claimed they were unable to read plain-
tiffs handwritting dispite these officals having reviewed numerouse
grievances of plaintiff which were all handwritten. These officals
refused to take corrective action and sought out evry excuse to
rubber stamp plaintiffs grievances denied in order to coceal such
abuses. These factors clearly demonstrate the deliberate intent of
all of the above named defendants violating plaintiffs rights to
acess to the court, equal protection of the laws, and in violation
of plaintiffs 1st, 4th, 5th, 9th. and 14th amendment rights.

26.) Plaintiff filed a grievance dated June.29,2004 of plaintiff
issuing payment in the amount of $50. to: Paper Wings Publications.
and that the vender had notified the plaintiff that they had forw=
arded the plaintiff twelve magazines over a mouth ago, yet the pla-
intiff had not yet recieve his publications yet. On July.7,2004
plaintiff recieved notification from Mr.Les Andor of the publications
comm. that two of plaintiffs magazines needed to be mailed out because
of the explisite content, (plaintiff conplied). This should of prom-
pted Mr.Andor to forward the remaining ten magazines to the plaintiff.
Plaintiff magazines were witheld and when the plaintiff continued to
persue the issues in his grievance the remaining ten magazines were
also confiscated. Plaintiff then filed a grievance dated July.16,2004
bringing the additional act of retaliation to the attention of prson
officals. This grievance was reviewed by counselor Mr.McNabb, griev-
ance officer Ms.Emily Ruskin, (who denied plaintiff grievance), plain-
tiff forwarded copies of his grievance to Ms.Sherry Hile and wrote
several letters to Ms.Hile and director Walker requesting a responce

to the plaintiffs grievance of June.29,2004 and July.7,2004 (these two grievances were consolidated), yet Ms.Hile and director Walker refused to provide a final disposistion to this matter. These factors clearly demonstrate the retalitory nature of these actions and demonstrates the deliberate intent of all of the above mentioned defendants violating the plaintiff 1st, 4th, 5th, 9th and 14th amendment right and equal protection of the laws.

27.) Plaintiff attempted to forward two letters out to the: Chicago Tribune news, and U.S.A. today outlining widespread corruption throughout the I.D.O.C. Plaintiff mailings were never forwarded out of the institution and were more than likely distroyed by c/o McBernny who was known to distroy the mailing of inmates and who was targetting the mailing of plaintiff. Plaintiff then forwarded a copy of his letter to the media,to warden Mote requesting that Mr.Mote forward the plaintiffs letter out of the institution to the Chicago Tribune because plaintiff mailings were being distroyed and prevented from leaving the facility. yet warden Mote witheld plaintiff letter for over a month and it was not until the plaintiff filed a grievance concerning the matter that Mr.Mote finally decided to forward the letter out of the facility. Plaintiffs grievance involving this incident was dated July.22,2004 and was reviewed by counselor Mr.-mcNabb, grievance office Ms.Kim Dailey, Warden mote, Ms.Sherry Hile, and director Walker. yet no corrective action was ever taken plaintiffs grievance was rubber stampted denied in order to conceal the incident. Thes factors clearly demonstrate the deliberate intent of all of the above mentioned defendants violating plaintiffs 1st, 4th, 5th, 9th, and 14th amendment rights and equal protection of the laws.

28.) The accounts outlined in this petition clearly demonstrate all of the defendants named herein calaberating with one another to exployt the institutional mailing systume, the law library, the grievance procedure and retaliating against the plaintiff in order to impead the plaintiffs efforts to exhaust his administrative remeadies, and bring such matters to the attention of news organizations, Law enforcement, and the court.

29.) Althuogh many of plaintiff grievances ▬▬▬, legal documentation, letters, ect. were distroyed or left unanswered the plaintiff will be able to obtain through discovery numerouse grievances filed by other inmates, incident reports, ect. demonstrating that this was a pervasive practice by the defendants in order to prevent the documentation of staff misconduct, Let alone allowing inmates to seek civil action against the I.D.O.C.

30.) Plaintiff went above and beyound his requirements to exhaust his administrative remeadies with regard to the grievances which were not reviewed by the defendants. Although many of these grievances were distroyed, Plaintiff maintained copies of his grievances of: Oct.9,2003  Jan.30,2004  March.3,2004  June.2,2004  June.29,2004 and brought these matters to the attention of counselors Mr.wesley Wiles, Counselor Mr.McNabb, The grievance officers, Warden Mote, Mr.Correy Wilson of internal affairs, Ms.Sherry Hile, and director Walker, yet none of the above mentioned officals took any steaps to insure these maters were addressed.

## RELIEF BEING REQUESTED

Because of the retalitory abuse plaintiff was subjected to by the
defendants, Plaintiff suffered emotional distress, Anxiety, Sleep-
lessness, Shock that such retribution was so previlent against him,
Mental anguish and depression and fear of continual reprisal.
Plaintiff is seeking an unspecified amount of damages to be rendered
by a jury verdict for:
Actual, Monitory, Compensitory, Pain and suffering and punitive
damages.

I, Fabian Santiago, Hereby declare under penalty of perjury that
the statements contained hereinare true and correct in substance
and fact, Under title 28 U.S.C. subsection 1746 and 18 U.S.C.
subsection 1621.

PLAINTIFF IS REQUESTING TRIAL BY JURY

RESPECTFULLY SUBMITTED,

/s/

executed on Dec.29,2004

Fabian Santiago. # B-79716
P.O. Box 112

Joliet, Il 60434

11 OF 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**


Fabian Santiago                    Civil no. 1:04-CV-1429
        Vs.
Roger E. Walker,Jr.Et.Al;          Judge, Harold A. Baket


PLAINTIFFS LETTER OF MEMORANDUM IN SUPPORT OF
PLAINTIFFS COMPLAINT UNDER 42 U.S.C SUBSECTION 1983


Now comes plaintiff, Fabian Santiago, pro-se and prays that this
honorable court grant plaintiffs letter of memorandum of law into
the court record. In support thereof, plaintiff states as follows:


1.) Plaintiff is seeking damages from the defendants for unreason-
ably witholding or distroying the grievances, Letters to relatives
and media, Legal documentation to the court and public officals,
Books and publications, out of retribution for plaintiff reporting
staff misconduct.

2.) Plaintiff grievances of: Aug.13,2003  Sept.21,2003  Oct.1,2003
Oct.3,2003  Oct.9,2003  Jan.30,2004  March.3,2004  June.2,2004 and
June.29,2004 were either distroyed or left unresponded to by the
defendants in order to thrwat plaintiffs efforts to exhaust his
administrative remeadies and render the plaintiff unable to bring
such matters before the court.

3.)The 7th circuit held that when prison offical fail to respond to
administrstive remeadies, Those remeadies are rendered unavailable
and deemed exhausted under P.L.R.A. The 7th circuit reached this
conclusion because it refused ti interprt the P.L.R.A. so narrowly
as to allow prison officals to exployt the exhaustion requirement
through indefinite delay in responding to grievances.
Gibson Vs. West, 201 F.3d 990,994 (7th cir.2000)

4.) A prisoner has a constitutional right to access to the court
that by neccessity, Include the right to persue administrative rem-
eadies which must be exhausted before seeking relief from the court
[17] prison key 4(5) 301 ky(5) most cited cases. Prison officals
may not retaliate against a prisoner because that prisoner filed a
grievance, This is so even if the adverse action does not independ-
tly violate the constitution. Dewalt Vs. Carter 224 F3d 607 (2000)
(7th cir.Ill) no.98-2415 [16] constitutional law key 328.


1 of 3

5.) Plaintiff 1st, and 2nd petitions to the levingston county
court, Petition to the U.S.Supreme court and copies of that petition
to the attorney generals office, Letters to: Levingston county
prosecutors office, Relatives, Media, and books and publications
were either unresonably witheld or distroyed and prevented from
leaving the institution out of retribution tordes plaintiff, for
plaintiff reporting staff misconduct and attempting to seek civil
action against the I.D.O.C.

6.) Some courts have held that their is a constitutional right
to have mail promptly delivered or forwarded. Nicholson Vs. Choc-
taw county, AlA., 498 F.Supp.295,311 (S.D.AlA.1980); Taylor Vs.
leidig, 484 F.Supp.1330,1332 (D.Colo.1980) Sherman Vs. McDougail
656 F.2d 527,528 (9th cir.1981) Approving a rule requiring deliv-
ery of mail within 24.hours.

7.) Procunier Vs. Martinez 416 U.S. 396,413 (1974) The supreme
court established that prison officals may not censor inmate
correspondences simply to eliminate unflattering or unwelcome
opinions or factually inaccurate statement. Thornburgj Vs.   Abbott
490 U.S. 401 (1989), Limited Martinez to out going mail and expla-
ined that it did not require a least restrictive means test. But
the court also made the telling point that what a prisoner sends
to the outside world aside from escape plans, contraband or the
likes, does not impact prison security: We do not believe Martinez
...subjects the decisions of prison officals to the least restrict-
ive means test.Martinez required no more than a challenged regula-
tion be generally neccessary to a legitimate govermental perpose.
416 U.S at 414 94 S.ct. at 1812...Our rejection of a regulation,
resulted not from a least restrictive means test but from our own
recognition that the regulated activity centrally at issue in that
case-outgoing mail did not pose a threat to prison security.
Moore Vs. Miller 1997 Wl269595 (N.d.Ill.)) case no.96 c 1347

8.) A prisoner whose civil litation has been thrwated need only
show he had a non-frivolouse claim, Since arguable civil claims
are bought and sold in litigation all the time. Walters Vs. Edger
163 F.3d 430, 434 (7th cir.1998) Although plaintiff petition to
the levingston courthouse were for injunctive relief, The fact
that these actions were taken out of retribution against the plain-
tiff for exercising his fist amendment right clearly entitles the
plaintiff to monitary damages.

9.) Although plaintiff did not secceed in his litigation to the
U.S.Supreme court (concerning criminal case) the fact that plain-
tiffs documentation to the court,attorney generals office,were
distroyed out of retribution for plaintiff exercising his first
amendment right against the I.D.O.C. clearly entitles plaintiff
to monitary damages.

10.) Dewalt Vs. Carter, 224 F.3d 607 (7th cir.2000) [18] civil
rights key 1395(7) 78k 1395(7) most cited cases formerly 78k235
to state a cause of action for retribution, A complaint need only
allege a chronology of events from which retaliation may be infered.
Cain Vs. Lane, 857 F.2d 1139, 1139, 1143 N.6 (7th cir.1988).

11.) A plaintiff need not plead particular legal theories or part-
icular facts in order to state a claim. Bennett Vs. Schmitt, 153
F.3d 516,518-19 (7th cir.1998) All that is required is a short pl-
ain statment of the claim that will give the defendant fair notice
of what the plaintiffs claim is and the grounds upon which it rest.
Leatherman Vs. Tarrant county narcotices intelligence and coordin-
ation unit, 507 U.S. 163, 168 113 S.ct 1160, 122 L.ed.2d 517 (1993).

12.) The allegations of a pro-se complaint are to be liberally con-
strued, Antonell Vs. Sheahan, 81 F.3d 14422, 1427 (7th cir.1996)
and a motion to dis miss may be granted only when the court concl-
udes that no relief could be granted under any set of facts that
could prove consistent with the allegations. Hish Vs. King and
spalding, 467 U.S. 69, 73, 104 S.ct. 2229, 81 L. ed.2d 59 (1984)


Wherefore plaintiff prays that this honorable court grant plaintiffs
letter of memorandum into the court record.



                                   RESPECTFULLY SUBMITTED,


                                   /s/ _____

EXECUTED ON DEC.29,2004


                                   Fabian Santiago. # B-79716
                                        P.O.Box 112
                                   Joliet, Ill   60434


                          3 of 3

Case No. 1:04-CV-1429

v.

ROGER E. WALKER, JR
Defendant

PROOF/CERTIFICATE OF SERVICE

TO: COURT CLERK

201 South Vine
218 U.S. COURThouse
URBANA, IL 61801

TO:
LISA MADIGAN
100 W Randolph St
Chicago, IL 60601

PLEASE TAKE NOTICE that on DEC. 30, 2004, I have placed the documents listed below in the institutional mail at STATEVILLE Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: AMENDED COMPLAINT, LETTER OF NOTIFICATION.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 12/30/04

/s/
NAME: ROGER WALKER
DOC#: B-19716

STATEVILLE Correctional Center
P.O. BOX 112
JOLIET, IL 60434

Revised Jan 2002