IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago
    Vs.
Roger E. Walker, Jr. Et.Al.,

**FILED**
JAN 24 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Civil no. 1-04-cv-1429

Hon. Judge, Harold A. Baker

<u>PLAINTIFFS MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL, ATTORNEY</u>

Now comes the plaintiff, Fabian Santiago, pro-se and prays that this honorable court grant the plaintiffs motion for reconsideration of appointment of counsel. In support thereof, plaintiff states as follows:

1.) The plaintiff has filed a request for the appointment of counsel which was denied by the court on Jan.13,2005 for the plaintiff failure to demonstrait that the issues before the court are so complex and intricate that a trained attorney is neccessary.

2.) The plaintiff currently has before the court variouse issues regarding prison employees at the pontiac.c.c targetting the plaintiff for retribution for the plaintiff reporting staff misconduct through the established grievance procedure, Cooperating with law enforecment to criminally indict several prison guards at the Menard and pontiac.c.c., and for the plaintiffs past litigation against the I.D.O.C. Which resulted in the defendants itercepting, tampering, Distroying, Or witholding the plaintiffs legal documentation to the courts, Grievances Mailings in general, publications, Ect.

3.) The plaintiff is in dire need of counsel to aid the plaintiff in the preperation of his case, To timely review and obtain numerouse documentation, Internal memos, Incident reports, To interview witnesses to the incidents in question, Ect. So that the plaintiff might be able to clearly support all factors in the pending litigation.

4.) The defendants in this cause will not simply disclose internal memos by internal affairs, The Wardens office, Clinical services, Ect. that would demonstrate that the plaintiff was being monitored by prison officals for the sole perpose of reprisal against the plaintiff for exercising his first amendment right against the employees of the I.D.O.C. Such documentation is critical to the plaintiffs case and would also support the fact that prison offical were fully aware of continuouse acts of reprisal against the plaintiff, yet refused to take corrective action.

5.) The plaintiff is currently being subjected to retallitory acts at the stateville.c.c. Where his mailing and grievances are being witheld and burried in red tape. The plaintiff is also having seriouse difficulty with obtaining access to the prison law library to thoroughly research and prepare his case before this court. These actions are clearly out of retribution against the plaintiff for initiating litigation against the I.D.O.C. So the plaintiff may verywell have to seek injunctive relief/ order of protection to prevent any further abuses by prison officals at the statevile.c.c. and the plaintiff would be unable to obtain such relief from the court if he is unable to demonstrate that he would succeed in this litigation and such a task would prove monumental without the assistance of counsel.

6.) The acts of retribution against the plaintiff have gone beyound the confines of the pontiac.c.c. and are previlent at the stateville. c.c. especially considering the fact that the plaintiff has now initiated litigation in the central district court, Which has already resulted in prison officals impeading the plaintiffs efforts to seek relief from this court. The plaintiff can only be hopeful that this court will not sit back idley and allow these matters to continue to transpire, Because a continuouse deprivation of a constitutional right clearly constitutes irriparible injury and injunctive would be warrented.

Wherefore, The plaintiff prays that this honorable court grant the plaintiff motion for reconsideration of appointment of counsel.

respectfully submitted,

/S/ _Fabian Santiago_,

executed on: Jan.20,2005

Fabian Santiago. # B-79716
Box. 112
Joliet, Il 60434

2 of 2

FABIAN SANTIAGO
Plaintiff,

v.

ROGER E. WALKER, JR
Defendant

Case No. 1-04-CV-1429

## PROOF/CERTIFICATE OF SERVICE

TO: COURT CLERK
201 SOUTH VINE
218 U.S. COURTHOUSE
URBANA, IL 61801

TO: LISA MADIGAN
100 W. RANDOLPH ST
CHI, IL 60601

PLEASE TAKE NOTICE that on JAN 20, 2005, I have placed the documents listed below in the institutional mail at STATEVILLE Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: PLAINTIFFS MOTION FOR RECONSIDERATION OF THE APPOINTMENT OF COUNSEL

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 1/20/05

/s/ 
NAME: FABIAN SANTIAGO
IDOC#: B-79716

STATEVILLE Correctional Center
P.O. BOX 112
JOLIET, IL 60434

Revised Jan 2002