E-FILED
Tuesday, 29 March, 2005 10:22:52 AM
Clerk, U.S. District Court, ILCD

To: MR.Fitzgerald
U.S. Attorney, Northern dist. of Ill.

       I was brutally assaulted by a Sgt.Childers at
the Menard.c.c. My forehead and the back of my head were busted
open, I sustained numerouse laserations and black and blue brusing
throughout my face and body and I was kicked so violently in my
stomach that I was made to deficate on myself. I was attended to
by medical staff, interviewed by internal affairs and immediately
transfered to the Pontiac.c.c. were personal friends of Sgt.Childers
continue to carry out assaults and acts of retribution against me.
This matter became the focuse of a criminal inquiry by the U.S. dep-
artment of justice, Federal bureau of investigation and the Illinois
state police to criminally indict the prison guards who assaulted me.
I was ultimately transfered to the Stateville.c.c. were I am currently
being housed.
Since my arrival at the Stateville.c.c. I have continued to become
a target of reprisal for cooperating with law enforcement to criminally
indict the prison guards who assaulted me and because of my litigations
against the I.D.O.C. I am currently being housed in a cell with an
inmate that I have been having serioues problems living in the same
cell with and dispite prison staff allowing all kinds of cell changes
for other inmates my requests for a cell change has been completely
ignord, because prison officals are hopeful that I will end up in a
physical confrontation with this inmate and be sent to the segregation
unit. I have been targetted by springfield officals and internal affairs
to be subjected to unwarrented drug test, dispite the fact that I have
been incarcerated for almost nine years and have never failed a drug
test (because I simply dont use drugs). My mailings are being inter-
cepted and withheld by prison offical (in some cases for over a month).
And I am being denied regulare access to the prison library by Warden
Briley and the law library supervisor (Ms.Mason) in order to thwrat my
litigations against the I.D.O.C.
And I an constantly being harassed and provoked into confrontations
by prison guards, Which may inevitably leedto a physical altercation.
I simply can not understand how  federal law enforcement officals
could have allowed me to continue to be in state custody when I have
already been involved in a seriouse altercation with prison guards,
The implications for me cooperating with law enforcement to criminally
indict these guards and the fact that I am clearly a prime target for
further retribution by prison officals and their staff. I am requesting
that your office look into this matter.
Thank you,

/S/ _____ ,

Mr.Fabian Santiago. #B-79716

Box.112   Joliet, Il 60434



**OFFICE OF THE ATTORNEY GENERAL**
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

March 14, 2005

Mr. Fabian Santiago, #B-79716
Stateville Correctional Center
Route 53
PO Box 112
Joliet, IL 60434

Dear Mr. Santiago:

I am in receipt of your correspondence directed to Attorney General Lisa Madigan in which you request assistance in gaining access to the law library. Please be advised that this office has no supervisory control over the Department of Corrections. You must address your concerns to your counselor.

Sincerely,

*Chris Higgerson ema*

Christopher L. Higgerson
Assistant Attorney General
General Law Bureau

CLH/lma

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** Santiago                Fabin                B79716
Last Name                    First Name         MI        ID#

**Facility:** Stateville

☐ Grievance (Local Grievance # (if applicable): 2-13-05 )   or   ☒ Correspondence

Received: 2/15/05   Regarding: Cell assignment / Law Library Access
Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☒ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☒ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL  62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL  62706

---

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
Date

☐ No justification provided for additional consideration.

---

**Other** (specify): Grievances received by this office will be
reviewed as expeditiously as possible.

Completed by: _____        S Benton              2/17/05
Print Name                            Signature                  Date

Distribution:   Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

To: Director Walker                                    Feb.13,2005


Re: Retribution, And denyal
of access to the court


            I have been having seriouse difficulty with
my current cell assignment and I have brought such matters to the
attention of the gallery officer (c/o Mclealand) and the cellhouse
Lt. (Lt.Wright) on numerouse occations that I cell change is absol-
utley neccessary to prevent a physical confrontation. I have even
filed an emergency grievance directly to Warden Brileys office
concerning this matter, yet my grievance has been burried in red
tape for the last 4 weeks without any responce or any corrective
action being taken. such cell changes are often allowed in order
to prevent problems between cellmates, in fact, many such cell moves
have been conducted for variouse inmates since I have made such a
request, yet my concerns have been left ignored. It is obviouse
that such action has been taken against me out of retribution for
reporting staff misconduct and because of my litigations against
the I.D.O.C. and in the hopes that I will end up in a physical
confrontation with my cellmate so prison officals might be able
to have me moved to the segregation unit.
Moreover, Warden Briley and the law library super visor (Ms.Mason)
have refused to allow me regular access to the prison library,
dispite the fact that, numerouse inmates who do nothing more than
socialize at the law library are being placed on a weekley basis
on the call line and I am continually being left to stuggle with
the Warden and the law library supervisor to be placed on the call
line. I have filed several grievances with regard to this matter
yet my concerns continue to go ignored. It is clear that such act-
ion to impede my access to the law library is being taken against
me because the great majority of my litigations involve the
employees of the I.D.O.C.
I am bringing these matters to your attention in the hopes that
your office will finally take corrective action to place an end
to such reprisal against me, for I have continually brought incid-
ents of retribution against me by prison staff to the attention
of your office and these instances have only been allowed to
transpire till this very day.


**RECEIVED**

**FEB 1 5 2005**

**OFFICE OF**
**INMATE ISSUES**

/s/ _____,

Fabian Santiago. #B-79716
P.O.Box.112   Joliet, Il 60434

1 of 4

ILLINOIS DEPARTMENT OF CORRECTIONS

# COMMITTED PERSON'S GRIEVANCE

| Date: Nov. 28, 2004 | Committed Person: (Please Print) Fabian Santiago | ID#: B-79716 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): ____________

☐ Disciplinary Report: ____/____/____ (Date of Report) ____________ (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On Nov. 17, 2004 I arrived at the Stateville C.C. and was interviewed by C/O Pansey and C/O Jane Doe in Internal Affairs who questioned me about being involved in a security threat group. Although I am not required to give answer one single question posed to me by the above mentioned prison guards, considering that my Miranda and Fifth Amendment rights protect me from such questioning and prison officials being forced to use such elected information against inmates, C/O Pansey and C/O Jane

**Relief Requested:** Page four (4) stated relief

☒ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] (Committed Person's Signature) B-79716 (ID#) 12/1/04 (Date)

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

**Date Received:** ____/____/____

☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** ____________

____________ Print Counselor's Name ____________ Counselor's Signature ____/____/____ Date of Response

## EMERGENCY REVIEW

**Date Received:** ____/____/____

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance

☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

____________ Chief Administrative Officer's Signature ____/____/____ Date

... for disks ... a threat ... of substance. I clearly stated to Clo Landey and Clo Land dee that I was not involved in a security threat group and that I only had a prior association with such as Black gangster disciple in Rock Island that was years ago, which was well over a decade ago. And considering these factors I could not be placed or categorized as a security threat group member.

Convictions are not admissible if a period of more than ten years has lapsed since the date of conviction or since the date of release from the person for that conviction. Rule 609 (b), Fed. R. Evid. Rule 404 (b), Fed. R. Evid. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity. Harris v. Davis, 874 F.2d 461, 464-465 (7th Cir. 1989). State courts must treat federal law as the law of the land and must freely open to litigants with federal claims on the same basis that they are open to other claims of action. Hackett v. Rose 496 U.S. 356, 572, 110 S.Ct. 2430, 2440-41, 110 L.Ed.2d 359.

The rules and regulations of the I.D.O.C. do not override judicial law and court rulings. If state and federal courts do not allow statements and evidence back to be presented to trial only that such affiliation or association with a security threat group that took place over a decade ago should never be taken into consideration by the I.D.O.C. when categorizing or labeling me as a security threat group. However, the I.D.O.C. has withheld records such as: (reclassification) simply to expand information and to file warrants out into prison system.

In regard to failing to uncover it in fact warrants were obviously reviewing that affiliation or association with a security threat group.

When C/o Fauber was made aware he could not
have he placed in a security threat about, because
his Association was well over a decade ago. He
(C/o Fauber) immediately because he placed and
stated federal law did not apply to a state
facility.

C/o Fauber statements clearly demonstrate his
deliberate willfulness to well established
court rulings. C/o Fauber and C/o James has continued
to Address he in an unprofessional manner, Acts.
seemly and intimidating substituting he.
The I.D.O.C. is well aware that I am not involved
in any security threat about yet I have been
placed in such status simply to have he black
listed and out of retribution threats Because of my
litigation against the I.D.O.C.

Which serves no technical of security interest.
I am well aware of the retaliatory tactics internal
affairs has been known to implement, such as: having
inmates subjected to dirty test, moved to high Aggression
cell units of sections other C/os to harass inmates
who are out spoken about such unlawful Abuses by
prison officials.

If I can Address prison officials if corrective action is
not taken to have he removed from security threat about
this matter I will wait to be brought before the court
And if C/o Fauber of internal affairs is allowed to
retaliate against he I will be seeking immediately
seeking injunctive relief in the form of and order
of protection.

3 of 4

RELIEF BEING REQUESTED

1.) C/O RAMSEY OF INTERNAL AFFAIRS BE SUS-
PENDED FOR THREE (3) DAYS WITHOUT PAY
AND TO BE REASSIGNED.

2.) THE I.D.O.C. TAKE THE NECESSARY ACTION
FROM TO PREVENT C/O RAMSEY AND INTERNAL AFFAIRS
FROM RETALIATING AGAINST ME.

3.) THE I.D.O.C. HAVE ME IMMEDIATELY REMOVED
FROM SECURITY THREAT GROUP STATUCES.

4 OF 4

1013

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| | | |
|---|---|---|
| **Date:** Nov. 28, 2004 | **Committed Person:** (Please Print) Fabian Santiago | **ID#:** B-79746 |
| **Present Facility:** Stateville C.C. | **Facility where grievance issue occurred:** Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☑ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): ______

☐ Disciplinary Report: ___/___/___ Date of Report ______ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I have over a dozen subscriptions to various publications, news papers ect. I often receive letters from relatives and have about a half dozen pending litigations in the state and federal courts, most of which are against the I.D.O.C.
I am often under statutory deadlines and court deadlines. If a judge issues a ruling which is inconsistent with established court law, then I must file my objection within ten (10) days of such a ruling.

**Relief Requested:** Officials cease from unreasonably withholding my mail and insure such mailing is delivered to me in a reasonable time period in compliance with federal law.

☑ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Committed Person's Signature — B-79746 ID# — 12, 1, 04 Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

**Date Received:** ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** ______

______ Print Counselor's Name ______ Counselor's Signature ___/___/___ Date of Response

**EMERGENCY REVIEW**

**Date Received:** ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature ___/___/___ Date

Distribution: Master File; Committed Person

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

Printed on Recycled Paper

...I would be unable to have and/or full access to the court and properly file my pleadings with the court within the required time frame because mail room staff have refused to perform their duties and have deliberately withheld the mailing of writs and/or pleadings 3 to 5 weeks from the post mark date before forwarding the mailing of writs to their destinations. To only add to the dilemma is the fact that courthouse staff have been known to misplace and even destroy the mailing of writs.

I usually receive mail on a daily basis and should not have to concern my subscriptions of default in any issues I have pending before the court because there is a substantial deprivation of the constitutional mailing system. These matters have been brought to the attention of the counselors, grievance officers, warden Bailey, the administrative review board, and director Roger B. Walker, Jr. yet no corrective action has been taken to halt an end to such unlawful practices.

I am not a slow deliberate practicer in fact I have sent every single delivery box I have been subjected to in all of my years incarcerated. I have never attempted to incite a prison uprising nor am I under investigation since no prison officials have no security concern of justifiable reason to withhold any of my mailings.

The federal courts have held that there is a constitutional right to have mail delivered or forwarded timely. See Richmond v. Choctaw County, Ala. 498 F. Supp. 295, 311 (S.D. Ala. 1980); Taylor v. Reid, 484 F. Supp. 1330, 1332 (D. Colo. 1980); Sherman v. McDonald, 656 F.2d 527, 528 (9th Cir. 1981), affording a timely regulation delivery within 24 hours...

As a matter of law a continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). This principle has been applied to prison litigation. Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989) Williams v. Lane 646 F.Supp. 1379, 1409 (N.D. Ill. 1986). Affd. 851 F.2d 867 (7th Cir. 1988) Cert. denied, 109 S.Ct. 879 (1989) In Elrod, a plurality held that the loss of 1st Amendment freedom for a minimal period of time unquestionably constitutes irreparable harm.

## AFFIDAVIT

I, Scott Shaffer, Hereby decleaR under penaly of perjury that the foregoing statements contained herein are true and correct to the best of my knowledge and recollection. I am being housed in the E-unit cell 923 of the stateville.c.c. Where Mr.Fabian Santiago # B-79716 has been located in the ajoining cell (924). The state-ville.c.c. has been having seriouse difficulties with the timley delivery of inmate mail, Causing a delay averaging a ten (10) day periode from the post mark date.

I myself have experianced some difficuly with the delivery of my mailings, But nothing like the seriouse problems that Mr.Santiago has experianced. I recieve a subscription to the U.S.A. Today News-paper, So I am usually at my ceel bars awaiting delivery of my mail-ings and I am aware of Mr.Santiago also having a subscription to the Chicago Tribune and have personally witnessed Mr.santiago recieving his Tribunes an average of two week (14) days late, Dispite the fact that such mailings are delivered on a daley basis to the insitution. Most inmates at the facility have been having such difficulty with the delivery of their mailing that inmates are often complaining about such matters.

But Mr.santiago has experianced especially difficult delemas with not only the delivery of his Tribune Newspapers, But with the over-all delivery of all mailing in general as well as his legal mailings. Mr.Santiago has been known to have been reporting staff misconduct and initiating litigation against the I.D.O.C. and it is a wide known practice for prison officals to target and retaliate against inmates who exercize their first amendment right against the department of corrections, And such retribution often involves the interception tampering and witholding of mail.

Respectfully Submitted,

/s/ _Scott Shaff_

Scott Shaffer.
# S-01367
Box.112
Joliet, Il 60434

**AFFIDAVIT**

I, Hunter Triplett, Hereby declear under penalty of perjury that the foregoing statements contained herein are true and correct to the best of my knowledge and recollection. I am being housed in the e-unit cell 924 at the stateville.c.c. and am the cellmate of inmate Mr.Fabian Santiago. # B-79716. I have known Mr.Santiago to have a subscription to the Chicago Tribune Newspaper in which the cellhouse staff on the second shift have been delivering to Mr.Santiago an average of two weeks (14) days late, Dispite the fact that the institution recieves such mailings on a daley basis from the distibutors. Not only have Mr.Santiago Tribune Newspapers been delivered and average of two weeks late, But Mr.Santiagos mailings in general from relatives and legal mailing have been delivered extensivly late. Inmates throughout the facility experience a constant delema of having their mailings delivered extinsively late, But Mr.Santiago in particular has experience especially difficult trils with the delivery of his mailings.

Mr.Santiago has been known to have been reporting staff misconduct and initiating litigation against the I.D.O.C., Which has made Mr.-Santiago a target for retribution by prison officals . Such reprisal often involves the interception, Tampering, Distruction and witholding of inmate mailing. Although such practices are clearly unlawful, They are a well known and pervasive practice by prison officals at the stateville.c.c.

I myself have witnessed Mr.Santiago file grievances with regard to such matters as well as bring these abuses to the attention of counselor Mr.Butkiewicz with no  steaps being taken to place an end to this misconduct.

Respectfully Submitted,

/s/ *Hunter Triplett*

Hunter Triplett.
# B-68677
Box.112
Joliet,Il 60434

## AFFIDAVIT

       I, Fabian Santiago, Hearby declear under penalty of perjury that the foregoing statements contained hearin are true and correct in substance and fact to the best of my knowledge and recollection. I filed a grievance dated: Nov.28,2004 regardinf a c/o Mr.Ramsey of internal affairs having me black listed and placed on a security threat group criteria. Counselor Mr.E.Butkiewicz reveiwed this matter and claimed he (Mr.Butkiewicz) was unable to read my writting dispite the fact that this counselor had reviewed numerouse handwritten grievances of mine. If Mr.Butkiewicz truly had any difficulty deciphering my handwritting the counselor could of easily had personally questioned me about the matter, yet it seems that Mr.-Butkiewicz was attempting to do nothing more than search for whatever excuse imaginable not to address the wide spead misconduct and abuses of internal affairs personel.

The internal affairs unit throughout these facilities has been known to have been using unlawful means in which to presure, Extort, Blacklist, And turn inmates out into personal sniches for the means in which to obtain gang intelligence, And inmates who have refused to simply be subjected to such abuse and speak out against such practices have been targetted for harrassment or retribution.

I am not involved in any security threat group and prison officals are well aware of this fact , yet I am being blacklisted and placed in such statue simply because I refuse to go along with becoming the personal snich of internal affairs and because I am a known litigator against the I.D.O.C.

These unlawful practices serve no true lagitimite penological interest especially since I have no business being classifide in such a statuce. The counselors, The Grievance officers, Warden Briley, The (A.R.B.), And director Walker have been aware of such abuses and have refused to take corrective action to place an end to these unlawfull and unwritten polocies.

It is long overdue for prison offical to make it loud and clear that they do not condone or will tollerate such practices by the internal affairs personel, And finally take the neccessary steaps to place an end to such tactices.

Executed on: Jan.17,2005

              /s/ _____,

              Fabian Santiago.  #B-79716
                    Box.112
                Joliet,Il 60434

## **AFFIDAVIT**


        I, Fabian Santiago, Hearby declare under penalty of per-
jury that the foregoing statements contained herein are true and
correct in subtance and fact to the best of my knowlede and recoll-
ection. I have a subscription to the Chicago Tribune Newspaper as
well as subscription to over a dozen publications and since my tran-
sfer to the Stateville.c.c. I have been recieving my Tribunes an
average of two weeks late, These newspapers are to be delivered to
me on a dayly bases, yet are being witheld togeather with my publi-
cations from delivery to me by mail room personel. I have not reci-
eved a letter from my relatives in over a month and a half, Which
is highly unusual and more than likly due to mail room staff with-
olding and failing to deliver my mail within a reasonable periode
of time.
I have a great deal of pending litigation in the state and federal
courts and such delays will more than likly contribute and be the
derect result of me missing a court or statutory deadline. God only
knows what other mailings of mine are being witheld, Mishandled,
or distroyed by mail room personel. I have filed a grievance dated
Nov.28,2004 regarding this issue and I am not the first to have
complained or filed a grievance on this matter, So the counselors,
Grievance officers, Warden Briley, (A.R.B.), and director Walker
are fully aware of this ongoing practice, yet have sought out to
conceal such abuses instead of taking corrective action. Since no
corrective action has been taken to place an end to such a break-
down in the instatutional mailing system, These practices have only
been allowed to continue.


January,17,2005


/S/ _____

        Fabian Santiago.
        # B-79716
        Box.112
        Joliet,Il 60434

**AFFIDAIT**

I, Fabian santiago, Hereby declar under penalty of perjury that I
have filed a grievance dated: february 2, 2005 concerning the
systematice explotation of the institutional mailing system
in which my mailings have been unreasonable witheld from delivery
to me or have been distroyed, Stolen, Ect.
That the staements contained in this grievance are true and
correct in substance and fact to the best of my knowledge and
recollection.
That I have filed a prior grievance regarding this issue which haS
Been left without any coorective action on the part of prison officals
and as a result these incidents have been left to continue to trans-
pire resulting in even further instances of the unreasonable with-
olding and theft of my mailings, Publications, Chicago Tribune News-
papers, Ext.
i have read and fully understood the accounts in which I have given
in my grievance of february 2, 2005 and believe them to be acuate
in all their detail.

respectfully Submitted,

/S/ _____

Fabian Santiago.

# B-79716

Box.112

Joliet, Il 60434

Executed on Feb.3,2005

12-6-04

Dearest Talvar,

Hoping you are in better health,
and state of mind, when you
received this letter.

I wanted you to, please
be patient with me in regards
to your request above.

Your money, we reminded
Pete over and over again.
to take of the situation.
but I guess with the
holdaps just past. He
had a lot in his mind

Pete will send you
a list of your expenses
and a balance in your
cash, you have coming to
you. He mentioned about
this weekend you'll will
be recieving all of
your money the only thing
missing is your withdrawals
of the money you needed!

The lady that was to be
paid 400 ⁰⁰ was paid in full!

Love You Always
Grammery

Cllsmer

Dear Fabian,                    1/19/2005

I am writing to you to
let you know. that Pete
went down to Joliet and
personally gave the money
to the people in charge
of handling it. And he wrote
you a letter. You need to let
Us know if you received
it as soon as possiable.
Cause its very important
that you let Us know. Also
I never took your money
its all there. And also
I went down like you
request and you need to
put me down on the list
if you want me to go
let me know when I am
on the list first. Cause
I went and they said
I can't Cause I'm not on
the list. I hope you use
that money wisely not
like the $400 you request
for no good.

                    Take Care
                    Love You
                    always
                    Grandma Colmen
                      X O X O X

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: Feb.11,2005 | Committed Person: (Please Print) Fabian Santiago | | ID#: B-79716 |
|---|---|---|---|
| Present Facility: Stateville.c.c. | | Facility where grievance issue occurred: Stateville.c.c. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☒ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): _____

☐ Disciplinary Report: ___/___/___
Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:**    On the date of Feb.10,2005 I forwarded two packages
to the Levingston county courthouse and attorney generals office
regarding pending litigation I have in the cause of: Santiago Vs. Walker
Civil no. 04-MR-135. I forwarded to the court a motion for reconsideration
in which I was under a court deadline to submit such a pleading to the
court, So it was critical for these mailings to be forwarded out of the
institution immediately. On Feb.10,2005 I also forwarded almost a dozen
other letters to: governor Blagojevich, Congressmen Bobby rush and
Danny Davis. The Chiago Tribune and the Chicago daily law bulletin, Ect.
These mailings were sapose to be taken up to mail room staff to be

**Relief Requested:**

PAGE THREE (3) STATES RELIEF

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature        ID#        Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 2 /25 / 05    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: I The mail is handled e quikler as possible

E.Bitkiawica                    S. Bt.                    2 /25 / 05
Print Counselor's Name        Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____                    ___/___/___
Chief Administrative Officer's Signature            Date

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE  (Continued)

processed for such legal documentation, Correspondences, Ect. to be
transfered out of the facility and to its destination by U.S. postal
carrier. This task is to be preformed by prison staff on the 3:00 PM
to 11:00 PM shift, yet none of the mailing for Feb 10,2005 was ever
processed. The mailing for Feb 10,2005 was simply left in a bag on one
gallery unaddressed by prison guards. Their is a systematic breakdown
of the processing of inmate mail at the Stateville.c.c. were inmates
often recieve their mailings an average of 2½ to 3 weeks from the post
mark date (at the earliest) and to only add to this delema is the fact
that cellhouse staff in evryone of these units has often engaged in
•the practic of refusing to take all mailing to the front for processing
by mail room staff. Staff members on the second shift have also been
known not only to distroy and discard the mailings of inmates that they
dislike, But to also refuse to pass out the mailing of inmates on a
daily basis and claiming that the cellhouse did not recieve mail to
pass out. This is an egregiouse abuse that is a wide spead practice
at this facility wich has gone unchecked by the asst. Warden of opper-
ations (Mr.Jones) and Warden briley.
The mailing of inmates is often left to sit in the cellhouse for 2 to 3
days before it is finally forwarded out of the cellhouse and submitted
for processing. Lt.Harris was assigned to the E-unit on Feb.10,2005
and this Lt. was obligated and required to insure that the mailing in
the cellhouse is processed on a daily basis, yet simply allowed staff
to sit on their ass and let the mail sit in the cellhouse for an additional
several days. Lt.Wright who works the 7:00 AM to 3:00 PM shift often
sees that a bag full of mail is left in the cellhouse that has not been
processed by the 3:00 PM to 11:00 PM shift, yet this Lt. has refused to
speak to, Write up or leave a note to the 3:00 PM to 11:00 Pm Lt. that
his staff needs to start processing and leaving bags of mail sit in the
cellhouse for days at a time. This is the unwritten protocol at this
institution were prison staff hold a complete and flagrant indifference
tordes inmates, refuse to preform the duties which their assignments
require and make evry effort to conceal these abuses and retalliate against
inmates who document such misconduct through the grievance procedure.
I myself have missed court mandated deadlines because of this unlaw full
practice by prison guards and often recieve mailings that are 4 weeks
if not a month old and the counselors, grievance officerss, Warden Briley,
the A.R.B. and director Walker have been fully aware of this outragiouse
abuse, yet have refused to take corrective action and have allowed this
practice to continue for (years) at this facility.

## RELIEF BEING REQUESTED

1.) Warden Briley and Asst. Warden Jones employment with the I.D.O.C. be terminated for allowing and refusing to take immediate action to place an end to prison staff witholding, distroying, and mishandling the mailing of inmates.

2.) Lt.Harris and Lt.Wright be suspended for three days without pay an removed from the E-unit (reassignment) for refusing to preform their duties and condoning the mailings of inmates to be witheld, distroyed and mishandled by prison guards.

3) Immediate action be taken to place an end to the practice of mail room staff from witholding and delivering the mailings of inmates 3 to 4 weeks from the postmark date.

4.) Prison officals take immediate action to place an end to the practic of cellhouse staff throughout the Stateville.c.c. from witholding, distroying and mishandling the mailings of inmates and to insure that such mailings are forwarded to the mail room staff on a daily basis for processing of such mail out of the facility.

5.) I be compensated in the amount of $10,000.00 for actual, monitary, compensatory and pain and suffering.
I be compensated in the amount of $50,000.00 in punitive damages.

6.) The appropreate steaps are taken to insure that no retallitory action is taken against me for reporting and documenting these staff abuses through the grievance procedure.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE**

| Date: Feb.24,2005 | Committed Person: (Please Print) Fabian Santiago | ID#: B-79716 |
|---|---|---|

| Present Facility: Stateville.c.c. | Facility where grievance issue occurred: Stateville.c.c. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): denyal of access to the court

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ___I have several pending litigations in the state and federal courts and often receive mail about three days out of the week from the courts placing me under statutory of court ordered deadlines I received notification from the levingston county court that a hearing had been set for March 2,2005 concerning a motion I filed for a recusal of counsel. I needed to file a memorandum of case law with the court to further support my arguments in the pending cause and dispite Ms.Mason having full knowledge that I be provided with regulare access to the law library (at least once a week) just like most inmates are afforded, I was not placed on the call line list for the fourth week of Feb. Since

Relief Requested: ___ PAGE THREE (3) states relief ___

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature         ID#         Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 3/1/05    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: You have been put on the Library list.

E. Bitkiewic    [signature]    3-2-05
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____    ___/___/___
Chief Administrative Officer's Signature    Date

I was not placed on the call line for Feb 22,2005 I spoke to three seperate
inmates to inform Ms.Mason that it was critical for me to be placed on the
call line for the fourth week of Feb. so that all my pleadings would be
filed and before the court (before) the hearing date of March 2,2005.
I also gave another inmate some documents of mine with a signed money
voucher for copying because I needed those documents fild with the;
U.S. district court–southern district (and) the Levingston county court.
Ms.Mason notifide the inmate that I gave my legal pleadings to that she
did not want any inmates bringing my legal documents to the law library.
because if my documents were not returned back to me by the inmate that
I handed my pleadings to that I would end up filing a grievance on Ms.Mason
for the incident. If i intrusted an inmate with insuring that my legal
documents were copied, Then obviously I also intrust that inmate to return
those same pleadings back to me as soon as those copies are completed.
I could not send my documents through the mail to Ms.Mason because this
women would of taken an average of 10 to 14 days to have returned my
documents back to me and further impeding my efforts to file my pleadings
with the court. Ms.Mason can not be held responceable when I intrust another
inmate to take my legal work to the law library for copying, So Ms.Mason
had absolutely nothing to worry about. Ms.Mason not only refused to have
me placed on the call linr for Feb.22,2005; but is now refusing to allow
me to simply give my legal work to another inmate so I might be able to
file my pleadings with the court and meet statutory or court ordered
deadlines or court hearings.
Ms.Masons actions are clearly out of retribution against me for reporting
her acts of misconduct against me through the grievance procedure. Ms.Mason
is implementing evry means imaginable to sabatage my litigations before
the courts because the majority of my litigations involve civil actios
against the employees of the I.D.O.C. Ms.Mason also assured the other three
inmates that I asked to inform her of my deadline that I would beplaced
on the call line for Feb.24,2005, yet Ms.Mason lied to those inmates and
never had me placed on the call line for the fourth week of Feb. I have
already fild several grievances concerning Ms.Mason continually retalliating
against me, Impeding my access to the court and denying me regulare access
to the prison library on a weekly basis. These matters have been brought
to the attention of counselor Butkiewicz, The grievance officer, Warden
Briley and Director Walker, yet no corrective action has been taken to
prevent Ms.Mason from continuing to carry out acts of reprisal against me.
These factors clearly establish that (all) of the above mentioned officals
have condoned if not sanctioned these incidents of retribution against me
because I have reported staff misconduct through the grievance procedur and
initiated litigation against the I.D.O.C. I also forwarded Mr.butkiewicz a
letter on Feb.22,2005 informing him of this matter, yet he took no correctiv
action

## RELIEF BEING REQUESTED

1.) Director Walker, Warden Briley and Ms.Masons employment with the I.D.O.C. be terminated for continually allowing and condoning incidents of reprisal against me for my litigations against the I.D.O.C. and impeding my access to the courts.

2.) Counselor Butkiewicz and Grievance officer John/Jane Doe be suspended for three days without pay for refusing take the necessary steaps to insure that I am afforded adiquite access to the court and no further acts of retribution are taken against me.

3.) Immediate action is taken to insure that no further acts of retribution are taken against me and that I am afforded regulare access to the prison law library.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: Feb.26,2005 | Committed Person: (Please Print) Fabian Santiago | | ID#: B-79716 |
|---|---|---|---|
| **Present Facility:** Stateville.c.c. | | **Facility where grievance issue occurred:** stateville.c.c. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability   Retalliation
☒ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☐ Other (specify): _____
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report ___/___/___
　　　　　　　　　　　Date of Report　　　　　　　　　　　Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:**　On the above date, As I was exiting the chowhall to

come back to the cellhouse c/o Ramseys of internal affairs was speaking

to c/o Taylor and as c/o Taylor looked directly at me, c/o Ramseys

knoded his head as if I was being pointed out. c/o Taylor than called

me out of the line and forcefully conducted a body search of my person.

c/o Taylor agresively grabed my body and shook me down, While c/oRamsey

glanced at c/o Taylor in approval. I have already filed several grievances

against c/o Ramseys for his acts of misconduct and retribution against me

So it was crystal clear that c/o Ramseys was targetting me out of reprisal

for documenting his egregiouse abuses against me through the established

**Relief Requested:**　ARB (3) STATES RELIEF

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____
Committed Person's Signature　　　　　　　ID#　　　　　　　Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____　　_____　　___/___/___
Print Counselor's Name　　　　Counselor's Signature　　　Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____　　　　　　　　　　___/___/___
Chief Administrative Officer's Signature　　　　　　　　　Date

Distribution: Master File; Committed Person　　　　Page 1　　　　DOC 0046 (Eff.10/2001)
　　　　　　　　　　　　　　　Printed on Recycled Paper　　　　(Replaces DC 5657)

grievance procedure. It could not have been more evident that these two prison guards were trying to provoke me into a confrontation because I have reported staff abuse. c/o Ramsey has been involved in covering up prison guards brutally assaulting inmates and continually committing all forms of abuse, yet prison officals have refused to take corrective action in order to prevent such misconduct from transpiring. I have already filed numerouse grievances regarding prison guards continually targetting me for retribution, yet warden Briley and Director Walker have refused to take the necessary steaps to place an end to these abuses because I have documented these incidents through the filing of grievances, Initiating litigation against the I.D.O.C. and because I have cooperated with law enforcement to criminally indict several prison guards. these incidents have been pervasive and warden Briley and Director walker have had full knowledge of such instances and have made evry effort to conceal these incidents because of the liabilities involved. Inmates who speak out against the corrupt practices of the I.D.O.C. are often made a prime targett for retribution, Which has lead to the majority of such incidents going unreported and a wall of silence amoungst both inmates and especially prison guards.

If Director walker, warden Briley and officals of internal affairs are directly involved and concealing wide spead corruption and misconduct Then who the fuck is monitoring the unlawful practices of these officals to insure that corrective action is taken. It is simply unbelieveable considering all the incidents of reprisal against me that have already taken place that all of the above named offical continue to play ignorant and have left such abuses to go unchecked. I am tired of filing all of these god damn grievances and being subjected to actions by prison guards that may more than likely incite and provoke a physical confrontation.

If Waden Briley continues to refuse to place an end to such practices against me I will be (filing for an order of protection) with the court. and if prison offical do not comply with that court order I will be moving to have Warden Briley brought up on charges of contempt.

Warden Briley and Director Walker are fully aware that I fully intend on bringing such matters before the court and these officals may get away with committing such abuses against me now, But their isnt going to be any settling out of court with me and when evrything is side and done these corrupt officals will be held fully accountable for their unexceptable misconduct.

## RELIEF BEING REQUESTED

1.) Director Walker and Warden Brileys employment with the I.D.O.C.
be terminated for having full knowledge and condoning and or sanctioning
acts of retribution against me for reporting staff misconduct and init-
iating litigation against the I.D.O.C.

2.) c/o Ramseys and c/o Taylors employment with the I.D.O.C. be term-
inated for targetting me for retribution and provoking me into physical
confrontations for reporting c/o Ramseys misconduct.

3.) Immediate action be taken to prevent any further acts of retribution
against me by prison guards in order to insure that a physical confron-
tation does not result.

4.) this matter and all incidents of prison officals and their employees
committing acts of reprisal against me for reportinf staff misconduct
and initiating litigation against the I.D.O.C., Which I have documented
through the established grievance procedure be refered to the U.S. Attornies
office for the nothern district of Ill. (Mr.Patric Fitzgerald)

## AFFIDAVIT

I, Fabian Santiago, Hereby declare under penalty of perjury that the foregoing statements contained herein are true and correct in substance and fact to the best of my knowledge and recollection.

Because of my litigations against the I.D.O.C. and reporting the misconduct of prison guards I have been continually subjected to acts of retribution by numerouse prison employees in the form of: Harassment and being provoked into physical confrontations by guards, having my mailings witheld for unreasonable periodes of time averaging 3 to 4 weeks before delivery, Being denied regulare access to the prison library, and being placed into a cell with an inmate prison officals have been fully aware of that I have been having seriouse problems with, yet refuse to conduct a cell change for me in the hopes that I will eventually end up in a physical confrontation so that I am sent to the segregation unit.

I have already filed several grievances regarding internal affairs c/o Ramseys continually committing acts of misconduct and reprisal against me, yet prison officals have refused to take corrective action which has allowed this c/o (Ramsey) as well as numerouse other prison guards to continually commit all forms of unlawful abuses against me. In the last several weeks alone I have been systematically targetted by prison guards at the chowhall for body searches. Within the last 14 days I have been searched at least a dozen times without any justification by guards to conduct such body searches. Prison guards are to conduct such searches randomly without prejudice, But it could not be anymore evident that I am being pin pointed for these searches because word throughout this prison often spread rampide and I am now an inmate known for litigating and reporting staff misconduct.

Prison officals and their employees are strickley prohibited from retaliating against inmates for initiating litigation against the I.D.O.C. or documenting the unlawful acts of misconduct by prison guards.

These matters have been continually brought to the attention of my assigned counselor Mr.Butkiewicz, The Grievances officer, Warden Briley and director Walker, yet no action has been taken to insure that these abuses are prevented from continuing, Which clearly supports the fact that all of the above mentioned officals have condoned if not sanctioned these instances.

/s/ _____,

1 of 1

Mr.Fabian Santiago. #B-79716

Box.112    Joliet, Il 60434

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

1 of 3

| Date: Jan. 8, 2005 | Committed Person: (Please Print) Fabian Santiago | | ID#: B-79716 |
|---|---|---|---|
| Present Facility: Stateville.c.c. | Facility where grievance issue occurred: | Stateville.c.c. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___  _____
  Date of Report                  Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I have been attempting for the last several weeks now, to obtain a cell change, Because I am currently being confind in a cell with an inmate I am otherwise unable to live in the same cell with. Their is serious tention between me and my current celly inmate Tippley and a cell change is absolutely neccessary. I have brought this matter to the attention of c/o Mclean, Sgt.War, Sgt.- Jonh doe, Lt.wright and Warden Briley as well as counselor E.Butkiewicz yet no corrective action has been taken. I have even requested to be move in cell 917 with inmate Ross # B-60461 in order to prevent simplely being moved into a cell with another inmate I may have difficuly with,

**Relief Requested:** _____

PAGE THREE (3) STATES RELIEF

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  # B-79716    1 / 8 / 05
Committed Person's Signature        ID#           Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____
_____
_____
_____

_____        _____        ___/___/___
Print Counselor's Name              Counselor's Signature     Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____        ___/___/___
Chief Administrative Officer's Signature        Date

But prison offical have gone out of their way to insure I am continuousley placed into cells with inmates I am unable to live in the same cell with These simple cell moves which often take an average of two (2) minutes to coduct are often allowed for inmates who are attempting to avoid problems or physical confrontations with their cellies, yet no such steaps have been taken on my behalf, In fact it is clear prison officals have gone out of their way to make my incarceration ten times more difficult than the average inmate, Because I have reported staff misconduct through the established grievance procedure, Have initiated various litigations against the I.D.O.C., And have cooperated with law-enforcement to criminally indict variouse prison guards at the Menard and Pontiac.c.c. On Jan.8,2005 after returning from the infermary c/o Jhon doe (Who was working the cellhouse door) locked me in the holding cage refusing to allow me to lockup in my cell because c/o Mcleleand (Who was assigned to nine gallery) refused to stop socializing in the office with other prison guards and do his job, Which required c/o Mcleland to take me to my cell instead of sitting on his ass in some office talking shit. I was left in this holding cage for an hour to an hour and a half. At least 3to4 other inmates were taken to their cells without any problem, yet c/o McLeland deliberately left me in the cage out of spite and to provoke me into a confrontation.

When I was finally taken to my cell the gallery had several inmates roming freely and the gallery gate was open at all times, So I could of easily been allowed to go up to my gallery instead of being detained in the holding cage for over an hour to an hour and a haif. It is more than obviouse c/o McLeland was searching for whatever reason to harass and provoke me into some sort of verbal or physical confrontation. If I were a gangmember providing prison officals with information or looking the other way when it came to prison guards committing unlawful misconduct, Iwould not have to endore any harassment by guards and my request for a cell change would of been conducted long ago. It is crystal clear that Warden Briley has condoned if not sanctioned such abuses against me for exercising my first amendment right against the I.D.O.C. and I can asure Mr.Briley that if I continue to be placed in situation of being provoked into physical confrontations and a fight between me, Staff or inmate insues, It will not be simple civil action that Warden Briley will have to deal with, But with a formal investigation that may possibley initiated by the U.S.Attornies offic, for I have evry intention of filing a civil rights complaint if such matters end up developing into such a delema.

The Stateville.c.c. is the most currupt of all prison facilities in the state of Ill. even when taking all the corruption that plages all of these prison instatations and action needs to be taken to place an end to these practices that are considered the norm.

## RELIEF BEING REQUESTED

1.) Warden Brileys employment with the I.D.O.C. be terminated for allowing continuouse retribution against me for reporting staff misconduct and for seeking litigation against the I.D.O.C.

2.) C/O McLeland, Sgt.War, Lt.Wright, Sgt.Jhon Doe, C/O Jhon Doe be suspended for three (3) day without pay for their acts of misconduct or reprisal against me.

3.) Immediate action be taken to insure no further acts of retribution are taken against me by prison employees.

4.) I be allowed a cell transfer to cell 917 with inmate Ross # B-60461 in order to prevent prison guard from continuley placing me into cells with inmates they know I will be unable to live in the same cell with.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

1 OF 3

| Date: March 2, 2005 | Committed Person: (Please Print) Fabian Santiago | | ID#: B-79716 |
|---|---|---|---|
| Present Facility: Stateville.c.c | | Facility where grievance issue occurred: Stateville.c.c. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property     ☐ Mail Handling     ☐ Restoration of Good Time     ☐ Disability
☒ Staff Conduct     ☐ Dietary     ☐ Medical Treatment     ☒ Other (specify): Retalliation
☐ Transfer Denial by Facility     ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report ___/___/___
Date of Report                                        Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

**Brief Summary of Grievance:**     During the fourth week of feb. I made numerous request
both to my assigned counselor Mr.Butkiewicz and the law library supervisor
Ms.Mason to have me placed on the law library call line because I had a
very large number of documents which I needed to obtain from my stored
property box at the library to have copied and forwarded out of the facil-
ity. These documents concerned my criminal as well as variouse civil actions
that I have pending in both the federal and state courts. Mr.Butkiewicz
and Ms.Mason failed to have me placed on the call line for the fourth week
of Feb. and when I attempted to have an inmate go to the law library with
some documents of mine for copying, Ms.Mason intimidated and coerced the

**Relief Requested:**

RELIEF BEING REQUESTED IS ON PAGE THREE (3)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     ___/___/___
Committed Person's Signature                     ID#                     Date
(Continue on reverse side if necessary)

| **Counselor's Response (If applicable)** | | |
|---|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____     _____     ___/___/___
Print Counselor's Name                     Counselor's Signature                     Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

_____     ___/___/___
Chief Administrative Officer's Signature                     Date

inmate into not bringing any more of my legal papers to the law library
for copying if I was not on the call line to personally obtain such copies
myself. The material which I gave to the inmate for copying was cleary legal
and I furnished a signed money voucher with my legal pleadings to cover the
cost of such copies. Never has Ms.Mason had any problems with inmates obtain-
ing copies in such a manner and the only reason I gave someone else my
legal documents for copying was because Ms.Mason refused to have me placed
on the list dispite the fact that she was fully aware of my need to have
access to the law library. Ms.Mason has taken such action against me out
of retribution for reporting her acts of misconduct against me through the
grievances. Ms.Mason finally had me placed on the call line for March 1,2005
yet the copy machine was coincidentally down (not working) So Ms.Mason
having me placed on the call line while the copy machine was not working
served absolutely no perpose because I was completely prevented from
obtaining the copies which I needed to forward out of the institution.
Both Ms.Mason and Ms.Baker were aware of the large number of documents that
I needed to have submitted to the courts and to variouse other destinations
yet refused to provide me with a memo or letter stating the the copy
machine was down and giving me a means to show the court why I was untimely
in the filings of my pleadings.
These two law library supervisors never even offered to have me placed on
the call line for March 3, 2005 so I could obtain my copies at the earliest
possible time. I have already filed about a half dozen grievances regarding
Ms.Mason committing numerouse acts of misconduct and retribution against
me yet no action has been taken to prevent this women from continuing in
her abuses, Which has already resulted in me missing several statutory
or court mandated deadlines. Ms.Mason and Ms.Baker have absolutely no
business in a supervisory role at the law library, They are completely
incompetent, Have no sense of direction, and are blatantly indifferent
to the critical need for inmates to obtain adiquite access to the court.
The fact that these employees have and continue to commit acts of reprisal
against me for simply seeking corrective action for their misconduct clearly
establishes this fact. Ms.Mason, Ms.Baker and counselor Butkiewicz are fully
aware that I have almost a half dozen pending litigations in the state and
federal courts and that my access to the prison library on a weekly basis is
critical, yet they have refused to allow me regulare access to the library
in order to impede my access to the court and sabatage my litigations, Beca-
use the great majorty of my litigations involve employees of the I.D.O.C.
and because these offical are fully aware that I intend on seeking civil
action against variouse employees at the Stateville.c.c.
Moreover, Warden Briley and Director Walker have been made aware of such
abuses being committed against me and have refused to take corrective
action.

## RELIEF BEING REQUESTED

1.) Director Walker and Warden Brileies employment with the I.D.O.C. be terminated for having full knowledge and refusing to place an end to prison offical targetting me for retribution for initiating civil action against the employees of the I.D.O.C.

2.) Ms.Mason, Ms.Baker and counselor Butkiewicz employment with the I.D.O.C. be terminated for committing offical acts of misconduct against me and retribution for reporting their abuses against me through the grievance procedure and for initiating litigation against the employess of the I.D.O.C.

3.) Immediate action be taken to insure that none of any of the above mentioned employees commit any further acts of misconduct and retribution against me.

4.) Prison offical insure that I am given adiquit and regulare access to the prison library on a weekly basis, just as all other inmates are afforded, So that I am able to properly reseach and prepar my pleadings to the court.

3 of 3

Plaintiff,

)
) Case No. 04 -1429
)

v.

)
)

ROGER E. WALKER

)
)

Defendant

PROOF/CERTIFICATE OF SERVICE

TO: COURT CLERK

201 SOUTH VINE
218 U.S. COURTHOUSE
URBANA, IL 61801

TO:
Atty GENERAL
500 S. SECOND ST
SPRINGFIELD, IL 62706

PLEASE TAKE NOTICE that on MARCH 22, 20 06, I have placed the documents listed below in the institutional mail at STATEVILLE Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: PLAINTIFFS MOTION
CLARIFYING FILING FEE PAYMENT

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 3/22/05

/s/ [signature]
NAME: FABIAN SANTIAGO
IDOC#: B-79716

STATEVILLE Correctional Center
P.O. BOX 112
JOLIET IL 60434

Revised Jan 2002