IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago.                              Civil No. 1:04-CV-1429

    Vs.

Roger E. Walker, Jr. Et.Al;   **FILED**        Judge, Harold A. Baker

AUG 1 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

PLAINTIFF'S MOTION FOR RECONSIDERATION/REINSTATMENT OF THE CAUSE @ TO AMEND THE COMPLAINT
THE PLAINTIFF IS REQUESTING LEAVE TO AMEND

Now comes the plaintiff, Fabian Santiago, pro-se and prays that the honorable court grant the plaintiffs motion for reconsideration/reinstatment of the cause and to amend the plaintiffs amended complaint for the sole purpose of submitting a new caption page. In support thereof, the plaintiff states as follows:

1.) On the date of August 8, 2005, Judge Baker issued an order terminating the plaintiffs cause for failure to state a claim against defendant Roger E. Walker, Jr. and for failing to include the names of all defendants on the caption page of the plaintiffs amended complaint. The plaintiff seeks the reinstatement of his cause and the oppertunity to amend his complaint for the sole purpose of submitting a new caption page naming all defendants. The plaintiff being allowed the oppertunity to submit a new caption page will in no way prejudice any of the defendants since no service has ever been issued with regard to this cause.

2.) The court mistakenly concluded that the plaintiff failed to state a claim against defendant Walker, dispite the plaintiff notifying Roger E. Walker, Jr. on numerouse occations through letters and the filing of grievances that the plaintiffs correspondences legal documentations, grievances, publications, etc. were systematically being intercepted and unreasonably witheld for weeks if not months at a time or distroyed.

3.) Defendant Walker refused to take corrective action and place an end to the plaintiff continually being retaliated against in the form of: the plaintiffs mailings, legal documentations, grievances, publication, etc. being intercepted and witheld for unreasonable periodes of time or distroyed because the plaintiff was known for reporting staff misconduct through the grievance procedure, corresponding with public officals, news organizations and law enforcement about the wide spread abuse of prison guards against inmates and litigating against the I.D.O.C.

4.) When considering to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes all allegations as true, viewing all facts - as well as any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. Bethlehem steel corp. Vs. Bush, 918 F.2d 1323 (7th cir.1990) Dismissal should be denied whenever it appears that a basis for federal jurisdiction exist or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207, quoting Littleton Vs. Berbling, 468 F.2d 389 (7th cir.1972).

5.) The allegation of a pro-se complaint are to be liberally construed, Antonell vs. Sheahan, 81 F.3d 1422, 1427 (7th cir.1996). The plaintiff need not plead particular legal theories or particular facts in order to state a claim. Bennett Vs. Schmitt, 153 F.3d 516, 518-19 (7th cir.1998). All that is required is a short and plain statement of the claim that will give the defendants fair notice of what the plaintiff claim is and the ground upon which it rest. Leatherman Vs. Tarrant county narcotics intelligence and coordination unit, 507 U.S. 163, 168 113 S.Ct 1160, 122 L.Ed.2d 517 (1993).
A diet of raw cabbage and meal loaf stated an 8th amendment claim Fed.R.Civ.P.8(A)(2) requires requires only that a short and plain statement be made showing that the pleader is entitled to relief. Phelps Vs. Kapnolas, 308 F.3d 180 (2nd cir.202).

6.) The defendants can be held liable, if they fail to remedy unlawful conditions that they knew or should have known about. Aswegan Vs. Bruhl, 965 F.2d 676, 677-78 (8th cir. 1992) Deputy supt. of treatment held liable for failure to respond to complaints dispite his knowledge of a breakdown in the medical system. Hill Vs. marshall, 962 F.2d 1209, 1213 (6th cir. 1992). Repeated examples of negligent acts which disclose a pattern of misconduct by medical staff give rise to deliberate indifference. Robert E. Vs. Lane, 530 F.Supp. 930, 940 (N.D.ILL 1981). Kelly Vs. McGinnis, 899 F.2d 612, 616 (7th cir.1990).

7.) The plaintiff entire complaint has been dismissed on the ground that the plaintiff failed to identify the names of all defendants in the caption of the plaintiffs complaint. The defendants in this cause should not be allowed to escape all accountability simply because the plaintiff failed to stipulate their names on the caption. The plaintiff has submitted a (new) caption page identifying all defendants in this cause and the plaintiff is requesting that the court allow the plaintiff to AMEND his amended complaint for the so perpose of submitting a new caption page outlining all defendants.

8.) The plaintiff has clearly stated a claim against evry single defendant in this cause which are identified throughout the plaintiffs complaint and exhibites, the court granting the plaintiff the oppertunity to AMEND his complaint for the sole perpose of submitting a new caption page will in no way cause any unreasonable delays or confusion with regard to this cause.

Wherefore, The plaintiff prays that this court grant the plaintiffs motion to reinstate the cause and allow the plaintiff to AMEND his complaintif for the sole perpose of submitting a new caption page identifying and naming all defendants.

/s/ _____

Mr. Fabian Santiago. #B-79716
PO Box 112  Joliet, Il 60434

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                                    Civil No. 1:04-CV-1429
       Vs.
Roger E.Walker,Jr., Ms.Sherry Hile-Benton,
Mr.Stephen Mote, Ms.S.Penolza, P.Hastings,
Ms.Jenniffer Melvin, Ms.Carrie Melvin,
Mr.Melvin, Ms.Katina Levingston, Mr.N.Osman,
Mr.Mark G. Spencer, Ms.Paula Rich, Ms. Sharon -    Judge,Harold A. Baker    **RECEIVED**
Eden, c/o Mr.McBernny, Mr.Wesley Wiles, Major -
Mr.Kennedy, Ms.Emily Ruskin, Ms.Kim Dailey,                                 AUG 1 9 2005
Ms.Marge Heg, mr.Pots, Mr.Correy Wilson, c/o Mr.-
Doss, Mr.Les Andore, c/o Mr.Paul. Et.Al;                                    U.S. CLERK'S OFFICE
                                                                               URBANA, IL

## PLAINTIFFS AMENDED COMPLAINT UNDER 42 U.S.C.SUBSECTION 1983

Now comes the plaintiff, Fabian Santiago, pro-se and brings his complaint against the defendants named herein, and states as follows:

1.) This is a civil action for monitary damges by the plaintiff, Fabian Santiago. The plaintiff seek relief from the defendants for subjecting him to retalitory treatment in violation of his rights to due process and equal protection of the laws under the 1st, 4th, 5th, 8th, 9th and 14th amendments to the constitution of the United States and title 42 U.S.C. subsection 1983, Wherein the plaintiff claims that rights secured to him were violated by the above named defendants acting in their individual capacities under color of state laws.

## JURISDICTION AND VENUE

2.) Jurisdiction of this court is invoked persuant to art.IV, sebsection 2; art.VII 1st, 4th, 5th, 8th, 9th, and 14th amendments to the constitution of the United States and in accordance with provisions of title 28 U.S.C. subsection 1343. This action arises under title 42 U.S.C. sebsection 1983. Venue is proper in the central district court of Illinois since all action transpired in this district.

IN THE
U.S. dist. court for the
Central dist. of Illinois

Fabian Santiago )
Plaintiff, )
)
) Case No. 1:04-CV-1429
v. )
)
Roger E. Walker, Jr. )
Defendant )

**FILED**

AUG 1 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**PROOF/CERTIFICATE OF SERVICE**

TO: Court Clerk
218 U.S. Court house
201 South. Vine st.
Urbana, Il 61802

TO: Attorney general
500 South. Second st.
Springfield, Il 62706

PLEASE TAKE NOTICE that on __August 16th__, 20 05, I have placed the documents listed below in the institutional mail at __Stateville__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Plaintiffs motion for reconsideration to reinstate the pending cause @ to suplement the plaintiffs amended complaint, plaintiffs new caption page identifying all defendants.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8/16/05

/s/ [signature]
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Jan 2002