UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FABIAN SANTIAGO,
   Plaintiff,

vs.                                Case No. 04-1429

ROGER WALKER,
   Defendant.

### ORDER

This cause is before the court on the plaintiff's motion to reconsider the Court's August 8, 2005, Order dismissing the plaintiff's complaint on merit review. The motion is granted. [d/e 17].

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. Hope v. United States, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff's motion appears to have been provided to prison officials within the necessary time frame, therefore the court will consider the plaintiff's motion pursuant to Federal Rule 59(e). See also Hope, 43 F.3d at 1143.

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992).

The plaintiff's case was dismissed because only one defendant was identified in the caption and the plaintiff's complaint did not properly state a claim against this defendant. First, the plaintiff says he is proceeding pro se and did intend to name other defendants. He included the defendants in the body of his complaint, but neglected to list them in the caption. Second, the plaintiff states that the only named defendant, Roger Walker, did deny his grievances.

The court does allow pro se litigants wide latitude in the handling of their lawsuits. Therefore, the court will grant the plaintiff's motion and add his intended defendants including: Roger Walker, Sherry Hile-Benton, Stephen Mote, Ms. S. Penolza, P. Hastings, Ms. Jennifer Melvin, Ms. Carrie Melvin, Mr. Melvin, Ms. Katina Levingston, Mr. N. Osman, Mr Mark Spencer, Ms. Paula Rich, Ms. Sharon Eden, Officer McBernny, Mr. Wesley Wiles, Major Kennedy, Ms. Emily Ruskin, Ms Kim Dailey, Ms. Marge Heg, Mr. Pots, Mr.Correy Wilson, Officer Doss, Mr Les Amdore and Officer Paul.

This case will be set for a merit review hearing. The court is required by 28 U.S.C. Section 1915A to "screen" the plaintiff's complaint, and through such process to identify and

dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *The plaintiff must be prepared to identify each of his claims and how each of the defendants is involved in those claims during the hearing.*

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to reconsider the court's August 8, 2005  text order dismissing his case is granted. [d/e 17]**

**2) The Clerk of the Court is directed to vacate the court's August 8, 2005 text order and the August 9, 2005 judgement dismissing this case.  The clerk is directed to reopen this case.**

**3) The Clerk of the Court is also directed to add the following defendants as identified by the plaintiff: Roger Walker, Sherry Hile-Benton, Stephen Mote, Ms. S. Penolza, P. Hastings, Ms. Jennifer Melvin, Ms. Carrie Melvin, Mr. Melvin, Ms. Katina Levingston, Mr. N. Osman, Mr Mark Spencer, Ms. Paula Rich, Ms. Sharon Eden, Officer McBernny, Mr. Wesley Wiles, Major Kennedy, Ms. Emily Ruskin, Ms Kim Dailey, Ms. Marge Heg, Mr. Pots, Mr.Correy Wilson, Officer Doss, Mr Les Amdore and Officer Paul.**

**4) This case is set for merit review hearing on April 24, 2006 at 11:00 a.m. by video conferencing.  The clerk is to issue a writ for the plaintiff's participation in this video conference**.

Enter this _27th_____ day of March, 2005.

        **s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE