UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FABIAN SANTAGO,
    Plaintiff,

vs.                                    04-1429

ROGER WALKER,
    Defendant.

**ORDER**

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

      The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against 24 defendants at the Pontiac Correctional Center including Illinois Department of Corrections Director Roger Walker, Sherry Hile-Benton, Stephen Mote, Ms. S. Penolza, P. Hastings, Ms. Jennifer Melvin, Ms. Carrie Melvin, Mr. Melvin, Ms. Katina Levingston, Mr. N. Osman, Mr Mark Spencer, Ms. Paula Rich, Ms. Sharon Eden, Officer McBernny, Mr. Wesley Wiles, Major Kennedy, Ms. Emily Ruskin, Ms Kim Dailey, Ms. Marge Heg, Mr. Pots, Mr.Correy Wilson, Officer Doss, Mr Les Amdore and Officer Paul. The plaintiff says he is suing the defendants in their official and individual capacities.

      It is difficult to discern the plaintiff's intended claims from his eleven page, typed, single-spaced complaint. However, the court has identified the following intended claims:

      The plaintiff first states that the defendants have repeatedly interfered with his grievances by refusing to make copies, refusing to respond, failing to forward them on or destroying them. The plaintiff further states that the defendants interfered with his grievances in retaliation for his previous grievances and lawsuits.

      The court finds that the plaintiff has adequately alleged a violation of his First Amendment rights based on retaliation. The plaintiff has also alleged that the defendant's interference with his grievances denied him meaningful access to the courts in violation of his First Amendment rights. The court notes the plaintiff will need to state more clearly in the discovery process which specific claim or claims he was prevented from pursuing.. Lewis v. Casey, 518 U.S. 343, 351 (1996); Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir. 1988) (plaintiff's claim regarding lack of a library failed because plaintiff failed to point to any legal

claim he was unable to pursue.)  The plaintiff has failed to articulate a violation of his due process rights based on the problems with the grievance system.  "[A]ny right to a grievance procedure is a procedural right, not a substantive one." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1995).  Therefore, grievance procedures do not give rise to any liberty interests protected by the Due Process Clause. Id.

The plaintiff's next allegation is that the defendants continually interfered with his outgoing mail. The plaintiff claims the defendants either lost his mail, destroyed it or refused to send it out.  Again, the plaintiff says the actions of the defendants are based on retaliation for his previous grievances and lawsuits.  The court finds that the plaintiff has stated a violation of his First Amendment rights based on retaliation.  For the purposes of notice pleading, the court also finds that the plaintiff has articulated a violation of his First and Fourth Amendment rights based on the repeated delays and/or tampering and /or censoring of his outgoing mail.

The plaintiff states that all of the defendants either participated in interfering with his grievances and mail, or knew about the problems and failed to take actions to correct it.  The plaintiff also claims there was a policy and practice of destroying grievances and mail at Pontiac.  The defendants can determine the exact claims against each defendant and the official capacity claim during the discovery process.

Lastly, the plaintiff repeatedly makes reference to the defendants violating his rights pursuant to the equal protection clause, but he has failed to articulate any specific equal protection claims.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

>   **a) The defendants violated the plaintiff's First Amendment rights when they repeatedly interfering with his grievances by refusing to make copies, refusing to respond, failing to forward them on or destroying them in retaliation for the plaintiff's previous grievances or lawsuits.**
>
>   **b) The defendants violated the plaintiff's right to meaningful access to the courts under the First Amendment when they interfered with the plaintiff's grievances.**
>
>   **c) The defendants violated the plaintiff's First Amendment rights when they repeatedly interfered with his outgoing mail in retaliation for previous lawsuits and grievances.**
>
>   **d) The defendants violated the plaintiff's First and Fourth Amendment rights based on repeated delays and/or tampering and /or censoring of his outgoing mail.**

   **The claims are against the defendants in their official and individual capacities.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff has now paid the filing fee in full. To prevent further delays, the court will allow the plaintiff to proceed in forma pauperis for the limited purpose of service of process upon the defendants.**

**5) This case is referred to the magistrate judge for entry of a scheduling order.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order in this case.**

**7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Enter this 15th day of May, 2006.


        s\Harold A. Baker
_____
        HAROLD BAKER
     UNITED STATES DISTRICT JUDGE