

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago

    Vs.

Roger E. Walker, Jr. Et.Al;

Civil No. 04-1429

Judge, Harold A. Baker

PLAINTIFFS MOTION FOR RECONSIDERATION TO REINSTATE THE DISMISSED CLAIMS

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs motion for reconsideration to reinstate the dismissed claims. In support thereof, the plaintiff states as follows:

1.) Upon the date of: May 15, 2006, the Honorable Baker issued a mandate dismissing the plaintiffs claims against the law library for failure to demonstrate any legal claim he (plaintiff) was unable to pursue, & dismissing the plaintiffs claims of a due process nature in respect to the plaintiffs attempted to exhaust his administrative remeadies, as well as dismissing the plaintiffs claim of a violation of the plaintiffs right to equal protection of the laws.

2.) The plaintiff apologizes for any confusion with regard to clearifying these factors & would @ this time like the oppertunity rectify any misunderstandings concerning the above mentioned accounts. The plaintiff believes that he has stated a claim against the law library for their continual distruction of the plaintiffs grievances, legal documentation, correspondences, etc. Officals @ the law library not only carried out such unlawful misconduct against the plaintiff, but repeatedly directed the plaintiff to forward such documentation through the institutional mail, so such officals could continue to distroy the plaintiffs documentation & claim never to have received such materails.

3.) Officals @ the law library made every effort to dispose of the plaintiffs materials, not simply out of retribution against the plaintiff, for the plaintiff exercising his First Amendment Right against the employees of the I.D.O.C., but as a means to thwart the plaintiff from raising such matters before a court of law. These factors are further supported throughout the plaintiffs complaint, which outline the fact that, the plaintiff continually sought the assistance of law library officals to personally come to the cellhouse, so that the plaintiff could hand his documentation to these officals, yet was prevented from doing so, & forced to forward his materials through the mail, so that the plaintiff would have no actual person to identify regarding the distruction of such documentatation.

4.) Once the plaintiff has written a grievance outlining misconduct & has made an effort or is in the process of submitting that grievance to the appropreate officals that, grievance is to be considered a tender & legal document in the eyes of the court. Law library officals also distroying the plaintiffs other materials give rise to a blatant violation of the plaintiffs Constitutional Rights. these actions by the defendants demonstrate a violation of the plaintiffs 1st, 4th, 5th, 8th, 9th, & 14th Amendment Rights.

5.) The grievance procedure is an intricate factor & critical component of the judical process, a prisoner my not persue a civil action regarding prison conditions without first exhausting his administrative remeadies. When prison officals distroyed or refused to respond to the plaintiffs grievances, as a means of retribution & to thwart the plaintiff from raising suc issues in a court of law, these defendants blatantly violated the plaintiffs 1st, 4th, 5th, 8th, 9th, & 14th Amendment Rights, as well as acess to the courts.

6.) The defendants in this cause violated the plaintiffs rights to equal Protection of the Laws, by carrying out the acts of misconduct outlined throughout the plaintiffs complaint simply because the plaintiff exercised his 1st Amendment Right against the employees of the I.D.O.C., & had been known for filing a previous civil action against the I.D.O.C. The plaintiff being labled as a jail house lawyer or someone cognizant of the law/his rights, can be construed as a class of persons who may be discriminated against, such as: African Americans, Hispanics, Jews, Buddist, Muslims, etc.

7.) A prisoner has a constitutional right to access to the court that by necessity, include the right to persue administrative remeadies which must be exhausted before seeking relief from the courts [17] prison key 4 (5) 301 Ky (5) most cited cases. Prison officals may not retaliate against a prisoner because that prisoner filed a grievance, this is so even if the adverse action does not violate the constitution. DeWalt Vs. Carter, 224 F.3d 607 (7th Cir. 2000).

8.) the fact that a risk was obvious is circumstantial evidence that will permit a judge or jury to conclude that a defendant did know about it, even if their is no direct eveidence about what the defendant knew. Farmer Vs. Brennen, 114 S.Ct @ 1981-82. LaMarca Vs. Turner, 995 F.2d 1526, 1536-37 (11th Cir. 1993).

9.) The elements of the plaintiffs case demonstrate far more than circumstanal evidence, but numerious attempts by the plaintiff making the defendants in this cause fully aware of the unlawful misconduct transpiring & of the defendants continually persuing their reprisal against the plaintiff for the sole perpose of discouraging & silencing the plaintiff from speaking out against the wide spead corruption & misconduct of prison employees, as well as thwarting the plaintiffs efforts from persuing such matters in a court of law.

Wherefore, The plaintiff prays that this Honorable Court grant the plaintiffs motion for reconsideration to reinstate the plaintiffs dismissed claims.

Respectfully Submitted,

/s/ _____

Mr. Fabian Santiago. #B-79716

Po Box 122  Joliet, Il 60434

3 of 3

IN THE
U.S. Dist. Court for the
Central Dist. of Il

Fabian Santiago
    Plaintiff,

v.

Roger E. Walker, Jr. Et.Al;
    Defendant

Case No. 04-1429

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk
309 Federal Building
100 N.E. Monroe
Peoria, Il  61602

TO: Attorney General
500 S. Second st.
Springfield, Il 62706

PLEASE TAKE NOTICE that on May 19, 2006, 20 06, I have placed the documents listed below in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: plaintiffs motion for reconsideration to reinstate the dismissed claims

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 5/19/06

/s/ 
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Oct 2002