E-FILED

Monday, 05 June, 2006 12:46:35 PM
Clerk, U.S. District Court, ILCD

Wednesday, 24 May, 2006 03:04:01 PM
Clerk, U.S. District Court, ILCD

**FILED**

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SUMMONS

JUN - 5 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RECEIVED

JUN - 1 2006

OFFICE OF
INMATE ISSUES

**TO:** <u>Sherry Hile-Benton</u>

**(Defendant's name)**

A lawsuit has been commenced against you . A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Central District of Illinois, United States Courthouse, 100 N. E. Monroe Room 309, Peoria, Illinois 61602, and has been assigned docket number <u>04-1429</u> .

This is not a formal summons, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a court summons and an additional copy of the complaint. The cost of service will be avoided if the court receives a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice is sent. An extra copy of the waiver and notice is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed by the court and no summons will be served on you. The case will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty (60) days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, the plaintiff will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the bottom of the waiver form.

You should make certain that this notice and waiver is delivered to whomever will represent you in the referenced litigation . You should also notify that person that you have signed and returned the waiver to the clerk of the court.

Dated  <u>May 24, 2006</u>

s/John M. Waters
Clerk, United States District Court
Central District of Illinois

United States Courthouse
100 N.E. Monroe Room 309
Peoria, Illinois 61602
309/671-7117



## WAIVER OF SERVICE OF SUMMONS

I, <u>Sherry Hile-Benton</u>, acknowledge receipt of your request
            (DEFENDANT NAME)

for a waiver of service of summons in the case of <u>Santiago v. Walker, et al.</u>
                                    (Short version of caption and case number)

<u>04-1429</u> in the United States District Court for the Central District of Illinois.

I have also received a copy of the complaint in the case.

I agree to save the cost of service of a summons in this lawsuit by not requiring service of judicial process in the manner provided by Federal Rule of Civil Procedure 4.

I retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a response to the complaint should be filed by me, or on my behalf, by whomever represents me in the case, within sixty (60) days of the date the notice and waiver were sent to me by the clerk of the district court.

<u>6/1/06</u>                <u>Sherry Benton</u>
    (DATE)                    (SIGNATURE)

### Duty to Avoid Unnecessary Costs of Service of Summons

Federal Rule of Civil Procedure 4 requires parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of a case against him and asked to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause is shown for failure to sign and return the waiver of service.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the case or the parties. A party who waives service of summons retains all defenses and objections to the case, the jurisdiction of the court or the place where the case has been brought. Filing a waiver of service gives a defendant additional time, beyond what would be allowed if summons was served, to respond to the complaint.

The Prisoner Civil Litigation Reform Act, 42 U.S.C. §1997e(g), provides that a defendant in a prisoner's civil rights claim cannot be defaulted for failure to file a responsive pleading to the complaint.