

E-FILED
Wednesday, 21 June, 2006 01:32:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
JUN 21 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                                  Civil No. 04-1429

       Vs.

Roger E. walker, Jr. Et.Al;                      Judge, Harold A. Baker

PLAINTIFFS MOTION REQUESTING AN ENLARGEMENT OF TIME TO ISSUE SERVICE & COMPELL DISCLOSURE

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs motion requesting an enlargement of time to issue service & compell disclosure. In support thereof, the plaintiff states as follows:

1.) The Honorable Judge Baker has issued a mandate requiring service to every defendant listed throughout the plaintiffs complaint / caption page. The District Court Clerk & the Pontiac.c.c. Legal Department as attempted to execute waiver of service upon the defendants in this cause, which has already resulted in defendants Mr.Jacob Doss, Mr.Melvin, & Ms.S. Penolza left with a waiver of service **(UNEXECUTED)**

2.) Defendant Mr.Jacob Doss, is one of the most critical defendants in the plaintiffs cause, yet Mr.Doss was not issued a waiver of service, due to this defendants change of address (address unknown). Mr.Doss was the instrument which Warden Mote, & Asst. Warden Micheal Melvin used to retaliate against the plaintiff, for the plaintiff speaking out against the unlawful practices of prison officals in witholding the plaintiffs mailings &/or distroying the plaintiffs correspondences & legal documentation, etc..Defendant Doss was directed by Warden Mote, & Asst.,Warden Mr.Micheal Melvin to completely sprip the plaintiff of all of his belongings, for the plaintiff exercising his 1st Amendment Rights.

3.) Defendant Dosses testimony is detrimental to the plaintiffs case & in supporting the plaintiffs accounts regarding the plaintiff being completely stripted of all of his personal property, due to the plaintiff being critical of the unlawful practices of prison guards/officals @ the Pontiac.c.c. Moreover, Defendants Ms.S. Penolza & Asst. Warden Micheal Melvin have not been issued any waiver of service forms due to the lack of information regarding the identification of these defendants.

4.) Although it is the responcability of the plaintiff to insure that such defendants are issued waiver of service forms within the 120 day periode, these defendants & any others that may not be served @ this time due to changes in address, lack of information to identify the defendant, or the legal department of the Pontiac.c.c. failing to vigorously persue the location/identity of such defendants, etc. These defendants sould not be allowed to escape all accountability for there egregious violation of the plaintiffs Constitutional Rights.

5.) If a plaintiff fails to meet the 120 day deadline, the court should grant an extention of time for service, if their appears to be good cause for the delay. Good cause includes mistakes that are not the plaintiffs fault. see, e.g., Poulakis Vs. Amtrak, 139 F.R.D. 107, 108-09 (N.D.Ill 1991). Being misinformed by court personnel about proper procedures was good cause in a pro-se case. This principle should clearly be applied to the plaintiffs current dilemma of being unable to serve the defendants in this cause, due to: changes in address, & lack of information to identify such defendants.

6.) The court should note, that if the statute of limitations runs out for the plaintiff to issue service within the 120 periode, to such defendants that can not be serviced @ this time, (for whatever reasons), the plaintiffs claims regarding those defendants are forever lost, & the plaintiff can not bring back a dismissed defendant back into the case. Umbenhauer Vs. Woog, 969 F.2d 25, 30n. 6 (3rd. Cir. 1992). Once an appearance by the defendants (that have been served) is made before the court, there counsel, who will more than likely be the Attorney Generals Office, should be required to afford & fully disclose the identity, complete names, & locations of any & all defendants that have not been served to the District Court Clerk, for such service to be executed. the plaintiff believes that an additional 120 day time periode is reasonable for all unserved & all unidentified defendants to be serviced.

Wherefore, The plaintiff prays that this Honorable Court grant the plaintiffs motion requesting an enlargement of time to issue service & to compell disclosure, allow the plaintiff an additional 120 days, for a total of 240 days to issue service to all unserved defendants, & mandate the defendants, (once an appearance has been entered) to afford the District Court Clerk the complete names, & locations, etc. of all unserved defendants.

/s/ [signature]

Mr.Fabian Santiago. #B-79716

PO Box 112   Joliet, Il 60434

2 of 2

IN THE
U.S. Dist. Court for
the Central Dist. of IL

FABIAN SANTIAGO
Plaintiff,

v.

Roger E. Walker Jr. et al
Defendant

Case No. 04-1429

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk
309 Fed. Building
100 N.E. Monroe
Peoria, IL 61602

TO: Attorney General
500 S. Second St
Springfield, IL 62706

PLEASE TAKE NOTICE that on __June 16__, 20_06_, I have placed the documents listed below in the institutional mail at __Stateville__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Plaintiff's Motion Requesting an enlargement of time to issue service and compell disclosure.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 6/16/06

/s/ _____
NAME: Fabian Santiago
IDOC#: B-79746
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Oct 2002