IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS



E-FILED
Friday, 21 July, 2006 11:43:48 AM
Clerk, U.S. District Court, ILCD

FILED
JUL 2 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                         Civil No. 04-1429
         Vs.
Roger E. Walker, Jr. Et.Al;             Judge, Harold A. Baker

PLAINTIFFS MOTION REQUESTING LEAVE, TO FILE AN OBJECTION FOR AN ENLARGEMENT OF TIME
                               TO ISSUE SERVICE

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs motion requesting leave, to file an objection for an enlargement of time to issue service. In support thereof, the plaintiff states as follows:

1.) the plaintiff filed a motion requesting an extention of time to issue service upon any & all defendants that could not be located & serviced with this action @ this time. Upon the date of: July 3, 2006, the plaintiff became in receipt of the District Courts order of June 28, 2006, denying the plaintiffs request for an enlargement of time to issue service. The Stateville.c.c. has been under lockdown statuce & the plaintiff has not had access to the prison law library in (3) weeks, & was not granted such access until July 14, 2006, in order to prepair & make copies of the plaintiffs motion.

2.) The plaintiff is greatful that the District Court has attempted to insure that every defendant is service with the plaintiffs cause, but defendants, Ms.S. Penolza, Ms.Kim Dailey, & Mr.Jacob Doss, have not been serviced with this action due to a lack of information to identify/locate such defendants & addresses currently being unknown. These defendants should not be allowed to escape all accountability, simply because of the above mentioned factors, especially considering the egregious abuses which such officals carried out, or sought to conceal agianst the plaintiff.

3.) The plaintiff has already outlined how critical defendant Jacob Doss is to the plaintiffs cause, & if the plaintiff is not granted an enlargement of time to issue service upon these unserved defendants, the plaintiffs claims against such defendants will be forever lost. The plaintiff is requesting that, the Court take into consideration that the plaintiff is @ the complete mercy of prison officals, & is incarcerated, Therefore, can not conduct an independent investigation to recover further information @ this time to identify/locate such defendants.

4.) The plaintiff has requested the appointment of counsel, which was denied by the Court. The appointment of counsel would of vertually eliminated these current dilemmas plaguing the plaintiffs efforts to issue service upon such unidentified defendants. Moreover, the Court should assess the plaintiffs current position regarding discovery proceedings. The plaintiff is in dire need of internal memoes, the prior histories of such defendants, etc. to further support the plintiffs accounts before the Court. The Court holds full Authority to appoint the plaintiff counsel @ any such time that Court deems counsel would more efficently execute this action.

5.) The plaintiff has always moved truthfully & in good faith before the Court, & the sadistic abuses which the plaintiff was subjected to should not be deminished & disregarded, by allowing the unserved defendants to escape all accountability. The grant of an enlargement of time to issue service will in no way perjudice any of the defendants. The fact that, the plaintiff is incarcerated, indigent, can not afford counse, has not been appointed counsel, & can not afford to higher a private investigator to identify/locate such unserved defendants, is good cause for the Court to grant an enlargement of time to issue service. Moreover, the plaintiff will be making additional discovery requests that may very well uncover further evidence to identify/locate such defendants @ the conclusion of discovery.

Wherefore, The plaintiffs prays that this Honorable Court grant the plaintiffs motion objecting to the denyal for an enlargement of time to issue service, & allow the plaintiff an additional 120 days to issue service upon such defendants, or allow the plaintiff an enlargement of time to execute such service upon the conclusion of discovery proceedings.

/s/ _____,

Mr. Fabian Santiago. #B-79716
PO Box 112   Joliet, Il 60434

2 of 2

IN THE
U.S. District Court for the
Central District of Illinois

Fabian Santiago )
Plaintiff, )
) Case No. 04-1429
v. )
)
Roger E. Walker, Jr. )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk          TO: Attorney General
309 Federal Building          500 South. Second st.
100 N.E. Monroe          Springfield, Il  62706
Peoria, Il  61602

PLEASE TAKE NOTICE that on June 14th, 20 06, I have placed the documents listed below in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Plaintiffs motion objecting to the denyal for an enlargement of time to issue service

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7/14/06

/s/
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Oct 2002