IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRL DISTRICT OF ILLINOIS



FILED
JUL 28 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                                Civil No.  04-1429

  Vs.

Roger E. walker, Jr. Et.Al;                    Judge, Harold A Baker


PLAINTIFFS REBUTTAL, TO THE DEFENDANTS ANSWER, REGARDING THE PLAINTIFFS AMENDED COMPLAINT
_____

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs rebuttal, to the defendants answer, regarding the plaintiffs amended complaint, into the court record. In support thereof, the plaintiff states as follows:


1.) The plaintiff has submitted an eleven (11) page Amended Complaint, consisting of over thirty (30) paragraphs outlining all forms of systematic retribution & misconduct being carried out against the plaintiff by prison guards/officals for the plaintiff exercising his First Amended Right against The employees of the I.D.O.C. & seeking redress regarding such abuses through the established grievance procedure & raising such matters before a Court of Law. In responce the defendants have filed there answer basically denying all of the plaintiffs accounts & taking the posision that they (defendants) didnt do it, (as expected).


2.) The defendants claim as an affirmative defence that they are entitled to judgement as a matter of law, with regard to all unexhausted grievances which the plaintiff has filed. It is already clearly established throughout the plaintiffs Amended Complaint, grievance, etc. that such unexhausted grievances were due to the very defendants in this action, either refusing to respond or distroying such grievances, in order to prevent the plaintiff from raising such issues before a court of law.

3.) When prison officals fail to respond to administrative remedies, those remedies are rendered unavailable & deemed exhausted under the P.L.R.A. The 7th Cir. reached this conclusion because it refused to interprt the P.L.R.A. so narrowly as to allow prison officals to exployt the exhaustion requirment through indefinate delay in responding to grievances. Gibon Vs. West, 201 F.3d 990, 994 (7th Cir. 2000).

4.) A prisoner has a Constitutional Right to the Courts that, by necessity, include the right to persue administrative remedies, which must be exhausted before seeking redress from the courts [17] prison key 4(5) 301 KY(5) most cited cases. Prison officals may not retaliate against a prisoner because that prisoner filed a grievance, this is so even if the adverse action does not violate the Constitution. Dewalt Vs. Carter, 224 F.3d 607 (7th Cir. 2000).

5.) The defendants have also invoked qualified immunity from carrying out or concealing the continuous acts of reprisal/misconduct which the plaintiff was subjected to, dispite there full knowledge of such events & there blantant refusal to take corrective action. No qualified immunity when denying pain medication. Walker Vs. Benjamin, 293 F.3d 1030 (7th Cir.2002). This very same principle is applied to prison officals who deny or distroy a prisoners grievances. **Verser Vs. Elyea, 113 FS 2d 1211 (N.D.IL 2000).**

6. The defendants also claim that the plaintiff has not alleged any physical injury in this action & therefore can not recover mental & emotion damages. The plaintiff can in fact recover such damages, because such provisions of the P.L.R.A. requiring physical injury before the recovery of damages has since been struck down as unconstitutional & discriminatory against inmates. No physical injury required, Dorn Vs. Detella, 1997 WL 85145 (N.D.Ill)) also; Calhoun Vs. Detella, 1997 WL 75658 (N.D.Ill)). The courts have long recognized that mental pain is as real & serious as physical injury. Northington Vs. Jackson, 973 F.2d @ 1524; Parrish Vs. Johnson, 800 F.2d 600, 605 (6th Cir. 1986). sufficent mental anguish; Burton Vs. Levingston, 791 F.2d @ 100-01 (terror of instant & unexpected death). Parker Vs. Asher, 701 F.Supp. 192, 194 (D.Nev. 1988). Gartuitous fear.

Wherefore, The Plaintiff prays that this Honorable Court grant the plaintiffs rebuttal, to the defendants answer, regarding the plaintiffs Amended Complaint, into the Court record.

/s/ _[signature]_,
Mr. Fabian Santiago. #B-79716
PO Box 112  Joliet, Il 60434

IN THE
U.S. District Court for
the Central Dist. of Il.

| | |
|---|---|
| Fabian Santiago | ) |
| Plaintiff, | ) |
| | ) Case No.  04-1429 |
| v. | ) |
| | ) |
| Roger E. Walker, Jr. Et.Al; | ) |
| Defendant | |

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk                          TO: Attorney Generals Office
    309 Federal Building                     500 South. Second st.
    100 N.E. Monroe                          Springfield, Il 62706
    Peoria, Il 61202

PLEASE TAKE NOTICE that on ___July 25th___, 2006, I have placed the documents listed below in the institutional mail at __Stateville__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: __Plaintiffs rebuttal, to the defendanms answer, regarding the plaintiffs Amended Complaint__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7/25/06

/s/ _[signature]_
NAME: Fabian Santiago
IDOC#: #B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434