IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

E-FILED
Friday, 03 November, 2006  01:07:44 PM
Clerk, U.S. District Court, ILCD



FILED
NOV - 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                               Civil No. 04-1429

    Vs.

Roger E. Walker, Jr. Et. Al;                  Judge, Harold A. Baker

PLAINTIFFS MOTION REQUESTING AN ORDER TO COMPELL THE DISCLOSURE OF DISCOVERY MATERIAL
&amp; PENALTIES, COSTS, &amp; SANCTIONS, UNDER RULE(S) 37 (A)(2), &amp; (B), FED.R.CIV.P.

Now comes the plaintiff, Fabian Santiago, pro-se &amp; prays that this Honorable Court grant the plaintiffs motion requesting an order to compell the disclosure of discovery material, &amp; penalties, costs, &amp; sanctions. In support thereof, the platiff states as follows:

1.) The plaintiff initially submitted a request for the production of documentation to the defendants upon the date of: July 25, 2006, in which the plaintiff requested complete copies of any &amp; all of the grievances, which were filed by the plaintiff concerning the issues/incidents pertaining to this civil action. The plaintiff also requested any &amp; all incident reports, &amp; internal memoes regarding the investigations conducted into the matters stipulated throughout the plaintiffs civil action, which were circulated through clinical services, internal affairs, warden, &amp; directors office, etc. The plaintiff also requested the reports or findings of misconduct regrading the defendants involved in this cause (prior histories of misconduct). Moreover, the plaintiff has requested to (inspect) the grievances filed by other inmates who were subjected to similar abuses, while the plaintiff was detained @ the Pontiac.c.c.

2.) The plaintiff required completed copies of (his) grievances, due to several pages missing in about a half dozen grievances which the plaintiff possessed. After about six (6) months of attempting to secure such copies of the plaintiffs grievances through prison officals, the plaintiff was finally able to secure these documents, & the plaintiff submitted a revised request for the production of documentation to the defendants (editing/deleting) the materials listed in paragraph #2, of this motion, as a means to convenience both parties involed in this action. The plaintiffs revised request for the production of discovery materials was served upon the defendants on: Sept. 22, 2006, & is apart of the court record.

3.) In the plaintiff revised request for the production of documentation, the plaintiff has requested nothing more than: Any & all incident reports, & internal memoes regarding any investigations that may have been conducted by prison officals concerning the matters/abuses outlined throughout this civil action. The plaintiff also requested the prior histories of misconduct of the defendants, & to (inspect) the grievances filed by other inmates who were also subjected to similar abuses, while the plaintiff was detained @ the pontiac.c.c.

4.) The plaintiff became in receipt of the defendants response(s) regarding the plaintiffs request for the disclosure of discovery material, (&) the plaintiffs motion requesting an order to compell the disclosure of discovery. The defendants assert that, the plaintiffs motion to compell the disclosure of discovery material is not ripe, due to the defendants having util Oct. 26, 2006, to respond to the plaintiffs (revised) request for the production of documentation, & any other materials which the defendants have not afforded to the plaintiff can be obtained in the master files @ any of the I.D.O.C. 27 facilities.

5.) the defendants have afforded the plaintiff nothing more than response to the plaintiff grievances, which were issued by the grievance officers, warden, A.R.B., & directors. Many of these responces have absolutely nothing to do with the issues/incidents beiing litigated before this court. Moreover, in the plaintiffs (revised) request for the production of documentation, the plaintiff (never) even requested such materials, so it was evident that the defendants only submitted such erroneous materials to pertray the illusion upon the court that, the defendants had submitted discovery material to the plaintiff.

6.) The plaintiff is seeking any & all incident reports, internal memoes regarding the investigation conducted by prison officals into the issues/incidents outlined throughout this cause, the prior histories & findings of misconduct regarding the defendants involved in this litigation, & to (inspect) the grievances which other inmates filed regarding similar abuses, while the plaintiff was housed @ the Pontiac.c.c. The defendants has blatant lied, & mislead the court into believing that the plaintiff can obtain such materials through the master files of the 27 facilities of the I.D.O.C.

7.) Prison officals will never afford the plaintiff the discovery materials, which the plaintriff has requested. The plaintiff has already attempted on several occations to secure the histories of misconduct of the defendants listed throughout this action, & prison officals have sited a confidentiality (excuse), not to afford the plaintiff such materials. Moreover, the plaintiff is not privy to any incident reports issued/ written by prison officals regarding the matters being litigated, the plaintiff does not possess the names of such officals or the dates upon such incident reports that were written, therefore, the only means which the plaintiff has in obtaining such materials is through the defendants, Furthermore, the plaintiff does not possess the names, I.D.#, or where-a-bouts of the inmates who were subjected to similar abuses as the plaintiff, & who also filed grievances in relation to the unlawful misconduct that the plaintiff faced, so the plaintiff can never obtain or inspect such grievances without the assistance of the defendants.

8.) The defendants claim of the plaintiff being able to secure such materials through the master files @ any facility, is outlandish, rediculous, & nothing more than a ploy to send the plaintiff on a wild goose chase, & a flagrant attempt to stymie, & stonewall the plaintiffs efforts to secure such materials. The defendants are fully aware of the fact that, such materials (will) prove damning to the defendants cause. & prove beyond a shadow of a doubt that, the defendants in this cause were fully aware of the abuses which the plaintiff was being subjected to, yet refused to take or reccomend corrective action, as a means of retribution, & to discourage & prevent the plaintiff from speaking out against the wide spread corruption of prison guards/officals, & seeking litigation against the I.D.O.C. in a court of law.

9.) The plaintiff is clearly intitled to such materials, & it could not be made anymore evident that, such documentation is not only pertinent to the plaintiffs cause, & the issues/matters being litigated, but the Federal Courts have long recognized And established that a litigant should be afforded such materials. Moreover, the defendants claim that, the plaintiff motion to compel discovery, is premature, can now be construed by the court as having no basis. It is well beyond Oct. 26, 2006, therefore, the plaintiffs motion is proper, & the court retains full jurisdiction to settle this matter @ its (courts) earliest convenience, rather than allowing these disputes to fester for many more months, especially now that the defendants failure to afford the plaintiff such materials, can be interpreted as a rejection/denyal of the plaintiffs request.

10.) Hayden Vs. Maldonado, 110 F.R.D. 157, 159 (N.D.N.Y. 1986). Evidence of other incidents could refute a claim that the defendants were calm men who would not assult anyone. Wilson Vs. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993). An officers prior assaults show a motive (hostility to prisoners) or an intent to harm a prisoner who is outspoken. A plaintiff can obtain information about the defendants that may be relevant to their credibility. Brandon Vs. Beard, 140 F.R.D. 328, 329 (M.D.PA 1991). The defendants can be held liable, if they fail to remedy unlawful conditions that they knew or should have known about. Aswegan Vs. Bruhl, 965 F.2d 676, 677-78 (8th Cir. 1992).

11.) Evidence of prior or subsequent misconduct by prison officals or law enforcement personnel, & of inadiquate investigative or disciplinary responses to it, may also be admissible against supervisory personnel or a municipal government, to show deliberate indifference on their part to prisoners or citizens rights. Parrish Vs. Luckie, 963 F.2d 201, 205-06 (8th Cir. 1992). Perri Vs. Daggy, 776 F.Supp. 1345, 1348 (N.D.Ind. 1991). A litigant can obtain deliberative or advisory materials, when the litigants needs outweighs the polocies favoring secrecy. Kinoy Vs. Mitchell, 67 F.R.D. @ 11.

12.) Their is also a privilege for attorney work product, which is exempt from discovery under rules 26 (B) & (C), but this does not include the documents & information compiled in the ordinary course or running of the prison or any other government agency, such as disciplinary reports, grievances, prison rules, etc. Miller Vs. Pancucci, 141 F.R.D. @ 303 (internal affairs tort claim investigations were prepared regardless of whether litigation was anticipated, & therefore was not privileged). A privilege should not be regarded as a right, which can be disclosed to some & witheld from others. In Re Natta, 48 F.R.D., 48 F.R.D. 319, 322 (D.Del 1969) accord, Matter of continental Il. Securities litigation, 732 F.2d 1302, 1314 (7th. Cir. 1984).

13.) The defendants have failed to invoke a security concern, or privileged communication for their (defendants) refusal to provide the plaintiff with such materials, therefore, the defendants have waived & defaulted on any such claim upon a later date, with respects to the request for documentation that the plaintiff has requested. Considering that there is no security concern or privileged communication that the plaintiff has requested, the plaintiff should in fact, be afforded such materials @ the earliest possible date by the defendants. Furthermore, since the defendants have in fact, deliberately mislead the court into believing that, the plaintiff might be able to recover such materials from the master files @ the Stateville.c.c., the levy of cost, penalties, & sanctions are appropreate.

Wherefore, The plaintiff prays that this Honorable Court grant the plaintiff motion requesting an order to compell discovery, mandate the defendants to provide the plaintiff with any & all incident reports, internal memoes regarding any investigation conducted by prison officals concerning the issues/incident stipulated in this action, which were circulated through clinical services, internal affairs, warden, & directors office, etc. The prior histories of misconduct of the defendants, & to allow the plaintiff the oppertunity to (inspect) the grievances filed by other inmates concerning similar abuses which other inmates were subjected to, while the plaintiff was detained @ the Pontiac.c.c. & levy the appropreate penalties, costs, & sanctions against the defendants for attempting to cause unwarrented delays in these proceedings, & filing false & misleading pleadings with the court.

/S/ _____

Mr. Fabian Santiago. #B-79716

PO Box 112  Joliet, Il 60434

IN THE
U.S. District Court for the
Central District of Illinois

**FILED**

NOV - 3 2006



JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago )
Plaintiff, )
) Case No. 04-1429
v. )
)
Roger E. Walker, Jr. Et.Al; )
Defendant

### PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk           TO: Jason P. Young
    309 Federal Building      500 South. Second st.
    100 N.E. Monroe st.       Springfield, Il 61602

PLEASE TAKE NOTICE that on  Oct. 31st  , 20 06, I have placed the documents listed below in the institutional mail at **Stateville** Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: **Plaintiffs motion requesting an order to compell the disclosure of discovery material, & penalties, costs, & sanctions.**

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 10/31/06          /s/ _[signature]_
                        NAME: Fabian Santiago
                        IDOC#: B-79716
                        Stateville Correctional Center
                        P.O. BOX 112
                        Joliet, IL 60434