IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**FILED**

NOV 24 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                                    Case No. 04-1429

    Vs.

Roger E. Walker, Jr. Et.Al;                        Judge, Harold A. Baker

PLAINTIFFS REBUTTAL, TO THE DEFENDANTS RESPONCE, REGARDING THE ORDER TO COMPELL THE
DISCLOSURE OF DISCOVERY MATERIAL, & PENALTIES, COSTS, & SANCTIONS

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs rebuttal, to the defendants responce, regarding the order to compell the disclosure of discovery material, & penalties, costs, & santions. In support thereof, the plaintiff states as follows:

1.) The defendants contend that, there exist no incident reports, internal memos, etc., regarding the grievances which the plaintiff has filed, & the systematic interception, witholding, theft, & distruction of the plaintiffs mailings, legal documentation, etc., yet the defendants failed to demonstrate that any effort has even been made to locate & recove such materials.

2.) The court record is crystal clear on the fact that, the plaintiff forwarded various correspondences to director Roger E. Walker, Jr., warden Stephen Mote, & the chief of the internal affairs unit Mr.Correy Wilson. These officals were required to inquire about the plaintiffs concerns & document there findings, even if no actual investigations were conducted by these officals, they were required to stamp receive the plaintiffs correspondences & log such documentation, & these stampted received correspondences would further supports the plaintiffs accounts, of these officals refusing to take or recomend corrective action, dispite having full knowledge of such transpirings.

3.) The defendants also contend that, the prior histories of misconduct of these defendants are not relevant to this action. The plaintiff was continually subjected to having his grievances distroyed or left unresponded to, or having his correspondences, publications, legal documentation, etc. systematically intercepted, witheld, stolen, or distroyed, therefore, the prior histories of misconduct of these defendants is in fact relevant to demonstrate that such defendants had a long history of carrying out such abuses with absolute impunity, & establishing the intent & motive of such defendants. The plaintiff has already cited well established case law entitling the plaintiff to such materials.

4.) The defendants also contend that, it would create an undue burden upon the defendants to afford the plaintiff the oppertunity to inspect the grievances which other inmates have filed regarding the abuses which the plaintiff was subjected to. The plaintiff has not requested copies of such documentation, therefore, the defendants would only be required to allow the plaintiff access to the prisons master file to personally (inspect) such materials, so the plaintiff might be able to determine what materials are pertinent to this cause. Surely allowing the plaintiff simply to review the grievances which other inmates have filed would in no way cause any unwarrented hardship upon the defendants.

5.) In the defendants responce, to the plaintiffs request for discovery material, the defendants clearly implied & attempted to mislead the court & the plaintiff into believing that, the plaintiff might be able to recover such materials from any of the I.D.O.C. 27 institutions. The defendants never even objected to the plaintiff being afforded such materials in the defendants responce to the plaintiffs discovery request, & it was not until the plaintiff moved with the court requesting an order to compell that, the defendants opposed & concocted an excuse not to afford the plaintiff such documentation. Furthermore, it would not saprize the plaintiff, if the defendants have deliberately refused to located the materials which the plaintiff has requested, in order to claim that no such documentation exist. The Federal Courts are well aware of the long history which prison officals have in making every effort necessary to conceal such abuses, & this court needs to make it loud & clear that, such unlawful practics will not be tolerated.

Wherefore, The plaintiff prays that this Honorable Court grant the plaintiffs rebuttal, to the defendants responce, regarding the order to compell the disclosure of discovery material, & mandate the defendants to afford the plaintiff such documentation, & levy the appropreate penalties, cost, & sanctions against the defendants for calculatingly attempting to mislead the court & filing false pleadings.

/s/- *(signature)*

Mr. Fabian Santiago. #B-79716

PO Box 112 Joliet, Il 60434

IN THE
U.S. District court for the
Central District of Illinois

Fabian Santiago )
Plaintiff, )
)  Case No.  04-1429
v. )
)
Roger E. Walker, Jr. Et.Al; )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk                           TO: Jason P. Young
    309 Federal Building                      500 South. Second st.
    100 N.E. Monroe                           Springfield, Il 62706
    Peoria, Il 61602

PLEASE TAKE NOTICE that on **Nov. 20th**, 20 **06**, I have placed the documents listed below in the institutional mail at **Stateville** Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: **Plaintiffs rebuttal, to the defendants responce, to the order to compell the disclosur of discovery material, & penalties, cost, & sanctions.**

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 11/ 20 /06           /s/ [signature]
                           NAME Fabian Santiago
                           IDOC# B-79716
                           Stateville Correctional Center
                           P.O. BOX 112
                           Joliet, IL 60434