E-FILED
Thursday, 14 December, 2006  12:02:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

DEC 1 4 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                           Civil No. 04-1429

Vs.

Roger E. Walker, Jr. Et.Al;               Judge, Harold A. Baker


PLAINTIFFS REBUTTAL, TO THE DEFENDANTS ANSWER, REGARDING THE PLAINTIFFS AMENDED COMPLAINT


NOW comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs rebuttal, to the defendants answer, regarding the plaintiffs Amended Complaint. In support thereof, the plaintiffs states as follows:


1.) The plaintiff has submitted an eleven (11) page Amended Complaint, consisting of over thirty (30) paragraphs outlining all forms of systematic retribution & misconduct carried out against the plaintiff by prison guards/officals for the plaintiff exercising his First Amendment Rights against the I.D.O.C., & seeking redress regarding such abuses through the established grievance procedure, & raising such matters before a court of law. In responce, the defendants have filed there answer denying all of the plaintiffs accounts & taking the position that, they (defendants) didnt do it, (as expected).


2.) The defendants claim as a affirmative defence that, they are entitled to judgement as a matter of law, with regards to all unexhausted grievances, which the plaintiff has filed. It has already been clearly established throughout the plaintiffs Amended Complaint, grievances, exhibits, etc., that, such unexhausted grievances were due to the very defendants in this action, either refusing to respond or distroying such grievances, in order to prevent the plaintiff from raising such issues before a court of law. Constituting denyal of access to the court, with respect to such grievances.

3.) When prison officals fail to respond to administrative remedies, those remedies are rendered unavailable & deemed exhausted under the P.L.R.A. The 7th Cir. reached this conclusion, because it refused to interprt the P.L.R.A. so narrowly as to allow prison officals to exployt the exhaustion requirements through indefinate delay in responding to grievances. Gibson Vs. West, 201 F.3d 990, 994 (7th Cir. 2000).

4.) A prisoner has a Constitutional Right to the Courts that, by necessity, include the right to persue administrative remedies, which must be exhausted before seeking redress from the courts [17] prison key 4(5) 301 Ky(5) most cited cases. Prison officals may not retaliate against a prisoner, because that prisoner filed a grievance, this is so even if the adverse action does not violate the Constitution. Dewalt Vs. Carter, 224 F.3d 607 (7th Cir. 2000).

5.) The defendants have invoked qualified immunity from carrying out & concealing the continuous acts of reprisal/misconduct, which the plaintiff was subjected to, dispite the defendants full knowledge of such events & there blatant refusal to take or recommend corrective action. No qualified immunity when denying pain medication. Walker Vs. Benjamin, 293 F.3d 1030 (7th Cir. 2002). This very principle is applied to prison officals who (deny) or (distroy) a prisoners grievances. Verser Vs. Elyea, 113 FS 2d 1211 (N.D.IL 2000).

6.) The defendants also claim that, the plaintiff has not alleged any physical injury, & therefore, can not recover mental & emotional damages. The plaintiff can in fact recover such damages, because such provisions of the P.L.R.A. requiring physical injury before the recovery of damages has since been struck down as unconstitutional & discriminatory against inmates. No physical injury required, Dorn Vs. Detella, 1997 WL 85145 N.D.IL)). The courts have long recognized that, mental pain is as real & serious as physical injury. Northington Vs. Jackson, 973 F.2d @ 1524; Parrish Vs. Johnson, 800 F.2d 600, 605 (6th Cir. 1986). Suffient mental anguish; Burton Vs. Levingston, 791 F.2d @ 100-01 (terror of instant & unexpected death). Parker Vs. Asher, 701 F.Supp. 192, 194 (D.Nev. 1988). Gartuitous fear..

Wherefore, The plaintiff prays that, this Honorable Court grant the plaintiffs rebuttal, to the defendants answer, regarding the plaintiffs Amended Complaint.

/s/ _____,

Mr.Fabian Santiago. #B-79716

PO Box 112  Joliet, Il 60434

2 of 2

IN THE
U.S. Dist. Court for the
Central District of Illinois

Fabian Santiago                          )
Plaintiff,                               )
                                         )    Case No. 04-1429
        v.                               )
                                         )
Roger E. Walker, Jr. Et.Al;              )
Defendant                                )

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerk                    TO: Mr.Jason P. Young
    309 Federal Building               Asst. Attorney General
    100 N.E. Monroe                    500 South. Second st.
    Peoria, Il  61602                  Springfield, Il 62706

PLEASE TAKE NOTICE that on __Dec. 12th__, 20_06_, I have placed the
documents listed below in the institutional mail at __Stateville__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: __Plaintiffs rebuttal, to the defendants answer, regarding the__
__plaintiffs Amended Complaint__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: 12/12/06                     /s/ _____
                                   NAME: Fabian Santiago.
                                   IDOC#: B-79716
                                   Stateville Correctional Center
                                   P.O. BOX 112
                                        Joliet , IL 60434