**E-FILED**
Monday, 25 June, 2007  12:33:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FABIAN SANTAGO,
    Plaintiff,

vs.                            04-1429

ROGER WALKER,
    Defendant.

**CASE MANAGEMENT ORDER #2**

This cause is before the court for consideration of the plaintiff's motion to compel discovery and impose sanctions [d/e 91], the defendants' motion to withdraw the answer to the amended complaint [d/e 97], the plaintiff's motion for an order allowing him to take depositions [d/e 99], both parties motions to extend discovery deadlines [d/e 100, 101] and the plaintiff's renewed motion for appointment of counsel. [d/e 102].

BACKGROUND

The plaintiff  brings this lawsuit pursuant to 42 U.S.C. §1983 against 23 defendants at the Pontiac Correctional Center including Illinois Department of Corrections Director Roger Walker, Sherry Hile-Benton, Stephen Mote, P. Hastings, Ms. Jennifer Melvin, Ms. Carrie Melvin, Mr. Melvin, Ms. Katina Levingston, Mr. N. Osman, Mr Mark Spencer, Ms. Paula Rich, Ms. Sharon Eden, Officer McBernny, Mr. Wesley Wiles, Major Kennedy, Ms. Emily Ruskin,  Ms. Marge Heg, Mr. Pots, Mr.Correy Wilson,  Mr Les Amdore, Officer Paul, Stewart Penoyer and Mark McNabb.

After conducting a merit review of the plaintiff's complaint, the court found that the plaintiff had adequately alleged that:

a) the defendants violated the plaintiff's First Amendment rights when they repeatedly interfering with his grievances by refusing to make copies, refusing to respond, failing to forward them on or destroying them in retaliation for the plaintiff's previous grievances or lawsuits;

b) the defendants violated the plaintiff's right to meaningful access to the courts under the First Amendment when they interfered with the plaintiff's grievances;

c)the defendants violated the plaintiff's First Amendment rights when they repeatedly interfered with his outgoing mail in retaliation for previous lawsuits and grievances; and,

1

d) the defendants violated the plaintiff's First and Fourth Amendment rights based on repeated delays and/or tampering and /or censoring of his outgoing mail.

The claims are against the defendants in their official and individual capacities.

## MOTION TO COMPEL

The plaintiff has filed a motion to compel discovery and a request for sanctions.  The plaintiff is advised that in the future, he should attach a copy of his discovery requests and a copy of the response provided by the defendants to any motion to compel.  These documents were provided in the defendants' response and have been considered by the court.

The plaintiff's first request for documents asks for:

all internal memos, incident reports, etc, circulated through the Internal Affairs unit, Clinical Services, Warden and Directors Office regarding the grievances which the plaintiff has filed in this action and the systematic interception, withholding, theft, destruction and tampering of the plaintiff's correspondences, publications, legal mailings, access to the court, etc. (Def. Resp. Ex A)

The defendants state they have provided all grievance officer's reports and Administrative Review Board responses.  "Those documents were the only responsive documents to the Plaintiff's request.  No memos, incident reports, or other responsive documents exist." (Def. Resp., p. 2)

The plaintiff believes there are other documents that have not been provided.  However, the plaintiff has no proof of any other documents and the court cannot order the defendants to produce documents they claim do not exist.  The defendants will not be allowed to present documents that they have failed to provide to the plaintiff.

The plaintiff next asks for "the prior histories of misconduct, any and all reports and findings of misconduct concerning every defendant listed/named in this action, that have been documented within the last two years." (Def. Resp., Ex A)

The defendants have objected that these documents are irrelevant to the plaintiff's claims.  The court agrees and will not order the plaintiff's to produce these documents.

The plaintiff's final request ask to:

inspect any and all grievances, response related to such grievances, incident reports, internal memos, etc circulated throughout Clinical Services, Internal Affairs, Warden and Directors Office concerning the complaints/ grievances which other inmates have filed regarding the interception, withholding, theft,

2

destruction and tampering of those inmates correspondences, publications, legal mailings, access to the court, etc within the time span of July 2003 to November 2004.

The defendants have replied that this request is overly broad, unduly burdensome and irrelevant to the plaintiff's claims.  "Grievances and complaints are not filed or indexed by subject name, they are filed by the name of the offender filing the grievance or complaint." (Def. Resp. p.2) The defendants say they would have to search the master file of every offender housed at Pontiac Correctional Center during the time period indicated and the master files could be located in 27 different facilities.

The court agrees that this request is overly broad and unduly burdensome.  However, the request is not necessarily irrelevant.  The plaintiff has stated claims against the defendants in both their individual and official capacities.  If there is trend showing these defendants interfered with mail or grievances, this would be relevant to his official capacity claim.  The request would need to be limited to the named defendants.  In addition, the plaintiff may ask for any grievances filed by specific individuals if he knows of other inmates who have filed similar grievances during the relevant time period.  However, the request as worded is to broad and is denied.  The motion to compel is denied.

Both parties have requested additional time to conduct discovery and file any dispositive motions.  The motions are granted and the court will allow a brief extension of these deadlines. [d/e 100, 101]

## MOTION TO WITHDRAW

The defendants have filed a motion to withdraw the initial answer to the amended complaint filed by new defendants McNabb and Penoyer.  The answer was filed with the wrong Assistant Attorney General's signature.[d/e 95]   A corrected answer was subsequently filed. [d/e 96]   Attorney Jason Young is representing these defendants, not Attorney Michael Lanzdorf.  The motion is allowed and the docket will be corrected.

## MOTION FOR A COURT ORDER

The plaintiff is asking the court for an order allowing him to depose the defendants in this case. [d/e 99].   In general, a prisoner who is proceeding pro se in a §1983 action may utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure.  However, "the court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis..." *Cunningham v. Orr*, 1989 WL 516269 at 1 (N.D. Ind 1989)  Depositions would require court reporter expenses.   The plaintiff has not indicated that he is financially able to pay either the court reporter fees or the statutory witness fees.  Therefore, the motion is denied. [d/e 99]

## RENEWED MOTION FOR APPOINTMENT OF COUNSEL

3

The plaintiff also renews his motion for appointment of counsel. Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.  In this case, the plaintiff appears competent to proceed *pro se*, based on his submissions and this case does not appear complex.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to compel and motion for sanctions is denied. [d/e 91]**

**2) The defendants' motion to withdraw the first answer to the amended complaint filed on behalf of Defendants McNabb and Penoyer is granted. [d/e 97] The clerk of the court is directed to strike the initial answer [de 95].  The clerk is also directed to correct the docket to reflect that Defendants McNabb and Penoyer are represented only by Assistant Illinois Attorney General Jason Young.**

**3) The plaintiff's motion for a court order allowing him to take depositions is denied. [d/e 99]**

**4) The parties motions to extend the discovery deadlines are granted. [d/e 100, 101]. The  court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before July 27, 2007; and 2) any dispositive motions must be filed on or before August 17, 2007.**

**5) The plaintiff's renewed motion for appointment of counsel is denied. [d/e 102]**

Entered 06/25/07

s\**Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

5