IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
JUL - 5 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago

Vs.

Roger E. Walker, Jr. Et.Al;

Civil No. 04-1429

Judge, Harold A. Baker

PLAINTIFFS MOTION OBJECTING TO THE COURTS DENYAL FOR AN ORDER TO COMPELL DISCOVERY & THE APPOINTMENT OF COUNSEL

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs motion objecting to the courts denyal for an order to compell discovery & the appointment of counsel. In support thereof, the plaintiff states as follows:

1.) The plaintiff in this cause has requested of the defendants discovery materials consisting of: any & all internal memoes, incident reports, etc., circulated though the internal affairs unit, clinical services, warden & directors office regarding the grievances which the plaintiff has filed in this action, & the systematic interception, witholding, theft, distruction, & tampering of the plaintiffs correspondences, publications, legal mailings, access to the courts, etc., the prior histories of misconduct of the defendants, & to inspect the grievances which other I/Ms have filed, incident reports, internal memoes, etc. related to simliar abuses other I/Ms were subjected to, as the plaintiff.

2.) The District Court has indicated that, the defendants have claimed that no other responsive documents exits regarding the plaintiffs discovery request, however, the District Court should certainly not rely simply upon the defendants contentions, for the defendants have already denied any involvement with respect to blatantly violating the plaintiffs Constitutionally protected Rights, yet the defendants simple denyal to the plaintiffs claims/accounts, doesnt mean the defendnts never actually carried out such abuses against the plaintiff.

3.) The plaintiff has brought before this court systematic, calculated, & egregious violation of his Constitutionally protected Rights by the defendants. The plaintiff has given an indepth account of such incidents, & has not simply concocted a whirlwind of fabricated lies & falsehoods against the defendants. In contrary, it has been the defendants themselves who have blatantly mislead & filed completely fals̄e pleadings with the court. Defendant Ms.Sharon Eden, herself, informed the plaintiff while @ the Pontiac.c.c. that, so many incidents of I/Ms having their legal documents/mailings distroyed/missing resulted in the prison staff having to file INCIDENT REPORTS, & considering the numerous incidents of the systematic breakdown of the institutional mailing system, clearly some inquiry by the internal affairs unit, & wardens office was conducted. Asst. warden Michael P. Melvin himself forwarded the plaintiff a memo stipulating that, the plaintiffs concerns regarding problems with mailings would be forwarded to: MAJOR DAVIDSON & INTERNAL AFFAIRS for handling.

4.) Clearly there exist other documentation within the possesion of prison officals indicating the fully knowledge of the defendants regarding the systematic breakdown & exploytation of the institutional mailing system & grievance proceedure @ the Pontiac.c.c., which the defendants have refused to afford the plaintiff, in order to prevent the plaintiff from demonstrating such factors before a jury.

5.) The prior histories of misconduct, with respect to the defendants involved in this action is clearly relavent & pertinent to the issues being litigated in this cause. The defendants were known for continuously carrying out such practices of abuse against I/Ms, especially I/Ms who reported staff misconduct, for years. The defendants have strongly contested the plaintiffs accounts, & the prior histories/incidents of misconduct regarding the defendants, can be used by the plaintiff to refute the defendants assertion of never having any involvement in carrying out such abuses against I/Ms. Wilson Vs. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993). An officers prior assaults show a motive (hostility to prisoners) or an intent to harm prisoners who are outspoken. The numeerous instances of misconduct & reprisal against the plaintiff, were not simply isolated to the plaintiff, but were previlent against I/Ms as a whole, & the defendants in this cause were fully engaged in such unlawful practices. The plaintiff has already cited Federal Court presidence, including rulings handed down by the 7th Cir. Court of Apeals concerning the disclosure of the prior histories of misconduct, which clearly entitled the plaintiff to such documentation.

6.) The defendants in this action should certainly not be allowed to conseal their very long histories of misconduct/abuse against I/Ms, & left to propagate a myth before the jury that, they have never & would never carry out such abuses against any I/M & have no reason (motive) or (intent) to, dispite ingaging in such misconduct/reprisal for years.

7.) The plaintiff has only requested to <u>inspect</u> the grievances which other I/Ms have filed regarding similar abuses, while @ the Pontiac.c.c. from the dateds of: July 2003 to Nov. of 2004. The plaintiff has not requested any copies of such grievances, & the defendants would not be required to conduct any inquiry, investigative work, or even so much as submit copies of such grievances to the plaintiff @ this time. All the plaintiff is requesting to conduct is a review of such materials, in order to determine what exact grievances are pertinent to the plaintiffs cause. Furthermore, the court has taken the position that, if the plaintiff had the identities/names of I/Ms who filed such grievanes, the plaintiff would be entitled to those spacific grievances, however, the very perpose of the plaintiff requesting to (inspect) the grievances which other I/Ms have filed regarding similar abuses which the plaintiff was subjected to, is to locate the identities of such I/Ms, demonstrate to the jury how plagued with abuse & misconduct the institutional mailing system & grievance procedure was/is @ the Pontiac.c.c., & to have (some) of these other I/Ms called to testify to such accounts before the jury itself.

8.) Although the plaintiff has some knowledge & experience with the litigation process & the filing of pleadings, the plaintiff has never executed jury trial deliberations, & has absolutely no experience in litigating such matters before the jury itself. The plaintiff will certainly not be allowed to question himself on the stand, therefore, the plaintiffs full accounts will never be presented to the jury. The defendants have already vehemently denied the plainiffs accounts, & have vigorously opposed the plaintiffs efforts to obtain critical discovery documentation, so obviously the plaintiff will have great difficulty demonstrating his case before a jury trial, & considering the numerous defendants & incidents involved in this litigation, the court should certainly appoint the plaintiff counsel, for the denyal of counsel would prevent the plaintiff from ever being afforded a fair trial, where all the facts are presented before the court/jury.

Wherefore, the plaintiff prays that this Honorable Court grant the plaintiffs motion respectfully objecting to the courts denyal for an order to compell discovery & the appointment of counsel, & issue an order directing the defendants to afford the plaintiff all relavent discovery materials/documentation, & appointing the plaintiff counsel.

/s/ _____

Mr. Fabian Santiago. #B-79716
PO Box 112  Joliet, Il 60434

3 of 3

Note: the plaintiff does not even have
access to the necessary materials to
prepare proper jury instructions

To Head of Internal Affairs                         5/13/2004

Re: destruction of mail, being held
incommunicado from relatives

    I sent out for an audit of my trust fund
account and noticed that on 4/13/2004 five hundred and
fifty dollars had been accredited to my account by Mrs.
Crespo. I never received any letter or package
from my relatives notifying me that they had sent me the
$550.00. I've also written to mail room staff and they claim not
to possess such a mailing.
  On 5/5/2004 and on 5/6/2004 I sent out two (2) letters to
Mrs. Crespo with money vouchers attached for postage, yet
none of these letters made it outside of this facility.
On 5/12/2004 I sent out yet another letter to Mrs. Crespo
(in the same manner) but I have yet to receive any notification
of this correspondence leaving the institution.
  I have been (attempting) to communicate with my relatives to
retain the services of an attorney to seek civil action against
Warden Hoke and various other staff members, so this may
very well be a major factor as to why my mail is being distrib-
uted and the prevention of my communication with my relatives.
In the Ten (10) months I have been at the Pont.A.C.C. I have
had dozens of letters, packages, etc. destroyed or lossed which
never made it to my relatives or the courts, etc. And despite the
numerous grievances I have filed regarding these matters, no
action has been taken to place an end to these abuses. This is
a controlled environment (facility) so it would not prove to be
an impossible task to prevent such incidents from continuing.
Within the last (10) days alone I have had over a half
dozen correspondences destroyed or lossed which I attempted
to forward to Mrs. Crespo.

1 of 2

Within the last (60) days the majority of these mailings were handed to C/O Paul or C/O Andrews who usually work the gallery on the second shift and I seriously doubt these two (2) staff members are destroying my mail.

The only other employees who have any contact with my mail is C/O McDonn(?) who works the cage in the roundhouse most of the time and mail room staff, so it would seem more than likely that mail room staff or C/O McDonn(?) have been engaging in the destruction of my mailings.

Warden Hulick and Internal Affairs need to stop concealing such abuses because they are bound to be exposed.

Fabian Santiago
#B-79714
N-736

C.C.

2 of 2



**Illinois
Department of
Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL  61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

### MEMORANDUM

DATE:       October 13, 2004

TO:         Fabin Santiago, B79716
            N749

FROM:       Henry Walton
            Assistant Warden of Operations

SUBJECT:    Recent Correspondence

My office is in receipt of your letter dated October 18, 2004, indicating you have been experiencing problems receiving the Chicago Tribune. Due to your claims, your letter is being forwarded to Major Davidson and Internal Affairs for handling.

Michael P. Melvin
Acting Assistant Warden of Programs

MPM/KMB/kmb

xc:    Major Davidson
       Internal Affairs
       File, Chron File

IN THE
U.S. Dist. Court for the
Central Dist. of Illinois

Fabian Santiago )
Plaintiff, )
)
) Case No. 04-1429
v. )
)
Roger E. Walker, Jr. Et.Al; )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerks Office
309 Federal Building
100 N.E. Monroe
Peoria, Il 61602

TO: Mr. Jason P. Young
500 South. Second st.
Springfield, Il 62706

PLEASE TAKE NOTICE that on ___June 29th___, 20_07_, I have placed the documents listed below in the institutional mail at _Stateville_ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

Plaintiffs motion objecting to the courts denyal for an order to compell discovery & the appointment of counsel.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 6/29/07

/s/ _[signature]_
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Jan 2002