IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS



E-FILED
Monday, 20 August 2007 11:45:54 AM
Clerk, U.S. District Court, ILCD

AUG 17 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago                              Civil No. 04-1429
    Vs.
Roger E. Walker, Jr. et.Al;                  Judge, Harold A. Baker

PLAINTIFFS MOTION FOR AN ORDER OF PENALTIES, COST, & SANCTIONS

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs motion requesting an order for penalties, cost, & sanctions. In support thereof, the plaintiff states as follows:

1.) The plaintiff in this cause has submitted various request for the production of discovery material from the defendants, the defendants in turn outright disregarded the plaintiffs request for such documentation, & simply provided the the plaintiff with various copies of grievances (the majority of which having nothing to do with the issues being litigated in this cause) that the plaintiff never even requested.

2.) The defendants in this action have blatantly lied & mislead this court into believing that the plaintiff has been provided with all pertinent materials related to this cause, including any & all grievances & related responces, etc., in fact, this was the courts basis for refusing to issue an order to compell discovery, because the court was under the false pretence of the plaintiff being afforded all such relavent materials, however, this has (not) been the case.

3.) The plaintiff forwarded numerous correspondences to warden Stephen Mote, Correy Wilson of the internal affairs unit, & director Roger E. Walker, Jr. regarding the plaintiffs correspondences, legal documentation, grievances, etc., either being distroyed, left unresponded to, burried in red tape, or rubber stamped denied with no corrective action being taken. These three (3) defendants are in receipt of over a dozen correspondences which the plaintiff forwarded to them, & the plaintiff has yet to receive such materials from the defendants.

4.) The defendants have already claimed that any & all grievances & related responces have been afforded to the plaintiff, yet the correspondences which the plaintiff forwarded to these defendants has never been afforded to the plaintiff. Such correspondences are clearly in conjunction & related to the plaintiffs grievances & the issues listed throughout the plaintiffs complaint, & the plaintiff has attempted to resolve this issue with opposing counsel Mr.Jason P. Young, however, Mr.Young has objected to affording the plaintiff such materials, dispite already filing tender legal documentation with the court indicating that such materials were disclosed to the plaintiff.

5.) Although the District court has recently issued a ruling denying the plaintiffs motion for an order to compell discovery (due to the defendants misleading the court that no further discovery materials exist) the plaintiff has filed an objection to the courts denyal for an order to compell discovery, & the correspondences which the plaintiff seeks from the defendants are not involved with the particular materials which the District Court has refused to order the defendants to disclose. The correspondences which the plaintiff seeks from the defendants are materials which the defendants have already claimed to have afforded the plaintiff, yet have failed to do so thus far.

6.) The plaintiff has clearly indicated within his formal request for the production of documentation to the defendants (which is already apart of the court record) the correspondences regarding the issues being litigated before this court, which also, & obviously include the correspondences which the plaintiff forwarded to the defendants regarding the plaintiffs grievances, legal documentation, correspondences, etc. Not only did the plaintiff spacifically request such materials within his formal request for the production of documentation, but the court can clearly (infer) that, the plaintiff indicated such materials, & the defendants misleading the court into beleiving that such materials had already been disclosed to the plaintiff, or of such documentation never even existing.

7.) The plaintiff even specified to opposing counsel Mr.Young that, the plaintiff had forwarded numerous correspondences to the defendants during the taking of the plaintiffs (deposition), yet opposing counsel has yet to afford these correspondences to the plaintiff. The plaintiff then proceeded to forward a correspondence to opposing counsel Mr.Young further inquiring about such correspondences to the defendants, as well as requesting a copy of the signed log records by law enforcement, who came to interview the plaintiff @ the Pontiac.c.c., & opposing counsel Mr.Young has only now objected to affording the plaintiff such materials, dispite pertraying the misconception to the court that, such materials had already been afforded to the plaintiff or did not exist.

2 of 3

8.) Opposing counsel for the defendants has contended that, the plaintiff never made any spacific request for the correspondences which the plaintiff forwarded to the defendants or copies of the log records signed by (Mark) of the Illinois State Police, & (Mr.Rob Hardesty) of the Federal Bureau of Investigation, however, the plaintiff either did make such spacific requests or such materials could of been (infered) from the plaintiffs formal request for the production of documentation. Furthermore, even if the plaintiff had never made such a formal request spacifically outlining such materials, the defendants are under a <u>continuing obligation</u> to afford such documentation to the plaintiff under <b><u>initial discovery proceedings</u></b>, so the plaintiff was never under any requirment to actually request these spacific materials, dispite doing so.

9.) Throughout the plaintiffs grievances & complaint, the plaintiff clearly indicates that, one of the underlining factors, as to why the defendants persisted in carrying out such acts of systematic misconduct & retrobution against the plaintiff, was due to the plaintiff cooperating with law enforcement to criminally indict various prison guards for subjecting the plaintiff to brutal & henious assaults, as well as instances of reprisal. The law enforcement officals who the plaintiff was interviewed by was: (Mr.Mark) of the Illinois State Police, & (Mr.Rob Hardesty) of the Federal Bureau of Investigation, <u>who signed log records</u>, outlinging the dates & time when the plaintiff was interviewed, & surely such materials are relevent to the plaintiffs cause, & should of been disclosed to the plaintiff by the defendants under initial discovery proceedings.

10.) The plaintiff currently has before the court his motion objecting to the courts refusal to issue an order to compell discovery & appoint the plaintiff counsel, which the court has yet to rule upon, & the court should take into consideration when rendering its verdict to appoint the plaintiff counsel that, the defendants in this action have lied their asses off to the court, by & through their counsel Mr.Young, when denying any involvement regarding the abuses which the plaintiff was subjected to, & filing completely false & misleading pleadings with the court indicating that no further discovery materials exist or that certain documentation has already been afforded to the plaintiff - when it has not. Many of the defendants involved in this action are <u>very high level officals with the I.D.O.C.</u>, & surely the attorney generals office is certain to have some of its most senior & leading attorneys execute trial court proceedings in this cause, so the court should most certainly appoint the plaintiff counsel, in order to insure that the plaintiff is afforded a fair oppertunity in having his case heard & all relevant facts presented to the jury, by a trained & fully prepared attorney who is capable of handling such a case.

Wherefore, The plaintiffs prays that this Honorable Court grant the plaintiffs motion for penalties, cost, & sanctions, & levy a $5,000.00 fine against the defendants, & mandate the defendants to afford the plaintiff all correspondences forwarded to warden Stephen Mote, Correy Wilson of the internal affairs unit, & director Roger E. Walker, Jr by the plaintiff, & copies of log records signed by Mr.Mark, & Mr.Hardesty of the Illinois State Police, & Federal Bureau of Investigation.

/s/ *[signature]*

Mr.Fabian Santiago. #B-79716
PO Box 112 Joliet, Il 60434

3 of 3

IN THE

_____

_____

Fabian Santiago  )
Plaintiff,  )
  ) Case No. 04-1429
  v.  )
  )
Roger E. Walker, Jr. Et.Al;  )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Mr. Jason P. Young            TO: _____

   Asst. Attorney General            _____

   500 South. Second st.             _____

   Springfield, Il 62706             _____

PLEASE TAKE NOTICE that on ___August 3rd,___, 20_07_, I have placed the documents listed below in the institutional mail at _Stateville_ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Plaintiffs inquiry (correspondence), regarding undisclosed letters to defendants, & log records signed by Mark & Mr. Hardesty of the Il. State Police & Federal Bureau of Investigation.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8/3/07

/s/ _[signature]_
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Exhibit (A)

To: Mr. Jason P. Young  
Asst. Attorney General

August 3rd, 2007

Re: Santiago Vs. Walker, Jr. Et.Al;  
Civil No. 04-1429  
Judge, Harold A. Baker

Exhibit (B)

      As you are already well aware of, the attorney generals office is under a continuous obligation to provide me with any initial or pertinent discovery material related to this cause, & although the defendants have (claimed) to have provided me with all grievances & related responces, this has not been the case. The (correspondences) which I forwarded to defendant(s): warden Stephen Mote, Correy Wilson of the internal affair unit, & director Roger E. Walker, Jr were in conjunction & related to the grievances which I filed regarding the mishandling of my mailings/documentation & staff misconduct. I forwarded well over a dozen (correspondences) to the above listed three (3) defendants, however, these materials have not been afforded to me. Moreover, within my grievances & throughout my Federal Civil Rights Suit, it is clearly stipulated that, one of the founding factors as to why prison officals allowed or carried out such acts of retrobution against me were due to my cooperation with law enforcement to criminally indict the prison guards who assaulted me @ the Menard & Pontiac.c.c. (Mark) of the Illinois State Police (&) ultimately (Mr. Hardesty) of the Federal bereau of Investigation personally came to interview me regarding these matters, while I was being housed @ the Pontiac.c.c., however, I have not been provided with the <u>log records</u>, which Mark & Mr. Hardesty signed when entering the Pontiac.c.c. & documenting their visitation/investigation with myself.

I am requesting that, your office insure that I am provided with all correspondences which I forwarded to: Mr. Mote, Mr. Wilson, & Mr. Walker, Jr while I was being detained @ the Pontiac.c.c., as well as, copies of the log records which Mark & Mr. Hardesty signed, outlining the dates & time, which these law enforcement officals signed documenting their interview with myself.

Thank you,

/s/ _____,  
Mr. Fabian Santiago. #B-79716

PO Box 112  Joliet, Il 60434



# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

August 7, 2007

Fabian Santiago, #B-79716
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, IL 62988

    Re:   *Fabian Santiago v. Roger Walker, Jr., et al.*
           USDC-CD Ill. No. 04-1429

Mr. Santiago:

    This letter is in response to your recent correspondence dated August 3, 2007. In said letter, you requested that I forward to you copies of all correspondence you sent to Defendants Mote, Wilson, and Walker. You also requested copies of log records regarding your alleged interviews with law enforcement officials. I object to providing you with these documents. You have never previously requested the documents in a discovery request and the time for discovery has expired. In the Court's June 25, 2007 Order, Judge Baker set the deadline for discovery as July 27, 2007.

    If you have any questions or concerns regarding this matter, please contact me.

                                                        Sincerely,

                                                        Jason P. Young
                                                        Assistant Attorney General

*Exhibit (C)*

IN THE
U.S. Dist. Court for the
Central Dist. of Illinois

| Fabian Santiago | ) |
|---|---|
| Plaintiff, | ) |
| | ) Case No. 04-1429 |
| v. | ) |
| | ) |
| Roger E. Walker, Jr. Et.Al; | ) |
| Defendant | |

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerks Office
309 Federal Building
100 N.E. Monroe
Peoria, Il 61602

TO: Mr. Jason P. Young
500 South. Second st.
Springfield, Il 62706

PLEASE TAKE NOTICE that on August 10th, 2007, I have placed the documents listed below in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

Plaintiffs motion for an order of penalties, cost, & sanctions

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8/10/07

/s/ [signature]
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Jan 2002