**E-FILED**
Wednesday, 22 August, 2007  11:39:25 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**FILED**

AUG 2 2 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOI.

Fabian Santiago                    Civil No. 04-1429

     Vs.

Roger E. Walker, Jr. Et.Al;         Judge, Harold A. Baker

PLAINTIFFS SUPPLEMENTAL MOTION FOR AN ORDER OF PENALTIES, COSTS, & SANCTIONS

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs supplemental motion for an order of penalties, costs, & sanctions. In support thereof, the plaintiff states as follows:

1.) The plaintiff in this cause has filed a motion with the District Court requesting an order for penalties, costs, & sanctions against the defendants, for the defendants deliberately witholding materials/documentation pertinent to this cause from the plaintiff, in order to prevent the plaintiff from presenting such evidence to the court/jury & either claiming to have provided the plaintiff with such materials or falsely misleading the court that, such documentation simply does not exist. The plaintiff has various other factors which he would like the oppertunity to present to the court regarding this dispute, therefore, the plaintiff moves in good faith to supplement his motion for an order of penalties, cost, & sanctions.

2.) The plaintiff has specifically requested of the defendants, within the plaintiffs formal request for the production of documentation/materials (discovery) that, the defendants disclose/provide the plaintiff with any & all internal memos, incident reports, (correspondences), etc. which were circulated through clinical services, internal affairs unit, wardens office, springfields office of intellegence, & directors office, regarding the incidents/matters involved in this action.

3.) The plaintiff (personally) forwarded to internal affairs, wardens office, & the directors office over a dozen (correspondences) regarding the plaintiffs legal documentations, grievances, publications, mailings in general being intercepted, lost or distroyed. The plaintiff was also interviewed by Mr.Mark of the Illinois State Police, & Mr.Hardesty of the Federal Bureau of Investigation @ the Pontiac.c.c. regarding the brutal assaults which the plaintiff was subjected to, & throughout the plaintiffs Federal Civil Rights Sute, & the plaintiffs grievances, the plaintiff clearly stipulates that, the defendants involved in this cause were allowing or carrying out such acts of abuse, misconduct, & reprisal against the plaintiff due to the plaintiff cooperating with law enforcement to criminally indict various prison guard employees.

4.) The defendants have filed blatantly false & misleading pleadings with the District Court claiming that, the plaintiff was provided with all grievances, & all related responces regarding the controversies being litigated before this forum of law. However, the plaintiff has not been afforded the very correspondences which the plaintiff himself forwarded to the defendants, or the log records which Mr.- Mark of the Illinois State Police, & Mr.Hardesty of the Federal Bureau of Investigation signed documenting their interview/investigation with the plaintiff, these materials are clearly indicated or infered within the plaintiffs formal request for the production of documentation/materials (discovery), which is already apart of the court record. The plaintiff should have been provided with such evidence, & has attempted to resolve this matter with opposing counsel Mr.Young without the courts intervention, however, the plaintiffs efforts to resolve this matter has been thwarted by the defendants.

5.) The plaintiff specifically requested or indicated the request for such materials within his formal request for the production of documentation/materials, nevertheless, even if the plaintiff never made such a specific request for such documentation, the defendants were obligated to afford the plaintiff such materials under **(initial discovery)**. Furthermore, even if the Central District Court has no provisions enforcing (initial discovery proceedings/guidlines), **automatic disclosures in the local rules or civil justice delay & expense reduction plans, do in fact require the disclosure of such materials without the plaintiffs formal request needing to be made.** National Law Journal, February 28th, 1994, @ 5.

6.) Initial discovery includes, but is not limited to: names &, if known, addresses, & telephone numbers of persons likely to have discoverable information relevant to disputed facts alleged with particularity in pleadings. Copies or discriptions of all documents, data collections, & tangible things relevant to the disputed facts alleged with particularity; computation of damages & materials supporting the computation; Rule 26(a)(1), Fed.R.Civ.P., as amended effective Dec. 1st, 1993. Directing the District Court to allow discovery of documents such as duty rosters, & personnel records that, would assist the plaintiff in identifying the defendants. Murphy Vs. Keller, 950 F.2d 290, 293 (5th Cir. 1992). Burdensome or expensive discovery may be required, if it is relevant to the case. Fagan Vs. District of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991).

7.) Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party, including the existence, discription, nature, custody, condition & location of any books, documents, or other tangible things, & the identity & location of persons having knowledge of any discoverable matter. It is not a grounds for objection that the information sought will be inadmissible @ trial, if the information being sought appears reasonably calculated to lead to the discovery of admissible evidence. The U.S. Supreme Court has construed this rule broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc Vs. Sanders, 437 U.S. 340, 351, 98 S.CT. 2380 (1978); accord, Weiss Vs. Amoco Oil Co., Inc., 142 F.R.D. 311, 315 (S.D. Iowa 1992).

8.) If the discovery will be burdensome, only because of the way defendants keep their records, it will generally be allowed. The plaintiff should not have to suffer, if the information is not easily accessible, because the defendants have an ineffective filing system. Fagan Vs. District of Columbia, 136 F.R.D. @ 7 (D.D.C. 1991).

Wherefore, the plaintiff prays that this Honorable Court grant the plaintiffs supplemental motion for an order of penalties. costs, & sanctions, levy a $5,000.00 fine against the defendants & mandate the disclosure of all correspondences which the plaintiff forwarded to the defendants regarding the matters in dispute throughout this cause, & the disclosure of copies of the signed log records of law enforcement iterviewing/visiting the plaintiff.

/s/ _____,

3 of 3

Mr.Fabian Santiago. #B-79716
PO Box 112  Joliet, Il 60434

IN THE
U.S. Dist. Court for the
Central Dist. of Illinois

_____Fabian Santiago_____ )
Plaintiff,                       )
                                 ) Case No. **04-1429**_____
        v.                       )
                                 )
Roger E. Walker, Jr. Et.Al;      )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: **Court Clerks Office**_____    TO: **Mr.Jason P. Young**_____

____**309 Federal Building**____        ____**500 South. Second st.**____

____**100 N.E. Monroe**_____         ____**Springfield, Il 62706**____

____**Peoria, Il 61602**_____        _____

PLEASE TAKE NOTICE that on ____**August**___ _**17th**_____, 20**07**__, I have placed the
documents listed below in the institutional mail at _**Stateville**___ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _**Plaintiffs supplemental motion for an order of penalties, costs,**_

___**& sanctions**_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: __**8/ 17 /07**_____

/s/ _____
NAME) **Fabian Santiago**_____
IDOC#: __**B-79716**_____
**Stateville**___ Correctional Center
P.O. BOX **112**___
_____**Joliet**_____, IL **60434**___