E-FILED
Friday, 31 August, 2007  04:18:02 PM
Clerk, U.S. District Court, ILCD

**STATE OF ILLINOIS**          )     *Fabian Santiago v. Roger E. Walker, et al.,*
                               ) ss.  **USDC-CDIL No. 04-1429**
**LIVINGSTON COUNTY**          )

## AFFIDAVIT

I, LES AMDOR, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.    I am currently employed as a correctional counselor at Pontiac Correctional Center.

2.    I have read the complaint of Fabian Santiago B-79716 and am familiar with its contents.

3.    At all times relevant to the Plaintiff's Complaint, I was a member of the Publications Review Committee at Pontiac Correctional Center.

4.    At no time did I have any involvement with the Plaintiff's grievances.

5.    At no time did I have any involvement with the Plaintiff's outgoing mail.

6.    There was no official policy at Pontiac Correctional Center to destroy, tamper with, or delay offender grievances or mail.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_____
LES AMDOR

Subscribed and sworn to before me
this 30th day of August, 2007.

_____
Notary Public

OFFICIAL SEAL
MICHELLE RAE CLARK
Notary Public   State of Illinois
My Commission Expires Sep. 13, 2008

EXHIBIT

A

1

1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE CENTRAL DISTRICT OF ILLINOIS

3                  PEORIA DIVISION

4   FABIAN SANTIAGO,                          )

5                                             )

6              Plaintiff,                      )

7                                             )

8          vs.                               ) 04-1429

9                                             )

10  ROGER E. WALKER, JR., et al.,            )

11                                            )

12             Defendants.                     )

13       The deposition of FABIAN SANTIAGO, called as a

14  witness for the Defendant, pursuant to the provisions

15  of the Rules of Civil Procedure pertaining to the

16  taking of depositions, before KATHLEEN DEAN, C.S.R., a

17  Notary Public in and for the County of Will, State of

18  Illinois taken at Stateville Correctional Center,

19  Crest Hill, Illinois on June 22, 2007 at the hour of

20  11:00 o'clock a.m.

21

22  Reported by:  Kathleen Dean, Certificate No. 84-1438.

23

24

ORIGINAL

EXHIBIT
B

7

1     Q.    When do you expect to be released?

2     A.    I have -- I have triple digits, my

3  projected out date is 2046.

4              However, I have a post-conviction,

5  which I am currently filing.

6              I have retained counsel for that, and

7  I'm hoping to be successful in that filing, and

8  hopefully the conviction and sentence will be vacated.

9     Q.    What institutions have you been

10  incarcerated in since you arrived?

11     A.    I've been -- initially I was processed

12  through Joliet Correctional Center, which is now

13  closed.

14              I've been here, Stateville, Pontiac and

15  Menard.

16     Q.    Now, let's talk a little bit about your

17  claim.

18              Your first claim as construed by the

19  Court is that the defendants violated your first

20  amendment rights by repeatedly interfering with your

21  grievances by refusing to make copies, refusing to

22  respond, failing to forward them on, then for

23  destroying in retaliation for your prior grievances or

24  lawsuits?

8

1      A.      Yes.

2      Q.      Who refused to make copies of your

3   grievances?

4      A.      All of the defendants listed throughout the

5   action.

6              As far as what particular instances

7   they were involved in are outlined or stipulated to

8   throughout the complaint and the exhibits filed with

9   the complaint.

10              I don't know how you would like to

11   proceed, but if you'd like, I can read the complaint

12   and the grievance together with that and you can ask

13   me whatever you'd like if you'd like to do it that

14   way.

15      Q.      Let's just go off what you know.

16      A.      Okay.  Well, in general, my grievances   --

17   my legal mailings in particular -- I'm sorry.

18              I attempted initially to file a

19   grievance with respect to an assault carried out

20   against me by prison guards at the Menard Correctional

21   Center, which was the very reason I was at the Pontiac

22   Correctional Center.

23              I was brought up on false disciplinary

24   charges of assaulting that officer in order to conceal

9

1    the fact that they had carried out that assault and

2    had brutally assaulted me.

3                    That incident was the result of an

4    investigation by the Illinois state police and the

5    Federal Bureau of Investigation and the Attorney

6    General's office -- I'm sorry -- the U.S. Attorney's

7    office referred the matter to the Illinois Department

8    of Corrections, so they were well aware of the ongoing

9    criminal investigation.

10                   In fact, not only was the Illinois

11   Department of Corrections in Springfield notified, but

12   the Illinois state police and ultimately the Federal

13   Bureau of Investigation came down to personally speak

14   with me about the matter.

15                   Anyway, I attempted initially to file a

16   grievance.

17                   I asked for four copies of my grievance

18   by the law library staff and they refused.

19                   I told them I needed it in order to

20   submit copies of that grievance, which was a nine-page

21   grievance, a nine-page grievance outlining what took

22   place at the Menard Correctional Center.

23                   I told them I needed four copies, one

24   for the U.S. Attorney's office, that I wanted to file

1    with the U.S. Attorney's office in the Southern

2    District of Illinois, the Randall County prosecutor's

3    office, the Attorney General's office and one to be

4    filed with prison officials and one for my own

5    personal copy.

6                        They refused to give me that.

7        Q.      Who specifically refused?

8        A.      Mr. Mark G. Spencer.

9        Q.      What do you -- do you understand the

10   process of filing grievances to exhaust your

11   administrative remedies?

12       A.      Yes, I do.

13       Q.      All right.  What do you understand that

14   process to be?

15       A.      After we file -- after you get your

16   grievance, you are to submit it to your counsellor if

17   it doesn't warrant an emergency incident, you know, a

18   life-threatening matter.

19                        Then you would file it directly to the

20   warden's office, and I simply wanted additional copies

21   to communicate this matter to law enforcement at the

22   time as well as to formally file my grievance with

23   prison officials.

24       Q.      But you had one copy of the grievance

1   initially, correct?

2       A.      Yes, which was filed to the warden's

3   office.

4       Q.      Only one copy of a grievance is necessary

5   to file the grievance, is that correct?

6       A.      Yes.

7       Q.      So, the refusal of the copies was for

8   additional copies for other matters?

9       A.      For my communication with law enforcement.

10      Q.      Is there any other grievances that they

11  refused to make copies of that is a part of this

12  lawsuit?

13      A.      Yes.  And they're listed throughout the

14  complaint as well.

15      Q.      Let's go through all the ones that you know

16  of.

17      A.      Okay.  I'm sorry.  When you asked me with

18  respect to the refusal of making copies, are you

19  asking me when they denied me the opportunity for

20  additional copies, are you also -- are you also asking

21  me if that involved this destruction of these

22  grievances?

23      Q.      Right now I'm just asking about who refused

24  to make copies of your grievances that you allege to

12

1    support the claim that they repeatedly interfered with

2    your grievances in retaliation for filing prior

3    grievances?

4                    That would be count 1 as construed by

5    the Court.

6        A.      The thing is I haven't listed them in that

7    category according to when they denied me, you know,

8    the opportunity to obtain additional grievances.

9                    I would have to read the complaint to

10   you step by step in order to --

11       Q.      Why don't we try and go about it this way?

12                    We'll just go through my individual

13   defendants and see how they relate to some of your

14   claims.

15                    This first claim of repeatedly

16   interfering with your grievances in retaliation for

17   filing prior grievances or lawsuits, what are your

18   allegations about Les Amdor in relation to that count?

19                    What was his involvement?

20       A.      This is the thing, there are so many

21   instances where he at one point or another reviewed my

22   grievances.

23                    He was well aware that my grievances

24   were being destroyed, prison officials were either

59

1  letters.

2              And all of these letters that I was

3  sending out to law enforcement or to the courts and

4  what not, I have to pay for this, there was money

5  vouchers attached, and when they take the money from

6  your books, they send you the money voucher back,

7  indicating that they'll charge you for this, it's been

8  mailed out.

9              I wasn't getting any of that.  I looked

10  on my audit, none of this was leaving the prison.

11     Q.     So, these mailings that you say never went

12  out, you were never charged for the mailings?

13     A.     I was not only never charged for them, but

14  the courts, law enforcement, my relatives, whoever it

15  was, they never received them.

16              And there is one letter I sent out to

17  my relatives, just in particular, the mail room wrote

18  me back, no contents in envelope.

19              I sent out a letter to them.  They more

20  than likely just threw it away and put the letter in a

21  envelope.

22              This is just the totality of the

23  circumstances here.

24              How many times can this happen before,

60

1    you know, it becomes incredible to believe, and then I

2    make the head of internal affairs aware of this.

3                    There is a letter to the internal

4    affairs I wrote about all of this.

5                    Nothing is being done here.

6    And hold on, I wanted to show you another exhibit

7    here.

8                    Look, there's other instances where I

9    would send out three or four letters attached to one

10   money voucher, and I would only be charged for one

11   letter, why, because the other three or four letters

12   attached there were being discarded and thrown out.

13       Q.    Is there any lawsuit that you have not been

14   able to file or have -- that you were not able to file

15   because of this interference with grievances?

16       A.    Yes.

17       Q.    Were any of those that you did not

18   ultimately file?

19       A.    I was not able to file this lawsuit until

20   after I left.

21                   I couldn't, because they were -- I

22   wanted to file this -- I mean I was hoping to be at

23   trial already with this case.

24       Q.    All right.  Have all your lawsuits that you

61

1    claim the interference with these grievances prevented

2    you from filing, have all those suits ultimately been

3    filed?

4        A.      Yes, often months, in this case years

5    later.

6        Q.      But they have all been filed?

7        A.      Yes.

8        Q.      All right.  Has interference with your

9    grievances caused any of your lawsuits or claims in

10   the court to be dismissed, based on the interference,

11   based on the defendants' actions?

12       A.      It would have, but since there was a

13   continuing pattern of retribution against me, the

14   courts have recognized that I can go from the last day

15   of the last incident of retribution, rather than the

16   first one, if there's a particular pattern.

17       Q.      So, all your lawsuits have ultimately been

18   filed, and the interference with the grievances has

19   not caused any dismissal of any lawsuit?

20       A.      No, it has not, but it did prevent me from

21   the filing of those lawsuits.

22              I found it -- look, I sent out four

23   letters here, they only charged me for one, 27 cents,

24   the others were thrown out, and this is just one of

62

1    all of these incidents.

2                    This was a routine with this guy.

3    Q.      Who are you referring to?

4    A.      I'm sorry.  C.O. McBurney.

5    Q.      All right.

6    A.      I mean and there is a letter right here --

7    this is the letter right here.

8                    I mean you never let me go into the --

9    Q.      So, what all are you alleging has occurred

10   to your outgoing mail, not specific instances but in

11   general, are you saying that letters were lost, things

12   were not mailed out?

13   A.      My publications, for instance, there's --

14   in specific there's -- here, just give me a moment.

15                   This is just one instance there.

16                   Okay.  In specific, these publications,

17   for example, okay, I ordered these publications from

18   the magazine.

19                   Those were all supposed to be allowed

20   to me, okay.

21                   Then the publications review committee

22   asked me to send two of them out, okay.

23                   I complied with that, I signed those 11

24   publications, they told me you can't have two of them,

76

1   personally handing these documents to them, that they

2   were destroying them, and when I brought it to their

3   attention, instead of saying okay, we're going to

4   resolve this right here, right now, give me your

5   documents, I'll go copy this and if I don't come back

6   today, I'll come back in a couple days, that's not the

7   action she took.

8           Instead she was belligerent towards me

9   and told me you send them through the mail.

10          All of these documents are coming up

11   missing, they're being destroyed, you're obviously

12   destroying them and here you are demanding that I

13   continue to send them through the mail.

14          And then she retaliates against me by

15   continuing to destroy my documents, because I filed

16   the grievances against her.

17     Q.    Timothy Potts?

18     A.    That's -- from what I can recall at this

19   time, that is the property room supervisor or

20   personnel, staff member, and he withheld my mail.

21          He withheld -- because a lot of --

22   --- some of these mailings, I would guess I brought

23   some mailings that were sent in to me from the Edward

24   R. Hamilton book store, consisting of a dictionary and

77

1  some other books and what not, it was lost before they

2  sent them to me, because this guy was holding onto

3  them, refusing to forward me my mail, which had

4  already been approved.

5      Q.      But you ultimately received them?

6      A.      Months later.

7      Q.      Do you have any other allegations against

8  Timothy Potts?

9      A.      I would go through the complaint.

10     Q.      Any other allegations that are alleged in

11  the complaint?

12     A.      Allegations against every single defendant

13  throughout this action are listed throughout this

14  complaint, of course, what you need to know is right

15  here in this complaint.

16              This is crux of the entire case.

17     Q.      And your testimony today, if you were to

18  take the time and go through every one of these

19  defendants and I asked what your allegations against

20  them were, your testimony would be what you have

21  included in this complaint?

22     A.      It would be consistent with everything that

23  has been stipulated to in the complaint and the

24  exhibits, because the exhibits are in collaboration

78

1   and further support in greater detail the claims that

2   I have listed throughout the petition.

3       Q.    But these claims are general allegations

4   that would be just further --

5       A.    The gist.

6       Q.    All right.  Roger Walker, what personal

7   involvement did he have in this?

8       A.    I sent numerous correspondence, filing of

9   grievances and what not, and he refused to take any

10  action -- which resulted in even further instances of

11  misconduct that were filed -- and he reviewed -- his

12  signature is on every one of the grievances that I've

13  received responses to from the --

14      Q.    From the ARB?

15      A.    Yeah, from the ARB in Springfield has his

16  signature.

17            And he's basically signing off denied,

18  denied, denied on every one of these grievances,

19  denying them, despite it being quite clear what was

20  going on here, despite the overwhelming evidence.

21            I mean I provided affidavits, witness

22  affidavits from other inmates to some of these

23  incidents.

24            I mean I got documentation from each of

1    the publication vendors here, you know, that they sent

2    me these various names months ago, I didn't receive

3    them, and even when I would receive them, they didn't

4    give me my publications, they would confiscate them,

5    stealing them from me.

6              Why are my magazines --

7    Q.    All right.  Do you have any evidence or did

8    anyone tell you that anyone destroyed any of your mail

9    or publications or grievances?

10   A.    In general, yes.

11             I stipulated to you earlier, previously

12   that the staff members in the cellhouse would tell me

13   look, the mail is -- the mail room is backed up, the

14   mail system here is completely fucked up, we're losing

15   all type of mail.

16             We've got so many complaints, it's

17   unbelievable.

18   Q.    But in --

19   A.    If they're specific, no one ever told me I

20   destroyed your mail, and that's all.

21   Q.    You're saying that individuals were telling

22   you that the mail system at Pontiac Correctional

23   Center was backed up and messed up, correct?

24   A.    There were -- the mail room is backed up

AUG-31-07 FRI 10:49 AM  PONTIAC LEGAL          FAX NO.  8158420946              P. 4

STATE OF ILLINOIS          )      *Fabian Santiago v. Roger E. Walker, et al.,*
                           ) ss.  USDC-CDIL No. 04-1429
LIVINGSTON COUNTY          )

## AFFIDAVIT

I, CARRIE MELVIN, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.    I am currently employed as a correctional officer at Pontiac Correctional Center.

2.    I have read the complaint of Fabian Santiago B-79716 and am familiar with its contents.

3.    At all times relevant to the Plaintiff's Complaint, I was employed as a grievance officer at Pontiac Correctional Center.

4.    I never refused to copy, forward, or respond to any of the Plaintiff's grievances that came into my possession.

5.    At no time did I have any involvement with the Plaintiff's outgoing mail.

6.    On October 11, 2004, I recommended that the Plaintiff's grievance dated June 2, 2004, be denied as Plaintiff's claims of staff misconduct could not be substantiated.  My recommendation was based upon a total review of all available information.

7.    I never received grievances from the Plaintiff dated January 30, 2004, or March 3, 2004.

8.    I never interfered with or denied the Plaintiff's grievances in retaliation for the Plaintiff's prior lawsuits or grievances.

EXHIBIT
*C*

9.    I had no knowledge regarding the Plaintiff's filed grievances or lawsuits.

10.    There was no official policy at Pontiac Correctional Center to destroy, tamper with, or delay offender grievances or mail.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_____
CARRIE MELVIN

Subscribed and sworn to before me
this 30th day of August, 2007.

_____
Notary Public

```
OFFICIAL SEAL
MICHELLE RAE CLARK
Notary Public   State of Illinois
My Commission Expires Sep. 13, 2008
```

Fabian Santiago v. Walker, et al.
USDC-CDIL No. 04-1429

STATE OF ILLINOIS )
)
COUNTY OF WILL )

## AFFIDAVIT

I, Terrance Kolberg, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.     I am the Record Office Supervisor at Stateville Correctional Center ("Stateville") a Level One – maximum security prison and have held that position since November 1, 2004. I began my employment with the Illinois Department of Corrections as a Correctional Counselor II at Pontiac Correctional Center in November of 1980 to April of 1984. I transferred to Joliet Correctional Center as a Correctional Counselor II and I held that title until August of 1999. I was promoted to a Administrative Assistant II August of 1999 and held that position until February 2001, at Joliet Correctional Center. I was promoted in February 2001 to a Senior Public Service Administrator at Westside ATC and held that position until June 2004 when I was laid off due to budget cuts. I was re-instated as an Executive II on November 1, 2004 at Stateville Correctional Center.

2.     As the Record Office Supervisor of Stateville Correctional Center, I am the current keeper of inmate records and masterfile.

3.     The documents attached hereto, #1-2, are true and accurate copies of documents found in the master file of inmate Fabian Santiago, #B-79716, and kept in the usual and ordinary course of business at Stateville Correctional Center.

FURTHER AFFIANT SAYETH NOT

_Terrance Kolberg_
Terrance Kolberg

```
OFFICIAL SEAL
KATHY A SANDLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/07/08
```

Subscribed and sworn to before me this 30th day of August, 2007.

_Kathy A. Sandlin_
Notary Public

**EXHIBIT**
**D**

TOTAL P.02

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

## Grievance Officer's Report

**Date Received:** April 29, 2004     **Date of Review:** May 31, 2004     **Grievance #** (optional): 37112

**Committed Person:** Santiago     **ID#:** B79716

**Nature of Grievance:** Mail Handling/ Staff Conduct

**Facts Reviewed:** Offender states he has only been in Pontiac CC for 8 months. Now and long before being transferred to Pontiac there has been "literally hundreds" of incidents of Mailroom staff mishandling mail. Offender accuses the mailroom staff of destroying and lossing inmate correspondences, packages and legal documents. He further claims the relatives of many inmates have called this facility inquiring as to why their mailing have not been received. States he has filed several grievances (which have not been answered) in reference to this and informed his counselors and the warden. He states this mail mishandling has interfered with his access to the courts. Offender request that all parties mentioned be disciplined and the problem corrected.

Offender sent this grievance to the Warden as an emergency on 3/19/04. Warden's response stated an emergency was not subtantiated and the offender should submit this grievance in the normal manner.

On 4/5/04 Counselor McNabb informed this offender that he could not address "literally hundreds" of incidents and that this offender's complaints were too general. He also informed offender that grievances prior to Pontiac should be sent to the ARB.

On 4/23/04 this Grievance Office sent grievance back to this offender with attached memo requesting additional specific information. April 29, 2004 this grievance was received back in this office without any additional specific information.

This Grievance Officer contacted Mailroom staff who denied the offender's allegations.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED; as the offender's allegations of staff misconduct are not substantiated.

Katina Livingston
       Print Grievance Officer's Name                                  Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

## Chief Administrative Officer's Response

**Date Received:** _____     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

RECEIVED
JUN - 4 2004
PONTIAC CORR CENTER
RECORD OFFICE

                         6-1-04
Chief Administrative Officer's Signature                               Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 627949277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

            Committed Person's Signature                           ID#                     Date

**EXHIBIT**
tabbies
1

**COMMITTED PERSON'S GRIEVANCE**   05/1/12

| Date: March 15, 2004 | Committed Person: (Please Print) FABIAN SANTIAGO L | | ID#: B-79716 |
|---|---|---|---|
| Present Facility: Pontiac C.C. | | Facility where grievance issue occurred: Pontiac C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___ / ___ / ___   Date of Report
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): DENIAL OF ACCESS TO COURTS

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

APR 1 8 2004

**Brief Summary of Grievance:** I have been in the Custody of the Pontiac C.C. for eight (8) months now and long before I was even transferred to this facility there have been literally hundreds of incidents of mail room staff mishandling distributing and lossing the Correspondences, packages and legal documents of inmates.

The Relatives of many inmates have called this facility inquiring as to why their sons, loved ones, friends have not received their mailings consisting of books, magazines, letters etc. and prison officials have lied their asses off to the relatives of inmates claiming that there is only a week backlogg delay for inmates to receive their

**Relief Requested:** ___ the four (4) states relief ___

APR 27 2004

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Committed Person's Signature | ID# B-79716 | Date 3.15.04 |
|---|---|---|

*(Continue on reverse side if necessary)*

---

**Counselor's Response** (if applicable)

| Date Received: 4.8.04 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** ① I can barely ~~read~~ read your handwriting. ② If you opten to be grieving your grievance - you should had sent them to the ARB ③ Your complaints are too general. I cannot address "literally hundreds" of incidents.

| Print Counselor's Name Mr. Mann 031-123... | Counselor's Signature Mr. Mann | Date of Response 4.05.04 |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: 3.19.04 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature Stephen D. Mote | | Date 3.19.04 |
|---|---|---|

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff. 10/2001) (Replaces DC 5657)
Printed on Recycled Paper

Mailings due to staff shortage. But the reality of the circumstances are that there is a substantial break down of the mailing system at this institution were numerous mailing are distroyed and lost on a dailey basis. In the eight (8) months I have been at the Pontiac C.C. over two (2) dozen of my correspondences, packages, legal documents, etc. have either been distroyed or lossed by mail room staff. In the first two (2) weeks of February 2004, I sent out five (5) letters to my relatives and one (1) legal letter to the University Research Services (concerning my criminal case). All of these letters had metered vouchers attached for postage. But I never received any metered vouchers receipts or verification that my letters were mailed out of the institution, because my letters never made it out of this facility.

It was not until the month of March in which I learned my relatives and the University Research Services that such mailings finally made it out of the institution. Many of the correspondences, packages, magazines, etc. which I do perceive are dated over a month and had been wasted here had this administration has been fully aware of the systematic breakdown plaguing the institutional mailing system and instead of addressing and correcting these problems prison officals have used empty lies and excuses imaginable to conceal and conceal these abuses.

I forwarded a grievance dated 10/9/2003 to counselor wiles who claims he (Mr. wiles) never received it. I then personally handed counselor wiles an additional copy of my grievance dated 10/9/2003. The last time I seen counselor wiles (who is no longer my counselor) he notified me that he had responded to my grievance of 10/9/2003 and forwarded to the grievance officer for review. But I have yet to receive any response from the grievance officer regarding my grievance of 10/9/2003 dispite the fact that this grievance was filed over five months ago.

I also forwarded two (2) grievances dated 10/10/2003 and 10/29/2003 to the grievance officer which I have yet to receive any response to. I also forwarded an emergency grievance dated Jan. 30, 2004 to warden wiles office which has yet to be resolved to me. My grievance dated March 5, 2004 was also forwarded to the head counselor for review, but has yet to be addressed and resolved to me.

Mrs. Emily Ruskin and Mrs. Truth Gregory are the two (2) counselors assigned to seven (7) gallery where I am being housed. These counselors only come to the cellhouse once a month and when they finally do come, they come completely unprepared without so much as a #-96 and grievance forms. Considering that law library and cellhouse staff will not provide inmates with grievance forms, these counselors are the only means in which to obtain such forms. These counselors spent an average of 10 to 15 min. interviewing the gallery which consist of an average of 50 inmates. These counselors completely ignore and disregard the concerns of inmates.

I am not asking Mrs. Ruskin and Mrs. Gregory for any personal favors, because it is within their job descriptions to look into such matters. Warden Nolo has refused to correct the problems plaguing the institutional mailing system because they (prison officials) have exploited such abuses to their own advantage,

so they can destroy the grievances, legal documents of inmates and claim that inmates have not exhausted their administrative remedies. Such practices are a blatant violation of the due process rights of inmates and denial of access to the courts, considering that inmates must first exhaust their administrative remedies before seeking redress from the courts. It is a wide spread and known practice for the counselors, grievance officers and wardens office to destroy the grievances of inmates and claim they never received them.

Law library staff need to be directed to provide me with additional copies of my grievances dated 10/9/03, 10/10/03, 12/29/2003, 1/30/04 3/3/04 and that the counselor be mandated to personally recover these grievances, respond and submit them to the grievance officer for review. So administrative officials can no longer claim they never received such grievances.

3 of 4

## Relief Being Requested

MAR 18 2004

1. Warden Mote's Employment With the I.D.O.C. Be Terminated.

2. Warden Mote Cease From Assisting, directing or Allowing Mail Room Staff From distroying My Mailings.

037112

3. Mail Room Supervisor Be Suspended And Re-Assigned.

4. Any And All Of My Mailings Being Witheld From Me By Mail Room Staff Be Immediately Afforded to Me.

5. Any And All Of My Mailings Which Are to Be Forwarded out Of the Facility Be Immediately Mailed to their destinations.

6. Library Staff Be directed to Provide Me With Additional Copies Of My Grievances dated 10/9/03, 10/10/03, 12/29/03, 1/30/04, 3/3/04.

7. Counselor Be directed to Personally Recover, Respond And Sub-Mitte My Grievances (Metioned Above) to the Grievance Officer

8. Mail Room Staff Be directed to Start Issueing Mail Seven (7) days A Week untill All Mailing Backups Are Finally Resolved.

APR 27 2004

4 OF 4



**Illinois**
**Department of**
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE:    4/21/04

TO:    Santiago    #B79716    Cell N736

037112

FROM:    Grievance Officer
Pontiac Correctional Center

SUBJECT:    Attached Grievance: Staff Conduct/Mail Handling    (3/15/04

Date Received: 4/8/04

The attached is being returned for the reason(s) listed below:

_____    Contact your Correctional Counselor

_____    Use proper Committed Person's Grievance (DOC 0046)

_____    Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred

_____    Forward grievance directly to the Administrative Review Board (protective custody, enforced
            medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's
            Office, decisions rendered by the Director)

_____    Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be
            addressed further

   X      Unable to determine nature of grievance/correspondence. Submit additional specific
            information.

_____    Illegible copy submitted – submit legible copy for consideration.

_____    Request restoration of GCC, segregation time cut, grade restoration to the Adjustment
            Committee. If request is denied, utilize the grievance process for further consideration.

_____    Issue has been previously addressed on _____. Nor justification for further consideration

_____    Contact the Record Office with you request and/or additional information (sentence
            calculations, jail credits, etc.)

_____    Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A,
            Springfield, Illinois 62706 (executive clemency parole violation issues, etc.)

_____    Other: _____

RECEIVED
APR 27 2004

To Grievance Officer

4/22/2004

So Either you people are completely incompetent of, or just playing stupid. All of my grievances are not being reviewed such as grievances dated: 10/9/03, 10/10/03, 1/30/04, which I have copies of, but your office is claiming never to have received. The counselors are not doing their jobs to assist inmates in these matters. The mail from staff have continually destroyed or unreasonable delayed my mail from being delivered to me of the facility and many of the grievances I have forwarded to (your office) have mysteriously disappeared off the face of the earth or you claim I did not file them on time.

0 3 7 1 1 2

Fabian Santiago
# B-78716
N-736

RECEIVED
APR 27 2004



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

# M E M O R A N D U M

DATE: 4-23-04

TO: Santiago        # B79716        Cell N736

RECEIVED
APR 27 2004
WARDEN'S OFFICE
PONTIAC CORR. CENTER

FROM:    Grievance Officer
         Pontiac Correctional Center

SUBJECT:    Attached Grievance: _Staff Conduct_

            Date Received: 4-23-04            0371 12

The attached is being returned for the reason(s) listed below:

_____    Contact your Correctional Counselor

_____    Use proper Committed Person's Grievance (DOC 0046)

_____    Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred

_____    Forward grievance directly to the Administrative Review Board (protective custody, enforced
           medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's
           Office, decisions rendered by the Director)

_____    Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be
           addressed further

__✓___    Unable to determine nature of grievance/correspondence.  Submit additional specific
           information.

_____    Illegible copy submitted – submit legible copy for consideration.

_____    Request restoration of GCC, segregation time cut, grade restoration to the Adjustment
           Committee.  If request is denied, utilize the grievance process for further consideration.

_____    Issue has been previously addressed on _____.  Nor justification for further consideration

_____    Contact the Record Office with you request and/or additional information (sentence
           calculations, jail credits, etc.)

_____    Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A,
           Springfield, Illinois 62706 (executive clemency parole violation issues, etc.)

_____    Other: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: 10/28/03   Date of Review: 11/10/03   Grievance # (optional): 035767

Committed Person: SANTIAGO, FABIAN   ID#: B39716

Nature of Grievance: MAIL HANDLING

Facts Reviewed: THE GRIEVANCE OFFICER HAS REVIEWED THE OFFENDER'S GRIEVANCE. THE OFFENDER REFERENCES SPECIFICALLY THE HANDLING OF LEGAL MAIL AND DEDUCTIONS FROM THE OFFENDER'S TRUST FUND ACCOUNT FOR THE COST OF SUCH MAIL. PER THE COUNSELOR'S RESPONSE (10/28/03) THE MAIL ROOM INDICATED THEY DID NOT RECEIVE THE ITEMS YOU REFERENCE TO. NOT HAVING GONE WITHIN THE LEGAL LOG ATTENDS ARE NOT WITHHOLDING OR DELAYING ANY MAIL CORRESPONCE.

Recommendation: BASED UPON A TOTAL REVIEW OF THE INFORMATION AVAILABLE, IT IS INDICATED THE OFFENDER'S ISSUE WAS FULLY ADDRESSED. IT IS RECOMMENDED THIS GRIEVANCE BE DENIED.

COUNSELOR PENDER
Print Grievance Officer's Name         Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _____   ☑ I concur   ☐ I do not concur   ☐ Remand

Comments: _____

_____
Chief Administrative Officer's Signature         11/12/03
                                                  Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____         _____
Committed Person's Signature   ID#         Date

RECEIVED
NOV 17 2003
PONTIAC CORR CENTER
RECORD OFFICE

Distribution: Master File; Committed Person         Page 1         DOC 0047 (Eff: 10/2001)
                                                                    (Replaces DC 5657)
Printed on Recycled Paper

EXHIBIT
2

035464

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 10/21/2003 | Committed Person: (Please Print) FABIAN SANTIASO | ID#: B-79716 |
|---|---|---|
| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Pontiac C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Trust Fund Office

- [ ] Disciplinary Report: ___/___/___  Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: For over a month and a half now mail room and trust fund staff "Who handles money voucher correspondences" have not provided me with the money voucher receipts to my mailings. I have sent out numerous letters and packages, the majority which have been legal mailings. But I have only received 3 money voucher receipts, "with the exception of publication subscription receipts." According to my inmate transaction statement many of my mailings (not all) have been charged to my account but there is no way to clarify exactly which ones.

Relief Requested: page (2) states relief

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   ___/___/___
Committed Person's Signature   ID#   Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 10 / 22 / 03   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ATTACHED ARE BOTH TRUST FUND STATEMENTS SHOWING YOUR POSTAGE ACTIVITY AND OUTGOING AND INCOMING LEGAL MAIL MAILROOM STATES THEY DID NOT RECEIVE THE ITEMS YOU REFER TO NOT HAVING GONE OUT AND BY THE LEGAL LOG ATTACHED ARE NOT WITHOLDING OR DENYING ANY MAIL CORRESPONDENCE.

WESLEY G. WILES          Wesley G. Wiles          10/24/03
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

BY YOU OR ANY OTHER OFFENDER UNLESS THEY DON'T HAVE FUNDS

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____   _____
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

The Money Vouchers attached to my mailings have the name and address to their destinations. So it is necessary for me to be afforded such receipts. I have sent out a "certified letter" to: the Livingston County Prosecutors Office, (2) packages to: the Livingston County Courthouse, (1) package each to: the United States Supreme Court, Attorney Generals Office and U.S. Department of Justice-Washington D.C. I've also sent various letters to my relatives concerning the illegal and corrupt practices of Prison officials at the Pontiac C.C. and there have been instances where I have sent out 3 letters taped together with one Money Voucher.

And have sent out (1) letter to my relatives and (2) letters to Publication Companies and upon receiving the Money Voucher Receipt it would indicate that I was only charged for (2) letters. The letters to my relatives are not leaving this facility and certain Legal packages of mine to the courts and Law enforcement are being intercepted and prevented from leaving this institution. Ever since Warden Mote and his staff was made aware I was seeking litigation against the Pontiac C.C. I have been held incommunicado from my relatives and the courts.

My Mote has been fully aware of Cellhouse staff, Mail Room and Trust Fund officials destroying the mailings of inmates and claiming they never received them.

Regardless of how the Warden and staff may feel about my communication with my relatives or the courts they have no right to retaliate against me and have me held (incommunicado)


## Relief Being Requested

Mail Room and Trust Fund officials provide me with any and all Money Voucher receipts immediately after charging me for such mailings

I being provided with the Money Voucher receipts or photo copies of the Money Voucher to the following mailings: (description)

| | | |
|---|---|---|
| 328884- doc postage | $1.71 - Mailed on 9/3/03 | |
| 333111- doc postage | $5.11 - Mailed on 10/3/03 | |
| 334735- doc postage | $5.34 - Mailed on 10/3/03 | |

**STATE OF ILLINOIS**          )     *Fabian Santiago v. Roger E. Walker, et al.,*
                               ) ss.  USDC-CDIL No. 04-1429
**LIVINGSTON COUNTY**          )

## AFFIDAVIT

I, PATRICK HASTINGS, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.    I am currently employed as a correctional counselor at Pontiac Correctional Center.

2.    I have read the complaint of Fabian Santiago B-79716 and am familiar with its contents.

3.    At all times relevant to the Plaintiff's Complaint, I was employed as a grievance officer at Pontiac Correctional Center.

4.    I never refused to copy, forward, or respond to any of the Plaintiff's grievances that came into my possession.

5.    At no time did I have any involvement with the Plaintiff's outgoing mail.

6.    On November 10, 2003, I recommended that the Plaintiff's grievance dated October 10, 2003 be denied as Plaintiff's claims of staff misconduct could not be substantiated.   My recommendation was based upon a total review of all available information.

7.    I never interfered with or denied the Plaintiff's grievances in retaliation for the Plaintiff's prior lawsuits or grievances.

8.    I had no knowledge regarding the Plaintiff's filed grievances or lawsuits.



EXHIBIT

E

9.     There was no official policy at Pontiac Correctional Center to destroy, tamper with, or delay offender grievances or mail.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_____
                PATRICK HASTINGS

Subscribed and sworn to before me
this 30th day of August, 2007.



_____
        Notary Public

```
OFFICIAL SEAL
MICHELLE RAE CLARK
Notary Public    ... of Illinois
My Comm...        ... 13, 2008
```

**STATE OF ILLINOIS**      )    *Fabian Santiago v. Roger E. Walker, et al.,*

                      ) ss.   USDC-CDIL No. 04-1429

**LIVINGSTON COUNTY**    )

## AFFIDAVIT

I, JENNIFER MELVIN, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.    I am currently employed as a correctional counselor at Pontiac Correctional Center.

2.    I have read the complaint of Fabian Santiago B-79716 and am familiar with its contents.

3.    At all times relevant to the Plaintiff's Complaint, I was employed as a grievance officer at Pontiac Correctional Center.

4.    I never refused to copy, forward, or respond to any of the Plaintiff's grievances that came into my possession.

5.    At no time did I have any involvement with the Plaintiff's outgoing mail.

6.    On March 11, 2004, I recommended that the Plaintiff's grievance dated December 29, 2003 be denied as Plaintiff's claims of staff misconduct could not be substantiated. My recommendation was based upon a total review of all available information.

7.    I never received grievances from the Plaintiff dated January 30, 2004, or March 3, 2004.

8.    I never interfered with or denied the Plaintiff's grievances in retaliation for the Plaintiff's prior lawsuits or grievances.

**EXHIBIT**

**F**

9.     I had no knowledge regarding the Plaintiff's filed grievances or lawsuits.

10.    There was no official policy at Pontiac Correctional Center to destroy, tamper with, or delay offender grievances or mail.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.


_Jennifer Melvin_
JENNIFER MELVIN


Subscribed and sworn to before me
this 24th day of August, 2007.

_Michelle Rae Clark_
Notary Public

> OFFICIAL SEAL
> MICHELLE RAE CLARK
> Notary Public, State of Illinois
> My Commiss... Sep. 13, 2008