IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS



Fabian Santiago

    Vs.

Roger E. Walker, Jr. Et.Al;

Civil No. 04-1429

Judge, Harold A. Baker

PLAINTIFFS REPLY, TO THE DEFENDANTS RESPONCE, REGARDING THE PLAINTIFFS MOTION FOR AN ORDER OF PENALTIES, COSTS, & SANCTIONS

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs reply, to the defendants responce, regarding the plaintiffs motion for an order of penalties, costs, & sanctions. In support thereof, the plaintiff states as follows:

1.) Within the plaintiffs formal request for the production of documentation, the plaintiff clearly stipulates: The plaintiff is requesting any & all internal memos, incident reports, **(ETC.)**, circulated through the internal affairs unit, clinical services, warden & directors office regarding the grievances which the plaintiff has filed in this action, **(&)** the systematic interception, witholding, theft, distruction, & tampering of the plaintiffs correspondences, publications, legal mailings, access to the court, **(ETC.)**.

2.) Within the plaintiffs formal request for the production of documentation, the plaintiff is obviously attempting/requesting to recover (any) & (all) materials relevant to this cause, which would include, yet not be limited to: the very correspondences which the plaintiff himself forwarded to the defendants concerning the issues involved in this action, & the log records signed by law enforcement, who interviewed the plaintiff, in order to criminally indict the prison guards who carried out assaults/retrobution against the plaintiff.

3.) The plaintiff is a pro-se litigant, who is incarcerated, & indigent, however, the District Court, & the defendants seem to be attempting to hold the plaintiff to a higher degree of expectation than a highly experienced, & licensed practicing attorney. The plaintiffs pleadings are to be liberally construed, Antonell Vs. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996). This liberal interprtation of the plaintiffs pleadings would certainly include, but not be limited to: the plaintiffs request for the production of documentation (discovery). The court is to take all of the plaintiffs allegations as (true/factual), viewing (all) facts, as well as any (inferences) reasonably drawn thereforom in the light most favorable to the plaintiff, Bethlehem Steel Corp. Vs. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

4.) Within the plaintiff motion, & supplemental motion for an order of penalties, costs, & sanctions, the plaintiff indicated that he had specifically requested (correspondences) within his formal request for the production of documentation, however, this was not the case, nevertheless, such materials are infered/indicated with the plaintiffs request for the production of documentation. The plaintiff mistaking specified (correspondences) within his pleadings to the court, under the assumption that the plaintiff had actually specifically requested (correspondences). The plaintiff does not have access to his legal documents/filings regarding this cause, such materials are stored @ the prisons law library, & the Stateville.c.c. has been systematically on lockdown statuce for several month(s), procluding the plaintiff from obtain access to his personal record of this case, therefore, the plaintiff must simply rely upon his own recollection of such filings/discovery, & this mistake by the plaintiff was accidental, & not with malicious intent, let alone, to mislead the court.

5.) The (correspondences) which the plaintiff forwarded to the defendants regarding the issues involved in this action, & the (log records) which were signed by law enforcement were infered/indicated within the plaintiffs formal request for the production of documentation. Furthermore, even if the plaintiff (never) made such a specific request for such materials, the defendants were obligated to afford or inform the plaintiff of the existance of such materials under **(initial discovery)**. In the event that, the Central District Court has no guildlines set to inforce initial discovery, **automatic disclosures in the local rules or civil justice delay & expense reduction plans, do in fact require the disclosure of such materials without the plaintiffs formal request needing to be made.** National Law Journal, February 28th, 1994, @ 5.

6.) The defendants in this action have clearly stipulated that, they have afforded the plaintiff all relevant materials related to this cause, including all grievances & related responces, however, the plaintiff very own correspondences forwarded to the defendants regarding this issues involved in this action, & the log records signed by law enforcement have never been provided to the plaintiff, & the defendants have deliberatly, calculatingly, & blatantly mislead this court into believing that such materials never existed or shouldnt be afforded to the plaintiff.

7.) The actions of the defendants not only demonstrate their every effort to prevent the plaintiff from ever obtaining a shread of evidence to support his claims, but clearly warrent the levy of penalties, costs, & sanctions for their false filings with the court & their stonewalling tactics against the plaintiff. The plaintiff has made every effort to move diligently before the court, in good faith, & carry the burden of executing this litigation process pro-se, however, the plaintiff is in dire need of the assistance of counsel, due to the unlawful & misleading tactics of the defendants implimented before this court of law, the numerous incidents involved in this litigation, the many defendants & very high level officals involved in blatantly violating the plaintiffs well established Constitutional Rights, & to properly address the plaintiffs issues before this court/jury.

8.) Although the District Court has denied the plaintiff request to compell the disclosure of discovery materials, the plaintiff has filed his objection with respect to this denyal, which should compell the court to revisit & void its prior denyal of the plaintiffs request to issue an order to compell discovery. The plaintiff has clearly stipulated well established court precedence entitling the plaintiff to such materials, & the plaintiffs motion, & supplemental motion for an order of penalties, costs, & sanctions should be <u>consolidated</u> with the plaintiffs objection to the courts denyal for an order to <u>compell discovery</u>, as the issues involved in all of the above mentioned pleadings are intricately connected.

Wherefore, the plaintiff prays that this Honorable Court grant the plaintiffs reply, to the defendants responce, regarding the plaintiffs motion for an order of penalties, costs, & sanctions.

/s/ _[signature]_ ,

3 of 3

Mr. Fabian Santiago. #B-79716

PO Box 112  Joliet, Il 60434

IN THE
U.S. Dist. Court for the
Central Dist. of Illinois

Fabian Santiago )
Plaintiff, )
)
) Case No. 04-1429
v. )
)
Roger E. Walker, Jr. Et.Al; )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Court Clerks office          TO: Mr. Jason P. Young
    309 Federal Building              500 South. Second st.
    100 N.E. Monroe                   Springfield, Il 62706
    Peoria, Il 61602

PLEASE TAKE NOTICE that on ___August 30___, 20_07_, I have placed the documents listed below in the institutional mail at ___Stateville___ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

Plaintiffs reply, to the defendants responce, regarding the plaintiffs motion for an order of penalties, costs, & sanctions

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8/ 30 /07           /s/ _____
                          NAME: Fabian Santiago
                          IDOC#: B-79716
                          Stateville Correctional Center
                          P.O. BOX 112
                          Joliet, IL 60434

Revised Jan 2002