E-FILED
Thursday, 13 December, 2007 04:07:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
DEC 13 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Fabian Santiago
Vs.
Roger E. Walker, Jr. et.al;

Civil No. 04-C-1429

Judge, Harold A. Baker

PLAINTIFFS SUPPLEMENTAL RESPONSE, TO THE DEFENDANTS REQUEST FOR SUMMARY JUDGEMENT

Now comes the plaintiff, Fabian Santiago, pro-se & prays that this Honorable Court grant the plaintiffs supplemental response, to the defendants request for summary judgement. In support thereof, the plaintiff states as follows:

1.) Upon the date of: July 18th, 2003, the plaintiff was brutally assaulted & brought up on completely false disciplinary charges by Sgt.D. Childers, & c/o Mitchell @ the Menard.c.c. The plaintiff was viewed by the medical staff, interviewed by the internal affairs unit staff members regarding the above stipulated incident, & immediately transfered to the Pontiac.c.c. The assault carried out against the plaintiff by Sgt.D. Childers was of such a henious nature, the Illinois State Police, & the Federal Bureau of Investigation would ultimately conduct inquiries, in order to criminally indict the prison guards who carried out such assaults/reprisal against the plaintiff. Upon the date of: August 7th, 2003, the plaintiff forwarded a nine (9) page emergency grievance regarding the incident of: July 18th, 2003, [@ the Menard.c.c.], & continuous incidents of assault & retribution being carried out against the plaintiff [@ the Pontiac.c.c.], to the law library staff, consisting of: Paula Rich, Sharon Eden, Mark Spencer. The plaintiff requested four (4) copies of his grievance, in order to forward such additional copies to: U.S. Attorneys Office, Randolph County Prosecutors Office, & Attorney General. The plaintiff request for additional copies was denied, & only provided with one (1) single copy.

2.) upon the date of: August 8th, 2003, the plaintiff forwarded his nine (9) page emergency grievance to warden Stephen Mote. Upon the date of: August 9th, 2003, the plaintiff received a stampted filed emergency grievance grievance back from warden Stephen Motes office, indicating that the plaintiffs nine (9) page emergency grievance would (not) be reviewed upon an emergency basis. Upon the date of: August 10th, 2003, the plaintiff forwarded his stampted filed nine (9) page emergency grievance to the law library staff, consisting of: Paula Rich, Sharon Eden, & Mark Spencer, & requested three (3) additional copies, so the plaintiff might provide the: U.S. Attorneys Office, Randolph County Prosecutors Office, & the Attorney Generals Office with such documentation, so criminal charges might be persued against the prison guards involved in carrying out such abuses against the plaintiff. The plaintiff also requested that the law library staff provide the plaintiff with a petition of mandamus, so the plaintiff might file the neccessary pleadings with the Levingston County Court requesting an order mandating prison offical s to provide the plaintiff with the necessary copies to communicate with law enforcement, if the law library staff continued to impede the plaintiffs communication. Upon the date of: August 13th, 2003, the plaintiff was advised by the law library staff that, the plaintiffs nine (9) page emergency grievance had been returned to the plaintiff, **DISPITE THE PLAINTIFF (NEVER) RECEIVING HIS NINE (9) PAGE GRIEVANCE BACK.**

3.) Upon the date of: August 15th, 2003, the plaintiff filed an emergency grievance dated: August 13th, 2003, to warden Stephen Motes office stipulating that the plaintiffs nine (9) page emergency grievance, which was dated: July 30th, 2003, was distroyed by the law library staff, consisting of: Puala Rich, Sharon Eden, & Mark Spencer. the plaintiff requested corrective action by warden Stephen Mote, in the form of: placing an end to the practice of I/Ms having to forward their grievances/documents through the institutional mail for copying, & directing the law library staff to personally appear @ the cellhouse & assist the plaintiff with his legal needs. The plaintiffs grievance of: August 13th, 2003, was never addressed by warden Stephen Mote, & no corrective action was ever taken to place such abuses to an end, because warden Stephen Mote was already well aware of such practices, & such tactics were being implimented by warden Stephen Mote, & Paula Rich, Sharon Eden, & Mark Spencer, in order to prevent the plaintiff from further persuing these matters through the grievance procedure, a court of law, & communicating such abuses to the: U.S. Attorneys Office, Randolph County Prosecutors Office, & Attorney Generals Office.

4.) Paula Rich, Sharon Eden, & Mark Spencer, were all fully engaged in the practice of distroying the grievances/legal documents of I/Ms. The plaintiffs nine (9) page emergency grievance dated: July 30th, 2003, was obviously distroyed by these defendants, in order to prevent the plaintiff from communicating such abuses to law enforcement, & out of retribution against the plaintiff, due to the plaintiff requesting a petition of mandamus form, so the plaintiff might be able to obtain a court order for such additional copies. Warden Stephen Mote was fully aware of such unlawful practices by the law library staff, yet refused to take corrective action, in order to conceal the misconduct of prison staff, prevent the documentation of such abuses, & impede the plaintiffs efforts to seek litigation against the employees of the I.D.O.C.

5.) Upon the date of: September 11th, 2003, the plaintiff attempted to forward to his relative (grandmother-Ms.Carmen Crespo) a petition of mandamus seeking various injunctive relief from the Levingston County Court regarding the abuses which the plaintiff was being subjected to @ the Pontiac.c.c. The plaintiffs petition requesting injunctive relief was never forwarded out of the facility, & was distroyed by c/o Lex McBurney, who was know to boast about distroying I/M mailings. c/o Lex McBurney was assigned to work the cellhouse cage where all I/M mailings were processed to be delivered to I/Ms, & forwarded out of the facility, & c/o Lex McBurney was working on the night the plaintiff attempted to forward his petition of mandamus out of the facility. The plaintiff filed a grievance dated: October 21st, 2003, regarding various mailings, & the plaintiffs petition of mandamus to the Levingston County Court being intercepted & prevented from being forwarded out of the facility. The plaintiffs grievance dated: October 21st, 2003, was reviewed by: Wesley Wiles, Stewart Penoyer, Stephen Mote, Shery Benton, & Roger E. Walker, Jr., who all refused to take, or even so much as reccomend corrective action, because such unlawful practices being carried out by c/o Lex McBurney were being condoned as a means to prevent the documentation of staff misconduct, & prevent the plaintiff from persuing litigation against the employees of the I.D.O.C.

6.) Upon the date of: September 21st, 2003, the plaintiff filed an emergency grievance directly to warden Stephen Mote, reaffairming the fact that, the plaintiffs grievances, legal documents, & mailings in general were being intercepted, witheld, or distroyed, & that, the plaintiff had (re-written) a (second mandamus) to the Levinston County Court, & warden Stephen Mote needed to take the necessary action to insure that the plaintiffs petition of mandamus was forwarded out of the facility, especially considering that the plaintiffs [initial petition of mandamus] was never forwarded out of the institution/distroyed. The plaintiffs emergency grievance dated: September 21st, 2003, was never responded to by warden Stephen Mote, & was clearly distroyed, in order to prevent the plaintiff from documenting such abuses, & persuing such matters before a court of law. Upon the date of: September 24th, 2003, the plaintiff attempted to forward his (second petition of mandamus) to the Levingston County Court, however, the plaintiffs (second petition of mandamus) was intercepted/distroyed by c/o Lex McBurney, who was known to boast about distroying the mailings of I/Ms, & was assigned to work the cellhouse cage, where all I/M mailing is processed for delivery to I/Ms, & forwarding out of the facility. The plaintiff had just recently forwarded an emergency grievance dated: September 21st, 2003, to warden Stephen Mote regarding the plaintiffs petition of mandamus needing to be forwarded out of the facility, yet warden Stephen Mote refused to insure that the plaintiffs petition of mandamus was forwarded out of the facility, in order to prevent the plaintiff from documenting such staff misconduct, & stonewall the plaintiffs efforts from raising such matters before a court of law.

7.) Upon the date of: September 28th, 2003, the plaintiff attempted to forward a certified correspondence to the Levingston County Prosecutors Office, outlining all forms of assaults/reprisal which the plaintiff was being subjected to @ the Pontiac.c.c. by prison guards/officals. The plaintiffs correspondence to the Levingston County Prosecutors Office was never forwarded out of the facility, & was clearly intercepted/distroyed by c/o Lex McBurney, who was known to engage in, & boast about distroying the mailings of I/Ms, & who was assigned to work the cell house cage where all I/M mailing is processed to be delivered to I/Ms, & forwarded out of the facility, upon the night the plaintiff attempted to forward his correspondence out of the institution. c/o Lex McBurneys supervisors, warden Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., were all fully aware of c/o Lax McBurneys

misconduct, yet refused to take, or even so much as reccomend corrective action, because c/o McBurneys unlawful abuses were being condoned, in order to prevent the plaintiff from documenting such staff misconduct, stymie the plaintiffs efforts from communcating with law enforcement, so criminal indictments would never be brought against such prison employees/officals, & thwart the plaintiff from ever persuing litigation regarding such abuses.

8.) Upon the date of: October 1st, 2003, the plaintiff forwarded an emergency grievance dated: October 1st, 2003, to the grievance officer outlining ongoing incidents of the plaintiffs mailings in general, grievances, both petitions of mandamus to the Levingston County Court, correspondence to the Levingston County Prosecutors Office, petitions regarding the plaintiffs criminal case forwarded to the U.S. Supreme Court (&) Attorney Generals Office, etc., were being intercepted, distroyed or left unresponded to by the grievance officer, warden Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., because these officals were working in colaberation & in conjunction with one another, in order to prevent the plaintiff from documenting such staff misconduct throught the grievance procedure, conceal such abuses, & stonewall the plaintiffs efforts from litigating such incidents before a court of law.

9.) Upon the date of: October 3rd, 2003, the plaintiff filed a grievance dated: October 3rd, 2003, regarding warden Stephen Mote sanctioning/allowing c/o Lex McBurney to intercept & distroy the plaintiffs mailings in general, petitions to the Levingston County Court, U.S. Supreme Court, Attorney Generals Office, correspondence to the Levingston County Prosecutors Office, grievances, etc. The plaintiffs grievance of: October 3rd, 2003, was submitted to: Wesley Wiles, however, the plaintiff never received a response to his grievance dated: October 3rd, 2003, from Wilsley Wiles, Stephen Mote, Sherry Benton, or Roger E. Walker, jr., because all of the above listed prison officals were already well aware of the systematic brakedown & exploytation of the institutional mailing system, & c/o Lex McBurney engaging in the distruction of I/M mailings, & instead sought out to conceal & downplay these abuses, because of the liabilities involved, & in order to prevent the plaintiff from persuing such matters before a court of law.

10.) Upon the date of: October 9th, 2003, the plaintiff filed a grievance dated: October 9th, 2003, regarding the plaintiff never receiving a response to his emergency grievance dated: September 2nd, 2003, concerning c/o Smithson carrying out assaults/reprisal against the plaintiff, & of the plaintiffs mailings in general, petitions to the Levingston County Court, U.S. Supreme Court (&) Attorney Generals Office, correspondences to the Levingston County Prosecutors Office, grievances, etc., being intercepted & distroyed, or left unresponded to. The plaintiff filed his grievance dated: October 9th, 2003, to Wesley Wiles, & personally brought this matter to the attention of: Delector Kennedy who was the major of the cellhouse unit which the plaintiff was assigned to. The plaintiff never received a response to his grievance from Wesley Wiles, the grievance officer, Stephen Mote, Sherry Benton, or Roger E. Walker, Jr., no corrective action was ever taken or even reccomended by any of the above listed defendants who were all in supervisory positions to do so, because such practices were being condoned, in order to prevent the documentation of staff misconduct, & to stymie the plaintiffs efforts to litigate such matters before a court of law.

11.) Upon the date of: October 10th, 2003, the plaintiff filed a grievance dated: October 10th, 2003, which was in regards to the plaintiff never receiving a response to his grievance dated: October 3rd, 2003, from Wesley Wiles. The plaintiffs grievance of: October 10th, 2003, also reiterated the fact that, the plaintiffs mailings in general, petitions to the Levingston County Court, U.S. Supreme Court (&) Attorney Generals Office, correspondence to the Levingston County Prosecutors Office, grievances, etc., were being intercepted/distroyed, or left unresponded to. The plaintiffs grievance of: October 10th, 2007, was reviewed by Emily Ruskin, Patrick Hastings, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., who all refused to take or even so much as reccomend corrective action, due to their full knowledge of such abuses being carried out against the plaintiff, & the I/M population as a whole, & in order to prevent the plaintiff from documenting such abuses through the grievance procedure, & litigation such matters before a court of law, due to the liabilities involved.

12.) Upon the date of: December 29th, 2003, the plaintiff filed a grievance dated: December 29th, 2003, regarding a legal package from the U.S. Supreme Court being opened outside the plaintiffs presence, of a package & a $50.00 money order forwarded to the plaintiff by: Ms.Carmen Crespo, not being afforded to the plaintiff for over a month, due to mail supervisor Marge Haab refusing to deliver/process the mail within a reasonable periode of time, of Paula Rich, Sharon Eden, & Mark Spencer demanding that the plaintiff forward his legal documents throught the institutional mail, distroying such documentation, & then claiming never to have received such materials, & of Wesley Wiles impeding the plaintiffs efforts to exhaust his administrative remedies. When responding to the plaintiffs grievance of; December 29th, 2003, Jennifer Melvin indicated that the plaintiffs grievance of: October 3rd, 2003, had been responded to, however, the plaintiff never received such a response to his grievance of: October 3rd, 2003. The plaintiffs grievance of: October 29th, 2003, was reviewed by Wesley Wiles, Jennifer Melvin, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., who all refused to take or even so much as reccomend corrective, due to their full knowledge of such unlawful practices being carried out against the plaintiff, the I/M prison population as a whole, & as a means to downplay & conceal the abuses of prison employees, & thwart the plaintiffs efforts from proving such misconduct in a court of law.

13.) Upon the date of: January 30th, 2004, the plaintiff filed a grievance dated: January 30th, 2004, under the emergency grievance procedure directly to warden Stephen Mote, regarding Correy Wilson having full knowledge or being directly involved in the interception, witholding, or distruction of the plaintiffs mailings, due to the plaintiff cooperating with law enforcement to criminally indict various prison guards, of publication from Edward R. Hamilton Bookseller being delivered to the plaintiff over a month from the post mark date, due to: Marge Haab, of the mail room, Les Amdor, of the publications review comm, & Timothy Potts, of the I/M personal property room refusing to process/deliver the mailings of I/Ms within a reasonable periode of time. The plaintiff also forwarded various correspondences to: Correy Wilson regarding the numerous incidents where the plaintiffs mailings in general, legal documents, grievances, publications, etc., were continuously being witheld, left unresponded to, or distroyed, & of the systematic brakedown & exploytation of the institutional mailing system, however, Correy Wilson refused to conduct a thorough investigation, & place an end to such unlawful practices, due to such abuses being excepted as an unwritten protocal by prison officals

Correy Wilson, Wesley Wiles, Jennifer Melvin, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., were all fully aware of the plaintiffs, mailings in general, legal documents to the courts, grievances, publications, etc., being continuously intercepted, witheld, or distroyed, & all of the above listed officals either personally presided over the review of the plaintiffs grievance of: January 30th, 2007, or held positions of authority to take or reccomend corrective action, yet all refused to do so, because such unlawful practices were being implimented by the defendants against the plaintiff, & the I/M population as a whole, in order to prevent the documentation of staff misconduct, & stymie the plaintiffs efforts from ever litigating such issues before a court of law, due to the liabilities involved.

14.) Upon the date of: March 3rd, 2004, the plaintiff filed a grievance dated: March 3rd, 2007, directly to warden Stephen Mote as an emergency grievance, regarding the plaintiffs correspondences to his relative (grandmother-Ms.Carmen Crespo). The plaintiff attempted to forward four (4) correspondence to: Ms.-Carmen Crespo, however, the plaintiffs correspondences were never forwarded out of the facility, due to the plaintiff requesting that Ms.Carmen Crespo search for the assistance of an attorney, in order to aid the plaintiff in persuing a Federal Civil Rights Suit concerning the abuses which the plaintiff was being subjected to @ the hands of prison guards/officals. The plaintiff was already cooperating with law enforcement to criminally indict various prison guards who assaulted & carried out instances of retribution against the plaintiff @ both the Menard & Pontiac.c.c., & this was clearly an underlining factor as to why the plaintiff & his mailings were being subjected to such abuses. c/o Lex McBurney was assigned to work the cellhouse cage upon the dates in which the plaintiff attempted to forward his correspondences to relatives, c/o Lex McBurney was known to boast & engage in the interception & distruction of I/M mailing, & had clearly distroyed the plaintiffs correspondences, due to the nature of the plaintiffs correspondences to his relatives, the plaintiff being known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C.

15.) Upon the date of: February 26th, 2004, the plaintiff forwarded a correspondence dated: February 26th, 2004, directly to warden Stephen Mote demanding that Stephen Mote place an end to: c/o Lex McBurney, Paula Rich, Sharon Eden, & Mark Spencer, intercepting, witholding, & distroying the plaintiffs correspondences to his relatives, legal documents to the courts, grievances, publications, etc. When asst. warden Michael Melvin learned of the plaintiffs activities, asst. warden Michael Melvin directed c/o Doss to completely strip the plaintiff of all of his property. The plaintiff was left in a completely stripted cell with nothing more than his boxers, a couple of packs of toothpaste, soap, & face towel for three (3) days. asst. warden Michael Melvins actions were clearly to bestow fear & discourage the plaintiff from continuing to report Misconduct & persue litigation against the employees of the I.D.O.C. The plaintiffs grievance of: March 3rd, 2004, was never responded to by warden Stephen Mote, dispite Wesley Wiles, Jennifer Melvin, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., already being full aware of the plaintiffs prior grievances, legal documents, mailings in general, publications, etc., being intercepted, distroyed, or left unresponded to, yet none of the above listed defendants ever sought out to take or reccomend corrective action, in order to prevent the documentation, & the plaintiff persuing such matters before a court of law.

16.) Upon the date of: March 15th, 2004, the plaintiff filed a grievance dated: March 15th, 2004, regarding the plaintiffs correspondences from his relatives, & the University Research Project being afforded to the plaintiff over a month & a ½ from the post mark date, due to the mail room supervisor: Marge Haab refusing to take corrective action to cure/curtail the systematic breakdown of the institutional mailing system, of counselors Emiley Ruskin & Truty Gregory appearing in the cellhouse only once for the entire month, completely disregarding the concerns of I/Ms & the plaintiffs, & appearing completely unprepared in the cellhouse without so much as money voucher or grievance forms, & of Wesley Wiles refusing to respond or inquire of the plaintiffs grievances dated: October 9th, 2003, & March 3rd, 2004. Mark McNaab, Katina Levingston, & Stephen Mote all reviewed the plaintiffs grievance of: March 15th, 2004, refusing to take or even so much as reccomend corrective action. Sherry Benton refused to even review the plaintiffs grievance of: March 15th, 2004, claiming that the plaintiff could not griev issues effecting the overall prison population. Roger e. walker, Jr., was already full aware of numerous grievances, legal documents, correspondences, publications, etc., of the plaintiff being intercepted, witheld for unreasonable periodes of time, or distroyed, yet all of the above listed defendants sought out to downplay & conceal such abuses, in order to prevent the plaintiff from proving such accounts, & litigating such issues before a court of law, due to the liabilities involved.

17.) Upon the date of: May 7th, 2004, the plaintiff filed a grievance dated: May 7th, 2004, regarding the plaintiff forwarding his relative (grandmother-Ms.Carmen Crespo) a correspondence, which was forwarded back by the mail room supervisor: Marge Haab, who informed the plaintiff that no contents/letter was inclosed in the envelope. The plaintiff attempted to forward his correspondence to his relative upon the very same date in which c/o Lex McBurney was assigned to work the cellhouse cage, where all I/M mailing is processed for delivery, & to be mailed to I/Ms. c/o Lex McBurney was known to engage & boast about the distruction of I/M mailing, & clearly distroyed the contents/letter of the plaintiff, due to the plaintiff being known to have been reporting staff misconduct & persuing litigation against the employees of the I.D.O.C. The plaintiff also submitted a request for an audit of his I/M trust fund account, & learned that, $550.00 had been accreadited to the plaintiffs account by relative (grandmother-Ms.Carmen Crespo), however, the plaintiff never received the actual package in which such funds were forwarded to the plaintiff. The plaintiff would later learn that, Ms.Carmen Crespo had forwarded the plaintiff $550.00, several magazines, & a correspondence, dispite the plaintiff never receiving his magazines or the correspondence from his relatives.

18.) The plaintiffs package containing $550.00, magazines, & a correspondence were process by the mail room supervisor Marge Haab, & the publications review comm. person Les Amdor, who clearly distroyed the plaintiffs magazines/correspondence, due to the plaintiff being known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C. The plaintiffs grievance of: May 7th, 2004, was reviewed by Mark McNabb, Nancy Osman, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., who all refused to take or even so much as reccomend corrective action, due to such practices being condoned, & in order to prevent the plaintiff from proving such abuses, & litigating such issues in a court of law, due to the liabilities involved.

19.) Upon the date of: June 2nd, 2004, the plaintiff filed a grievance dated: June 2nd, 2004, regarding c/o Christian Paul refusing to forward out a correspondence of the plaintiff, due to c/o Lex McBurney opposing the plaintiff arguing with his relatives (grandmother-Ms.Carmen Crespo) about the deplorable conditions @ the facility & abuse @ the hands of prison guards/officals which the plaintiff was being subjected to, & where the plaintiff had requested that his relatives attempt to secure the assistance of an attorney to aid the plaintiff in filing a Federal civil Rights Suit involving the abuse which the plaintiff was being subjected to. The plaintiffs grievance of: June 2nd, 2004, was reviewed by Mark McNabb, Carrie Melvin, Michael Melvin, Sherry Benton, & Roger E. Walker, Jr., who all refused to take or even reccomend corrective action, because these officals were already well aware of c/o Lex McBurneys unlawful practices, & were condoning & setting out to conceal such abuses, in order to prevent the plaintiff from proving such abuses, & litigating such matters before a court of law, due to the liabilities involved.

20.) Upon the date of: June 29th, 2004, the plaintiff filed a grievance dated: June 29th, 2004, regarding the plaintiff issuing payment in the amount of: $50.00 to: Paper Wings Publications for twelve (12) magazines, & of the vender (Paper Wings) notifying the plaintiff that such publication were forwarded to the plaintiff well over a month & a ½ ago. Upon the date of: JUly 7th, 2004, the plaintiff received notification from Les Amdor of the publication review comm. that, two (2) of the plaintiffs publications needed to be returned to the vender due to explicit content, & the plaintiff conplied by forwarding out the two (2) specific publications alleged to have contained explicit mater, which should of required Les Amdore to afford the plaintiff the remaining ten (10) publications. when the plaintiff continued to persue the issues in his grievance of: June 29th, 2004, Les Amdor then retaliated against the plaintiff by then confiscating & claiming that the remaining ten (10) publications also contained explicit content, & needed to be forwarded out of the facility. Upon the date of: July 16th, 2004, the plaintiff filed a grievance dated: July 16th, 2004, regarding Les Amdors retalitory actions, & requested that, the ten (10) remaing publications be afforded to the plaintiff. The plaintiffs grievances of: June 29th, 2004, (&) July 16th, 2004, were reviewed by Mark McNabb, Sandra Eaton, Emily Ruskin, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., who all refused to take or even reccomend corrective action, condoned the misconduct/reprisal of Les Amdore, & sought out to downplay & conceal these abuses, in order to prevent the plaintiff from proving such matters before a court of law, due to the liabilities involved.

21.) The plaintiff filed a grievance dated: July 22nd, 2004, regarding the plaintiff attempting to forward out of the facility two (2) correspondences to the: Chicago Tribune News, & U.S.A. Today, outlining the widespread abuse & corruption plaguing the I.D.O.C. The plaintiffs mailings where never forwarded out of the facility, & the plaintiff attempted to mail out such correspondence upon the date in which c/o Lex McBurney was assigned to the cellhouse cage, where the processing of all I/M mailing for delivery, & forwarding out of the facility was conducted. It was crystal clear that, c/o Lex McBurney had distroyed the plaintiffs correspondences, due to the nature of the plaintiffs communication with the news media, & in retribution against the plaintiff, due to the plaintiff being known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C.

22.) Upon the date of: July 22nd, 2004, the plaintiff filed a grievance dated: July 22nd, 2004, regarding the plaintiff attempting to forward correspondences upon the date of: June 24th, 2004, to the Chicago Tribune News, & then upon the date of: July 14th, 2004, to U.S.A. Today News, concerning the widespread abuses of prison guards/officals @ the Pontiac.c.c., & corruption plaguing the I.D.O.C. throughout the state. The plaintiffs correspondences to both the Chicago Tribune & U.S.A. Today never were forwarded out of the institution, & c/o Lex McBurney was assigned to work the cellhouse cage where all I/M mailing was processed for delivery to I/Ms, & forwarding out of the facility, upon the dates in which the plaintiff attempted to forward out his correspondences. c/o Lex McBurney clearly distroyed the plaintiffs correspondence, due to the nature of the plaintiffs correspondences, the plaintiff being known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C. Upon the date of: July 16th, 2004, the plaintiff forwarded directly to warden Stephen Mote a copy of the plaintiffs correspondence to the media, togeather with envelope, & money voucher, & the plaintiff explained to Stephen Mote that, c/o Lex McBurney was distroying & refusing to allow the plaintiffs correspondences to the media out of the facility, so the plaintiff was submitting his correspondence to Stephen Mote, in order to insure that the plaintiffs correspondence would finally be forwarded out of the facility.

23.) Stephen Mote refused to forward the plaintiffs correspondence out to the media, & it was not until over a month & a ½ later that Stephen Mote finally allowed the plaintiffs correspondence out of the facility to be mailed to the Chicago Tribune News, (only after) the plaintiff filed a grievance dated: July 22nd, 2004, regarding all of the above listed transpirings. The plaintiffs grievance of: July 22nd, 2004, was reviewed by Mark McNabb, Kim Daily, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., who all refused to take or even so much as reccomend corrective action, because these officals were already well aware of the systematic exploytation of the institutional mailing system, the plaintiff reporting staff misconduct, cooperating with law enforcement to criminally indict various prison guards, communicating with relatives, public officals, & the media regarding the abuses of prison guards/officals, & of the plaintiff persuing litigation against the employees of the I.D.O.C.

24.) The plaintiff clearly stipulated throughout the grievances which he filed to all of the above defendants reviewing the grievance procedure that, the plaintiff was being subjected to such abuses/reprisal, due to the plaintiff reporting staff misconduct through the grievance procedure, speaking out against such prison guard/offical abuse to his relatives, public officals, news organizations, & law enforcement, as well as persuing litigation involving such abuses within a court of law. The defendants in supervisory authority had full knowledge of the systematic brakedown & exploytation of the institutional mailing system, personal property, & the law library. The abuses of prison guards who retaliated against I/Ms for reporting staff misconduct were ruteinly allowed, downplayed, & concealed, & the grievances of I/Ms were often witheld, distroyed, or left unresponded to, in order to prevent the documentation or appearance of abuse by prison employees.

25.) The plaintiff intended on submitting every grievance which was filed regarding these matters to the court for review, however, the defendants have already submitted such grievances as exhibits togeather with their (defendants) request for summary judgement. The plaintiff does not wish to reiterate facts/ exhibits that are already before the court, & duplicate the court record, for these reasons the plaintiff has not submitted such grievances considering that they are already before the court. The plaintiff would like to emphasize to the court that, the grievances which the plaintiff filed regarding these matters, which were submitted by the defendant togeather with their (defendants) request for summary judgement, certainly do not favor the defendants positions in this case (grievances/exhibits), & such grievances/exhibits only further support the plaintiffs accounts before this forum of law. . .

Wherefore, The plaintiff prays that this Honorable Court grant the plaintiffs (response) (&) (supplemental response) to the defendants request for summary judgement, & deny the defendant requesting seeking summary judgement.

/s/ [signature],

Mr.Fabian Santiago. #B-79716

PO Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, I am the plaintiff in the cause of: Fabian Santiago Vs. Roger E. Walker, Jr. et.al; - Civil No. 04-1429, & that, I have personally authored & submitted a response (&) supplemental response in oppositon of the defendants request for summary judgement in this action, & that, the accounts/statements contained within my response (&) supplement response are factual & accurate.

Pursuant to 28 USC 1746, 18 USC 1621, I declare, under **PENALTY OF PERJURY** that, I have read & thoroughly reviewed the above listed documentation, & that, the information contained therein is both true & correct to the best of my knowledge & recollection.

/s/ ____________,

Mr.Fabian Santiago. #B-79716

PO Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, upon the date of: August 10th, 2003, I submitted through the institutional mail a nine (9) page emergency grievance dated: July 30th, 2003, to the law library staff @ the Pontiac.c.c., which consisted of: Paula Rich, Sharon Eden, & Mark G. Spencer. Due to my requesting three (3) additional copies of my grievance dated: July 30th, 2003, & demanding that the law library staff either provide me with such additional copies, so I might communicate the abuses I was being subjected to, to the U.S. Attorneys Office, Randolph County Prosecutors Office, & Attorneys Generals Office, or provide me with a mandamus form, so I might seek a court order directing Paula Rich, Sharon Eden, & Mark G. Spencer to afford me with such copies, Paula Rich, Sharon Eden, & Mark G. Spencer distroyed my grievance dated: July 30th, 2003, & then claimed to have forwarded/ returned such documentation to me.

I filed an emergency grievance dated: August 13th, 2003, directly to Stephen Mote bringing the distruction of my grievance dated: July 30th, 2003, to his (Motes) attention. I never received a response to my grievance dated: August 13th, 2003, from Stephen Mote, & it was clear that Stephen Mote had distroyed my grievance, in order to prevent me from further persuing the abuses I was being subjected to & contained within my grievance(s) dated: July 30th, 2003, (&) August 13th, 2003.

I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct to the best of my knowledge & recollection.

/s/ [signature],

Mr.Fabian Santiago. #B-79716

PO Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, upon the date of: September 11th, 2003, I attempted to forward out of the Pontiac.c.c., through the institutional mail, a Petition Requesting Mandamus Relief. I attempted to forward my Petition of Mandamus to: Ms.Carmen Crespo, so she (Crespo) might submit my petition to the Levinston County Court & pay the filing FEE. My Petition Requesting Mandamus Relief was never forwarded out of the institution due to c/o Lex McBurney intercepting & distroying my Petition Requesting Mandamus Relief.

I filed a grievance dated: October 21st, 2003, regarding the interception & distruction of my Petition of Mandamus, where Wesley Wiles, Stewart Penoyer, Stephen Mote, Shery Benton, & Roger E. Walker, Jr., all refused to take corrective action, in order to conceal these abuses, & which lead to even further & numerous instances of my mailings, grievances, legal documents, etc., being intercepted, left unresponded to, or distroyed.

I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct to the best of my knowledge & recollection.

/s/ [signature],

Mr.Fabian Santiago. #B-79716

Po Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, I filed an emergency grievance dated: September 21st, 2003, directly to Stephen Mote, regarding, but not being limted to: my Petition Requesting Mandamus Relief, being intercepted/distroyed & prevented from being forwarded out of the facility. I stipulated within my grievance of: September 21st, 2003, that, I was re-writting & submitting a second Petition of Mandamus, & that, Stephen Mote needed to insure that my second Petition Requesting Mandamus Relief was forwarded out of the facility. Upon the date of: September 24th, 2003, I attempted to forward out of the institution my second Petition of Mandamus, which was to be submitted to the Levingston County Court. My second Petition of Mandamus was never forwarded out of the facility due to c/o Lex McBurney intercepting & distroying my Petition Requesting Mandamus Relief. Upon the date of: September 28th, 2003, I attempted to forward out of the institution a certified mail correspondences to the Levingston County Prosecutors Office outlining all forms of abuse/reprisal which I was being subjected to @ the Pontiac.c.c.

My correspondence to the Levingston County Prosecutors Office was never forwarded out of the facility due to c/o Lex McBurney intercepting & distroying my correspondence. I filed an emergency grievance dated: October 1st, 2003, directly to the grievance officer stipulating that, my first & second Petitions Requesting Mandamus Relief were never forwarded out of the facility, including packages which I was attempting to forward to the U.S. Supreme Court, Attorney Generals Office, & correspondences to the Levingston County Prosecutors Office, etc.

I never received any response to my grievance dated: October 1st, 2003. I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct to the best of my knowledge & recollection.

/s/ [signature],

Mr.Fabian Santiago. #B-79716

Po Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, I filed a grievance dated: October 3rd, 2003, which was submitted to Wesley Wiles, & was in regards to my first & second Petitions Requesting Mandamus Relief, packages to the U.S. Supreme Court, Attorney Generals Office, correspondence to the Levingston County Prosecutors Office, etc., being sanctioned for interception & distruction by Stephen Mote. I never received a response to my grievance dated: October 3rd, 2003, from Wesley Wiles. I filed an emergency grievance dated: October 9th, 2003, directly to Stephen Mote, which was in regards to never receiving a response to my emergency grievance dated: September 2nd, 2003, involving c/o Smithson carrying out assaults/ reprisal against me, I also stipulated within my grievance of: October 9th, 2003, that, my first & second Petitions Requesting Mandamus Relief, packages to the U.S. Supreme Court, Attorney Generals Office, & correspondence to the Levingston County Prosecutors Office were being intercepted, distroyed & prevented from being forwarded out of the institution. I also personally spoke with, & brought all of the above listed dilemmas to the attention of Delector Kennedy & Wesley Wiles, yet no corrective action was ever taken, which resulted in further & numerous instances of my mailings being intercepted, witheld for unreasonable periodes of time, or distroyed. I also never received a response to my grievance of: October 9th, 2003. I filed a grievance dated: October 10th, 2003, regarding Wesley Wiles never responding to my grievance of: October 3rd, 2003,

& stipulated within my grievance of: October 10th, 2003, that, my first & second Petitions Requesting Mandamus Relief, packages to the U.S. Supreme Court, Attorney Generals Office, & correspondenc to the Levingston County Prosecutors Office never being forwarded out of the institution. Emily Ruskin, Patrick Hastings, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., all reviewed my grievance dated: October 10th, 2003, & refused to take corrective, in order to conceal such abuses being carried out against me, which lead to even further & numerous instances of my mailings being intercepted, witheld for unreasonable periodes of time, or distroyed. I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct to the best of my knowledge & recollection.

/s/ [signature],

Mr.Fabian Santiago. #B-79716
Po Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, I filed a grievance dated: December 29th, 2003, regarding a package from the U.S. Supreme Court which was opened outside my presence, of a package & a $50.00 money order being afforded to me over a month beyond the post mark date due to Marge Habb refusing to process/ deliver the mailings of I/Ms within a reasonable periode of time, & of Wesley Wiles impeding my efforts to exhaust my administrative remeadies. Jennifer Melvin sat in review of my grievance dated: December 29th, 2003, & indicated that my grievance of: October 3rd, 2003, was responded to, however, I never received such a response. Wesley Wiles, Jennifer Melvin, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., sat in review of my grievance of: December 29th, 2003, & refused to take any corrective action. I filed an emergency grievance dated: January 30th, 2004, directly to Stephen Mote, regarding Correy Wilson of internal affairs being directly involved or having knowledge of my mailings being intercepted, witheld, or distroyed, yet sanctioning or allowing such action due to my cooperation with law enforcement to criminally indict various prison guards,

& of my publications from Edward R. Hamilton Bookseller being witheld for over a months periode of time due to Marge Habb, Les Amdor, & Timothy Potts refusing to process & deliver the mailing/property of I/Ms within a reasonable periode of time. I also forwarded a correspondence to Correy Wilson outlining all forms of instances of my mailings, legal documents, etc., being intercepted, witheld, or distroyed, yet none of the above listed offical ever took any corrective action, & stephen Mote never even bothered to responde to my grievance dated: January 30th, 2004, in order to conceal such abuses which were being carried out against me, which lead to even further & numerous instances of my mailings being intercepted witheld for unreasonable periodes of time, or distroyed. I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct to the best of my knowledge & recollection.

/s/ [signature],

Mr.Fabian Santiago. #B-79716

Po Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, I filed an emergency grievance dated: March 3rd, 2004, directly to Stephen Mote, regarding c/o Lex McBurney intercepting & distroying four (4) correspondence which I had attempted to forward to Ms. Carmen Crespo, requesting a search for an attorney who might be able to assist me with the filing of a Federal Civil Rights Suit invovling the abuses/reprisal I was being subjected to @ the Pontiac.c.c. I then forwarded several correspondences to Stephen Mote demanding the c/o Lex McBurney be prevented from any further acts of intercepting & distroying my mailings, & requested a response to my grievance of: March 3rd, 2004. When Michael Melvin learned of my demands to Stephen Mote, c/o Doss was ordered to completely strip my cell of all property for three (3) days, & I never even received a response to my grievance dated: March 3rd, 2004, from Stephen Mote, in order to conceal such abuses which were being carried out against me.

I filed a grievance dated: March 15th, 2004, regarding five (5) correspondences to: Ms.Carmen Crespo, one (1) correspondence to the University Research Center never being forwarded out of the institution, & of my grievances dated: October 9th, 2003 - January 30th, 2004 - & March 3rd, 2004 never being addressed, etc. Mark McNabb, Katina Levingston, Stephen Mote all reviewed my grievance of: March 15th, 2004, & refused to take any corrective action, & Sherry Benton refused to even review my grievance of: March 15th, 2004, claiming that I could not griev an issue effecting the overall prison population. All of the above listed offícals sought out to conceal & downplay the abuses I was being subjected to, which lead to even further & numerous instances of my mailings being intercepted, witheld for unreasonable periodes of time, or distroyed. I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/ statements, & that, the information contained herein is both true & correct.

/s/ [signature],

Mr.Fabian Santiago. #B-79716
PO Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, upon the date Of: May 5th, 2004, I attempted to forward out of the Pontiac.c.c. a correspondence to: Ms.Carmen Cre-spo, however, this correspondence was never forwarded out of the facility due to c/o Lex McBurney intercepting & distroying my correspondence. Upon the date of: May 7th, 2004, I would receive a trust fund audit of my account indicat-ing that, $550.00 had been accreadited to my account upon the date of: April 13th, 2004. I would later learn that, Ms.Carmen Crespo inclosed various pub-lication, & a correspondence togeather/inclosed with the $550.00, however, I was never afforded my publications or the correspondence due to Marge Haab, & Les Amdore distroying my magazines & correspondence out of retribution tordes me for reporting staff misconduct & persuing litigation against the employeees of the I.D.O.C. I filed a grievance dated: May 7th, 2004, regarding all of the above listed transpirings, & Mark McNabb, Nancy Osman, Correy Wilson, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., either presided over my grievance of: May 7th, 2004, or had full knowledge of such abuses which I was being sub-jected to & refused to take corrective action

Upon the date of: June 2nd, 2004, I attempted to forward out a correspondence to: Ms.Carmen Crespo, however, c/o Christian Paul refused to forward out my correspondence due to c/o Lex McBurney opposing my arguing with my relatives of the abuses/reprisal I was being subjected to @ the Pontiac.c.c., & where I had requested that my relatives attempt to secure the assist of counsel to aid me in the filing of a Federal Civil Rights Suit concerning the abuses I was being subjected to. I filed a grievance regarding my correspondence being returned back to me by c/o Christian Paul, which was dated: June 2nd, 2004, & Mark McNabb, Carrie Melvin, Michael Melvin, Sherry Benton, & Roger E. Walker, Jr., all refused to take corrective action, in order to conceal such abuses & due to being known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C. I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the in formation contained herein is both true & correct.

/s/ [signature],

Mr.Fabian Santiago. #B_79716

Po Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, I filed a grievance dated: June 29th, 2004, regarding issuing payment to: Paper Wing Publications, in the amount of: $50.00 for twelve (12) adult magazines, & not receiving such publications for well over a month & a ½. I received notification from: Les Amdor that two (2) of my publication contained explicit contend & needed to be forwarded out of the institution, I complied by forwarding such publication back to the vender, however, when I continued to persue the issues in my grievance dated: June 29th, 2004, Les Amdor then proceeded to retaliate against me by confiscating the remaining ten (10) publications under the guise that the remainder of such publications also needed to be forwarded out of the facility. I then filed a grievance dated: July 16th, 2004, regarding Les Amdor reprisal & confiscation of the ten (10) remaining publications.

My grievance(s) of: June 29th, 2004, (&) July 16th, 2004, were reviewed by Mark McNabb, Sandra Eaton, Emily Ruskin, Stephen Mote, Sherry Benton, & Roger E. Walkr, Jr., who all refused to take corrective action, & sought out to conceal these abuses, because I was known to have been reporting staff misconduct, & persuing litigations against the employees of the I.D.O.C. The refusal to take any corrective action by all of the above listed officals also resulted in further & numerous instances of my mailings being intercepted, witheld for unreasonable periodes of time, or distroyed.

I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct.

/s/ [signature],

Mr.Fabian Santiago. #B-79716

Po Box 112 Joliet, Il 60434

**AFFIDAVIT/DECLARATION**

I, Mr.Fabian Santiago, Hereby declare that, upon the date of: June 24th, 2004, I attempted to forward out of the Pontiac.c.c. a correspondence to the Chicago Tribune News outlining the abuses I was being subjected to @ the Pontiac.c.c., & the wide spread corruption plaguing the I.D.O.C. however, my correspondence to the Chicago Tribune was never forwarded out of the facility due to c/o Lex McBurney intercepting & distroying my correspondence. I then re-wrote & attempted to forward out of the facility a similar correspondence regarding the abuse I was being subjected to, & the wide spread corruption plaguing the I.D.O.C. to U.S.A. Today, upon the date of: July 14th, 2004, however, my second correspondence to the media never was forwarded out of the facility & was clearly intercepted & distroyed by c/o Lex McBurney due to the nature of my correspondence, being known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C.

Upon the date of: July 16th, 2004, I then forwarded a copy of my correspondence to the media to Stephen Mote, togeather with an envelope, money voucher, & note explaining to Stephen Mote that, I was requesting that my correspondence to be forwarded out of the facility to the Chicago Tribune News due to my correspondences to the media being intercepted, distroyed & prevented from being forwarded out of the institution. Stephen Mote refused to forward my correspondence out of the facility for well over a month, until I filed a grievance dated: July 22nd, 2004, regarding the interception & distruction of my correspondence to the media. My grievance dated: July 22nd, 2004, was reviewed by Mark McNabb, Kim Daily, Stephen Mote, Sherry Benton, & Roger E. Walker, Jr., who all refused to take corrective action, sought out to conceal such abuses, because I was known to have been reporting staff misconduct, & persuing litigation against the employees of the I.D.O.C. I hereby declare, pursuant to 28 USC 1746, 18 USC 1621, & under penalty of perjury that, I have read the above accounts/statements, & that, the information contained herein is both true & correct.

/s/ [signature],

Mr.Fabian Santiago. #B-79716
Po Box 112 Joliet, Il 60434



Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Pontiac Correctional Center / 700 West Lincoln Street, P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-084

MEMORANDUM

TO: SANTIAGO

FROM: Mark G. Spencer
Executive I

Subject: Grievance copy request

Your request for more than one copy of the enclosed grievance(s) has been denied.

One copy has previously been made for your records.

MGS/mgs

cc: Workorder

# INFORMATION NOT PROVIDED

**DATE:** 8-13-03

**TO:** Santiago **ID#** B79716 **Location:** N108

**FROM: LIBRARY**

***The information you requested was not sent to you for the following reason(s):***

Not available; not allowable; more information needed; unreadable request:

On 8-13-03 the library received 9 pages. The 9 pages were copied one time and returned to you on 8-13-03.

***The caselaw listed below was not sent to you for the following reason(s):***

Not available; not allowable; more information needed; incorrect citation; unreadable request;

U.S. Marshall forms the Clerk will send them to you.



Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

MEMORANDUM

DATE: 8-16-04

TO: Santiago

FROM: Mark G. Spencer MGS
Library Supervisor

SUBJECT: Grievance copy request

Your request for more than one copy of the enclosed grievance(s) has been denied.

One copy has been made for your records.

MGS/kjd

cc: workorder
file




**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

**1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844**

September 4, 2003

Mr. Fabian Santiago
Register No. B79716
Pontiac Correctional Center

Dear Mr. Santiago:

Your recent correspondence initially addressed to the U. S. Attorney regarding excessive force at Menard Correctional Center and the Pontiac Correctional Center has been referred to this Department for review and handling.

This office is referring your correspondence to Chief Mary Hodge, Investigations & Intelligence, for her further review and handling as deemed appropriate.

Additionally, you may wish to pursue your concerns through the inmate grievance process in accordance with established Department Rules and procedures.

Sincerely,

Nancy S. Tucker, Manager
Office of Inmate Issues
Administrative Review Board

Cc: Warden Stephen Mote, Pontiac Correctional Center
Warden Eugene McAdory, Menard Correctional Center
Chief Mary Hodge, Investigations & Intelligence
General Office File
Chron. File

ILLINOIS DEPARTMENT OF CORRECTIONS
**INFORMATION NOT PROVIDED**
Pontiac Correctional Center

DATE: 9-8-03

TO: Santiago ID# B79716 LOCATION: North 8 of

FROM: LIBRARY

*The information you requested was not sent to you for the following reason(s):*

Not available; not allowable; more information needed; unreadable request:

Your request for law clerk assistance is denied.

*The caselaw listed below was not sent to you for the following reason(s):*

Not available; not allowable; more information needed; incorrect citation; unreadable request:

8-12-03

Library records indicate that no grievances were received from you on July 30, 31 and Aug. 1, 2003.

Court deadline

PACKAGES SENT OUT ON 9/24/03

1. U.S. SUPREME COURT
2. ATTORNEY GENERAL
3. LEVINGSTON COUNTY COURT

DID NOT RECEIVE MONEY VOUCHER RECEIPTS (NO VARIFICATION FOR PACKAGES BEING SENT OUT)

SANTIAGO
B 79716

THEY DIDN'T MAKE IT TO THE MAIL ROOM YET
10/1/03
[signature]

(Replaces DC 5657)

Printed on Recycled Paper

RECEIVED
SEP 30 2003
OFFICE OF
INMATE ISSUES

To: Mr. Walker

9/27/03

I contacted your office several weeks ago concerning various assaults and acts of retaliation against me by prison guards at the Pontiac C.C.
On 9/3/03 I filed a petition to be filed with the Lenvingston County Court, requesting a restaining order against prison employees. "My petition never made it out of this facility."
I have filed numerouse emergency grievances directly to Warden Motes office bringing these matters to his attention, yet no action has been taken to correct these problems.
I currently have "3" pending litigations before the courts. And at this very moment, "I am under a court mandated deadline."
But the Warden continues to allow or sanction Trust Fund officals to impead or prevent my legal documents from being filed with the Court. Considering that I have a court deadline and a well established right to have access to the courts, which is blatantly being violated by prison officals.
I am requesting that your office immediately look into this matter.
Thank you,

Fabian Santiago
#B-79116
P.O Box 99
Pontiac, IL 61764

To: Mr Wiles

10/5/2003

I forwarded to you a grievance dated 10/3/03 concerning my legal mailings being prevented from leaving this facility

I am requesting a responce to that grievance and would like to know if you've submitted me to purchase those clothing items on special shop.

FABIAN SANTIAGO
# B-79716
N-808

I HAVE RETURNED THAT GRIEVANCE TO YOU, ALONE WITH IT WAS A COPY OF ALL YOUR LEGAL MAIL INCOMING AND OUTGOING CORRESPONDENCE

NEVER RECEIVED

Exhibite (A)

Counselor Wiles claims he responded and forwarded my grievance back to me, yet Grievance Officer Ms Melvin claims Counselor Wiles responded and forwarded my grievance to the grievance officer's office, yet I never received a response to my grievance by the counselor or grievance officer.

# INFORMATION NOT PROVIDED

DATE: 12-30-03

TO: Santiago ID# Location:

FROM: LIBRARY

***The information you requested was not sent to you for the following reason(s):***

Not available; not allowable; more information needed; unreadable request:

The library has no record of a 5 page grievance received.

You will need to write to the Clerk to find out what the filing fee is.

***The caselaw listed below was not sent to you for the following reason(s):***

Not available; not allowable; more information needed; incorrect citation; unreadable request;

**U.S. Department of Justice**

Civil Rights Division

ANM:KD:jb:lfb
DJ 144-25-849

*Criminal Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

JAN 1 5 2004

Mr. Fabian Santiago, #B-79716
P.O. Box 99, N-808
Pontiac, Illinois 61764

Dear Mr. Santiago:

This is in response to your correspondence, dated October 13, 2003, in which you allege that you were assaulted by Officer Mitchell and Sergeant Childers while incarcerated at the Menard Correctional Facility.

The Federal Bureau of Investigation has been requested to conduct a preliminary investigation into this matter. You can be assured that if the evidence shows that there is a prosecutable violation of federal criminal civil rights statutes, appropriate action will be taken.

Thank you for bringing this matter to our attention.

Sincerely,

Albert N. Moskowitz
Section Chief
Criminal Section
Civil Rights Division

By:

Karla Dobinski
Deputy Chief
Criminal Section

TO: MAIL ROOM STAFF

FEB. 2, 2004

EDWARD R. HAMILTON BOOK SELLER SENT ME NOTIFICATION THAT THEY SENT ME (3) BOOKS TO THIS FACILITY (THREE WEEKS AGO) WHY IS IT TAKING YOU PEOPLE SO LONG TO SEND ME MY BOOKS? THESE MATERIALS DO NOT CONSIST OF PORNOGRAPH SO THERES NO EXCUSE FOR YOU'SE TO BE HOLDING THEM FOR SO LONG.

FABIAN SANTIAGO
#B-79716

We are behind do to Staff Shortage

N-736

EXHIBITE (J)

1/30/04

[illegible]

To Head of Internal Affairs 5/13/2004

Re: distruction of Mail Being held incommunicado from Relatives

I sent out for an audit of my Trust Fund Account and noticed that on 4/13/2004 five hundred and fifty dollars had been accredited to my account by Mrs. Carmen Crespo. I never received any letter or package from my relatives notifying me that they had sent me the 550.00 I've also written to Mail room staff and they claim not to possess such a Mailing.

On 5/5/2004 and on 5/6/2004 I sent out two (2) letters to Mrs. Crespo with Money vouchers attached for postage, yet none of these letters made it outside of this facility.

On 5/12/2004 I sent out yet another letter to Mrs. Crespo (in the same manner) but I have yet to receive any notification of this correspondence leaving the institution.

I have been (attempting) to communicate with my relatives to retain the services of an Attorney to seek Civil Action against Warden Mote and various other staff members, so this may very well be a major factor as to why my mail is being distroyed and the prevention of my communication with my relatives.

In the Ten (10) months I have been at the Pontiac C.C. I have had dozens of letters, packages, etc. distroyed or lossed which never made it to my relatives or the Courts, etc. and dispite the numerous grievances I have filed regarding these matters, no action has been taken to place an end to these abuses. This is a controlled environment (facility) so it would not prove to be an impossible task to prevent such incidents from continuing.

Within the last (60) days alone I have had over a half dozen correspondences distroyed or lossed which I attempted to forward to Mrs. Crespo.

Within the last (60) days the majority of these mailings were handed to C/O Paul of C/O Andrews who usually work the gallery on the second shift and I seriously doubt these two (2) staff members are destroying my mail.
The only other employees who have any contact with my mail is C/O McBurney who works the cage in the cellhouse most of time and mail room staff so it would seem more than likely that mail room staff of C/O McBurney have been engaging in the destruction of my mailings.
Warden Mote and internal affairs need to stop concealing such abuses because they are bound to be exposed.

Fabian Santiago
#B-79716
N-736

C.C.

TO: MAIL ROOM 10/6/04

I HAVE NOT RECEIVED ON SINGLE CHICAGO TRIBUNE NEWS PAPER FOR THIS ENTIRE WEEK I HAVE A SUBSCRIPTION TO THIS NEWS PAPER WHICH IS SAPOSE TO BE DELIVERED TO ME DAILEY BUT YOU PEOPLE HAVE BEEN WITHOLDING MY TRIBUNES

I AM REQUESTING THAT YOU SEND ME MY PAPERS

FABIAN SANTIAGO

B-79714

N-749

**STATE OF ILLINOIS )**
**)SS**
**COUNTY OF** LEVIGSTON)

**AFFIDAVIT**

**I** Peter Ramos N-33336 **being first duly sworn under oath, depose and state that the following information within this affidavit is true and correct in substance and in facts:**

That Since I have been in the custody of the Pontiac C.C. about (3½ months) the majority of all my mailings have been delivered to me. at an Average of (1) to (1½) months After The Post-mark Date on all letters, packages, etc. the institutional mailing system at the Pontiac C.C. is Plagued with the mishanding, distruction loss or unreasonable delays of Inmates Mailing many Relatives and love ones of Inmates have called to inquiry About such abuse yet prison officals Continue to deny or downplay the saverity of such Abuses

I Peter Ramos declair under Penalty of perjury that the Accounts given to Herein are true and correct in substance and Fact

Peter Ramos N-33336
**Affiant Signature**
P.O Box 99
Pontiac ILL 61764.

**SUBSCRIBED AND SWORN TO BEFORE ME**
**THIS______DAY OF____________20___.**

**Notary Public**

**STATE OF ILLINOIS )**
**)SS**
**COUNTY OF** Livingston **)**

## AFFIDAVIT

**I** James L. Howard **, being first duly sworn under oath, depose and state that the following information within this affidavit is true and correct in substance and in facts:**

That since I have been in the custody of the Pontiac C.C. I have experienced serious difficulty with the handling of my mailings. Many of the letters which I have forwarded to my relatives have taken 3 to 4 weeks for my relatives to receive and any of the mailings which my relatives or friends have forwarded to me have ~~my~~ taken an average of one month for me to receive, causing a (2) month delay in my communication to anyone outside of this facility.

Since I have been at the Pontiac C.C. I have personally talked to literally dozens of inmates at this facility who have experienced similar problems with the mailing and prison officials have been fully aware of this systematic problem yet have refused to take the necessary action to correct these ongoing incidents which have been written to counselors, grievance officers and the wardens office

[signature]
**Affiant Signature**

**SUBSCRIBED AND SWORN TO BEFORE ME THIS______DAY OF______________20___.**

10/29/2009

James L. Howard-Blosser

P.O. Box-99, Pontiac Ill.
61764

**STATE OF ILLINOIS )**
**)SS**
**COUNTY OF )**

# AFFIDAVIT

**I** James Hill (D.O.C# K02647) **being first duly sworn under oath, depose and state that the following information within this affidavit is true and correct in substance and in facts:**

Internal affairs and the mailroom are sabotaging my mail. I have sent, and had sent to me, personal and legal mail that has not been sent to addressed parties and has not been received by me. I have filed many grievances - But my grievances always "disappear", even though I personally hand-to-hand give them to counselors. These grievances have merit that would be evident to the A.R.B., and I feel there is a conspiracy to sabotage and discard these grievances so I do not receive relief for my issues and the injustices occurring at this institution. Many times I receive envelopes from family members and friends that are empty - And the mailroom writes on the exterior of the envelope "no letter enclosed when opened in the mailroom". I have these envelopes as proof. My family and friends claim, without a doubt, that they are certain they enclosed letters they have written within these envelopes. I have never had this occur in all the eight years I have been incarcerated before being transferred to Pontiac C.C. Now it has become a frequent occurance here. Progressively frequent. I had a lawsuit dismissed because I did not receive my legal mail - to this day still I have not received it - and knew not when to forward my legal work to the courts in response to this mail they sent to me that I did not receive. I have filed grievances on this, too - Four of them, but I fear they have been sabotaged, intercepted, and thrown in the garbage, for it has been several months and I have not received a response to them.

James Hill #K02647
**Affiant Signature**

**SUBSCRIBED AND SWORN TO BEFORE ME**
**THIS______DAY OF** 10/26/ **20** 03.

____________________________

ounty of Livingston

# Affidavit or Declaration

I, Gregory Koger, affiant being first duly sworn upon oath state that he following information is true and correct to the best of my knowledge:

1. I am an inmate incarcerated at Pontiac Correctional Center and have been here since September 14, 2000.

2. During my time at Pontiac, the mail room has continually delayed in delivering me my mail, sometimes holding my mail for two, three, even four weeks before giving it to me.

3. This has caused a serious miscommunication between me and my relatives and may very well cause me to miss court mandated dead lines in my litigations.

4. My relatives have contacted this facility on various occasions regarding my mail and prison officials have continually mislead and lied to my relatives claiming that there is only a one week backup delay when infact I received my mail up to a month late from the post mark date.

5. Prison officials have been well aware of the systematic break down of the institutional mailing system and have done every thing to conceal these abuses instead of correcting it.

I, Gregory Koger, declare under penalty of perjury that the foregoing Statements given account to in this affidavit are correct and true in substance and fact.

Gregory Koger

Signed on March 20, 2004

# Affidavit

I, SAMUEL J. Robinson hereby declar under penalty of perjury that since I have been in the custody of the Pontiac C.C. prison officals have conducted numerous cell searches simply to harass and confiscate the ~~snacks~~ snacks items, condaments, Ext. of inmats as a means of ponishment and because the State of IL. is facing it's worst fiscal crisist in history, prison offecals at the Pontiac C.C. have been cortailing the meal portions of inmates and then having prison guards conduct shake downs simply to confiscate snacks which inmates try to save for a night meal, to kill hunger pains. I myself have lost a great deal of weight, and that is further supported by the fact that my underware no longer fit sung but are lose on me. The over all conditions at this facility are unbarable, inmates are left to brood in there cells 24 hours a day with the exception of two (2) yard periods once a week, in small cage like cell's. Inmates often engage in the Flinging of Feces and guards are constantly harassing, provoking inmates into physical confrontions and having inmates brought up on completely false Discipinary charges. The Showing area is often left in filth, standing water, walls covered in film and scum and the stench ~~are left to suffer~~ of urine. Because of the Malnorishment inmates are left to suffer weight loss, hunger pains, migran headaches and unneccessary pain and suffering. These practices serve no penological interest other then that to

Affidavit

subject inmates to cruel and unusual punishment. Officals at Pontiac C.C. and I.D.O.C. have gone out of their way to Conseal ~~stuch~~ such egregious abuses because of the liabilities involved.

I, SAMUEL J. Robinson have given these accounts in good faith which are true and correcte in substance and fact

Executed on 10/8/04

Respectfully Submited

/S/ Samuel J. Robinson

ID# B-69079

SAMUEL J. ROBINSON
B-69079
P.O. Box 99
Pontiac, IL. 61764

IN THE
U.S. Dist. Court for the
Central Dist. of Illinois

Fabian Santiago
Plaintiff,

v.

Roger E. Walker, Jr. et.al;
Defendant

) Case No. 04-1429

**PROOF/CERTIFICATE OF SERVICE**

TO: Court Clerks Office
309 Federal Building
100 N.E. Monroe
Peoria, Illinois 61602

TO: Mr.Jason P. Young
500 South. Second st.
Springfield, Il 62706

PLEASE TAKE NOTICE that on December 10th, 2007, I have placed the documents listed below in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

Plaintiffs supplemental response, to the defendants request for summary judgement, affidavits, & exhibits.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 12/ 10 /07

/s/ [signature]
NAME: Fabian Santiago
IDOC#: B-79716
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Revised Jan 2002