UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FABIAN SANTIAGO,
   Plaintiff,

vs.                                        No. 04-1429

ROGER WALKER, et. al.,
   Defendants.

## CASE MANAGEMENT ORDER

      This cause is before the court for consideration of the Plaintiff's motion for relief from judgement. [d/e 139]. The Plaintiff made his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

      The Plaintiff says the court should not have granted summary judgment in this case because the court should have been represented by counsel as directed by the Seventh Circuit Court of Appeals in *Santiago v. Walls*, 599 F.3d 749 (7th Cir.2010). In *Santiago*, the Seventh Circuit found that a district court had abused its discretion by not recruiting counsel during discovery. The Plaintiff says the failure to appoint counsel in this case prevented him from obtaining important discovery and allowed the Defendants to thwart his efforts to participate in the discovery process.

      Although the Plaintiff is the same in each case, the two *Santiago* cases are very different. In *Santiago v. Walls*, the Plaintiff had seven constitutional claims against eight different Defendants. Many of his claims involved complex medical records and a showing that the Defendants were deliberately indifferent. The Plaintiff had been transferred to another facility, which made it difficult to investigate the facts underlying his claims. *Id.* at 762-63. In addition, the Plaintiff did not know the name of some Defendants. The Seventh Circuit made it clear that *Santiago v. Walls* presented "an unusual confluence of circumstances."*Id.* at 765. "The situation here is qualitatively different from typical prison litigation." *Id.* at 765.

      In the case before the court, the Plaintiff's claims did not involve complex medical records or a showing of deliberate indifference. The Plaintiff claimed the defendants violated his constitutional rights when they retaliated against him, denied him meaningful access to the

courts and tampered with his outgoing mail. The Plaintiff actively and aggressively participated in the discovery process including filing motions to compel. *See* June 25, 2007 Court Order; *see also* November 30, 2007 Court Order. The Plaintiff now claims he was somehow prevented from obtaining "eyewitness accounts, incident reports of the altercation in which the Plaintiff was subjected to, internal affairs report and internal memos outlining the systematic breakdown and exploitation of the institutional mailing system..." (Plain. Memo, p. 2) Many of these documents clearly have nothing to do with the claims in this case. In addition, the Plaintiff did request memos concerning the mail system and the Defendants responded that no such documents existed. The court explained that it could not force the Defendants to turn over documents they claim not to have and the Plaintiff never presented any evidence to rebut the Defendants' claim. June 25, 2007 Court Order, p. 2.

The Plaintiff also admitted in a motion for appointment of counsel that he had "some knowledge and experience with the litigation process and the filing of pleadings," but he was not familiar with the jury trial process. (Plain Mot, d/e 103, p. 2). Finally, the court notes the appointment of counsel would not have made a difference in the outcome of this lawsuit. For instance, the Plaintiff alleged that the Defendants denied him meaningful access to the courts, but admitted that he was not prevented from filing any claims. *See* September 8, 2008 Summary Judgement Motion, p. 4. The Plaintiff's motion is therefore denied.

**IT IS THEREFORE ORDERED that the Plaintiff's motion for relief from judgment is denied. [d/e 139].**

Entered this 23rd day of February, 2011.


**s/Harold A. Baker**
───────────────────────────────
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE